Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549
Telephone:     (925) 283-3842
Facsimile:     (925) 283-3426

David A. Rosenfeld (SBN 058163)
W. Daniel Boone (SBN 046553)
Christian L. Raisner (SBN 133839)
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone:     (510) 337-1001
Facsimile:     (510) 337-1023

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Plaintiffs, JOHN DOE, JOHN ROE, and JOHN ZOE, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>D.M. CAMP & SONS; MARKO ZANINOVICH, INC.; SUNVIEW VINEYARDS OF CALIFORNIA, INC.; GIUMARRA VINEYARDS CORPORATION, a California corporation;<br><br>                    Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>**1. Violation of the Agricultural Workers Protection Act, 29 USC § 1801 et seq.**<br>**2. Failure to Pay Wages**<br>**3. Conversion**<br>**4. Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof**<br>**5. Failure to Pay Wages of Terminated or Resigned Employees**<br>**6. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions**<br>**7. Breach of Contract**<br>**8. Violation of Unfair Competition Law**<br><br>DEMAND FOR JURY TRIAL |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*

2.      This case is subject to original jurisdiction in this court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered section of 28 U.S.C.), because at least one member of the proposed class has a different State or National citizenship from the defendant.  This Court has supplemental jurisdiction over the California State Law and Contract claims under 28 U.S.C. § 1367, since these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

3.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391 because this District is the district in which the defendant resides and a district in which a substantial part of the events or omissions giving rise to the claim occurred.

## INTRADISTRICT ASSIGNMENT

5.      This case is properly assigned to the Fresno Division of this Court because the action arose in Tulare County and Kern County, California.  Local Rule 3-120(d).

## NATURE OF THE CASE

6.      Plaintiffs, on behalf of themselves and all others similarly situated, complain of Defendants, and each of them, and for causes of action allege:

## INTRODUCTION

7.      This is a Class Action pursuant to F.R.C.P. Rule 23 to vindicate rights afforded the class by the Agricultural Worker Protection Act (AWPA), 29 U.S.C. §1801 *et seq.*, and the California Labor Code.  This action is brought on behalf of Plaintiffs and all non-exempt agricultural and packing shed employees employed by, or formerly employed by D.M. CAMP & SONS; MARKO ZANINOVICH, INC.; SUNVIEW VINEYARDS OF CALIFORNIA, INC.; GIUMARRA VINEYARDS CORPORATION, and any subsidiaries or affiliated companies

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1    (hereinafter collectively referred to as "Defendants"), within the State of California.

2        8.      For at least four years prior to the filing of this action and through to the present

3    Defendants consistently maintained and enforced against D.M. CAMP & SONS non-exempt

4    employees, among others, the following unlawful practices and policies, in violation of California

5    state wage and hour laws:

6            a.      forcing employees to work pre-shift and post-shift "off the clock" time

7                    without compensation;

8            b.      forcing employees to work a second shift of home-work without

9                    compensation and without split shift pay, or in the alternative, failing to pay

10                   for travel time and incurred expenses;

11           c.      forcing employees to purchase and/or maintain tools and equipment;

12           d.      failing to pay double minimum wage for employees who provide or are

13                   required to purchase and maintain their own tools.

14           e.      failing to provide non-exempt employees within the State of California,

15                   including Plaintiffs, rest periods of at least (10) minutes per four (4) hours

16                   worked or major fraction thereof and failing to pay such employees one (1)

17                   hour of pay at the employees regular rate of compensation for each workday

18                   that the rest period is not provided, as required by California state wage and

19                   hour laws;

20           f.      requiring non-exempt employees within the State of California, including

21                   Plaintiffs, to work at least five (5) hours without a meal period and failing to

22                   pay such employees one (1) hour of pay at the employees regular rate of

23                   compensation for each workday that the meal period is not provided, as

24                   required by California state wage and hour laws;

25           g.      requiring employees to report to work and if the employee did report for

26                   work, but was not put to work or was furnished with less than half said

27                   employee's usual or scheduled day's work, paid the employee less than half

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

h.   failing to provide employees with accurate itemized wage statements as required by California state laws;

i.   failing to maintain accurate time-keeping records as required by California state laws.

9.   For at least four years prior to the filing of this action and through to the present Defendants consistently maintained and enforced against SUNVIEW non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

a.   forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

b.   forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

c.   forcing employees to purchase and/or maintain tools and equipment;

d.   failing to pay minimum wages;

e.   failing to pay double minimum wage for employees who provide or are required to purchase their own tools.

f.   requiring non-exempt employees within the State of California, including Plaintiffs, to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws;

g.   failing to provide employees with accurate itemized wage statements as required by California state laws;

h.   failing to maintain accurate time-keeping records as required by California state laws.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

10.     For at least four years prior to the filing of this action and through to the present Defendants consistently maintained and enforced against GIUMARRA non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

      a.     forcing all new grape workers to work for free during an initial "trial" period of last several days;

      b.     forcing all new grape workers who continue past the trial period to work at piece rate (pruning and tying) work for between $16-32 for a full day's work for several weeks;

      c.     forcing employees to pay defendant one full weeks wages to obtain placement in certain of defendants' jobs;

      d.     forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

      e.     forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

      f.     forcing employees to purchase tools from the employer;

      g.     failing to pay minimum wages;

      h.     failing to pay double minimum wage for employees who provide or are required to purchase their own tools.

      i.     failing to provide non-exempt employees within the State of California, including Plaintiffs, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

      j.     requiring non-exempt employees within the State of California, including Plaintiffs, to work at least five (5) hours without a meal period and failing to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws;

k.      requiring employees to report to work and if the employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

l.      failing to provide employees with accurate itemized wage statements as required by California state laws;

m.     failing to maintain accurate time-keeping records as required by California state laws.

11.     Plaintiffs, on behalf of themselves and all other non-exempt employees employed by, or formerly employed by Defendants (herein after referred to as "Class Members"), brings this action pursuant to Labor Code sections 201, 202, 203, 216, 218, 218.6, 226, 226.7, 512, 1194, and 1199, seeking unpaid wages, unpaid rest and meal period compensation, penalties, declaratory, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

12.     Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business and Professions Code §§17200-17208, also seeks injunctive relief, declaratory relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to comply with the above laws.

**PARTIES**

*Plaintiffs*

13.     Named Plaintiffs JOHN DOE, JOHN ROE and JOHN ZOE are residents of Kern County, California.  Plaintiffs are or were agricultural workers, within the meaning of 29 U.S.C. §1802(10), and are or were employed, within the meaning of 29 U.S.C. §1802(3), by one or more of the Defendants to work in the defendants' agricultural operations in or near Kern County at various times from 2001 to the present.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 6 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

14.     Named Plaintiffs are pled as "Doe Plaintiffs" in this action in conformance with the Ninth Circuit precedent <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058 (9th Cir. 2000) to preserve their anonymity at this stage of the judicial proceedings.  Doe Plaintiffs are necessary because this anonymity outweighs prejudice to the opposing parties and the public's interest in knowing the party's identity.  In particular, the plaintiffs in question have a reasonable expectation of retaliation because: (1) the severity of the threatened harm includes physical violence and the life or death livelihood of these low wage workers, (2) the perceived threat is reasonable based upon the historical occurrences in cases involving farmworkers exercising their rights, and (3) the plaintiffs are particularly vulnerable due to their socio-economic status.  The defendants do not need to know the identities of the plaintiffs at this stage of the proceedings because any need for these names can be resolved by the district court through use of its powers to manage pretrial proceedings and to issue protective orders limiting disclosure of the party's name to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.  As noted by the Ninth Circuit, "it may never be necessary, however, to disclose the anonymous parties identities to nonparties to the suit."

15.     Plaintiff JOHN DOE is a resident of Kern County, California.  At all relevant times herein, he has been employed by Defendants as an employee on land owned, leased and/or operated by Defendants in and around Kern County, California, and has been employed by Defendant as a non-exempt employee.  Plaintiff JOHN DOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120. During the relevant time period JOHN DOE worked for SUNVIEW VINEYARDS OF CALIFORNIA, INC. within the Interdistrict Venue of the Fresno Courthouse of the Eastern District, performing agricultural from April 2002 to the present, at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

16.     Plaintiff JOHN ROE is a resident of Kern County, California.  At all relevant times herein, he has been employed by Defendants as an employee on land owned, leased and/or operated by Defendants in and around Kern County, California, and has been employed by Defendant as a non-exempt employee.  Plaintiff  JOHN ROE was hired pursuant to oral contracts

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 7 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

of employment entered into within the counties covered by Interdistrict Venue in Fresno division of the Eastern District pursuant to Local Rule 3-120. During the relevant time period JOHN ROE worked for D.M. CAMP & SONS within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work throughout the Class Period up till late 2005 [1997-October 2005], at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

17.     Plaintiff JOHN ZOE is a resident of Kern County, California.  At all relevant times herein, he has been employed by Defendants as an employee on land owned, leased and/or operated by Defendants in and around Kern County, California, and has been employed by Defendant as a non-exempt employee.  Plaintiff  JOHN ZOE was hired pursuant to oral contracts of employment entered into within the counties covered by Interdistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120. During the relevant time period JOHN ZOE worked for GIUMARRA within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work during the Class Period during 2005.  at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

18.     As Defendants' employee, Plaintiffs, and the Class they seek to represent, were regularly subjected to, or had personal knowledge of, the violations described in the Complaint.

### *Defendants*

19.     Defendant D.M. CAMP & SONS ("D.M. CAMP") is engaged in the ownership and/or operation of agricultural fields and/or packing sheds located in and around Kern County, California and is headquartered in that county.  As described on the California Business Portal website, D.M. Camp is located at 31798 Merced Avenue, Bakersfield, CA 93312, and at numerous agricultural locations in the central valley.  As listed on the California Business Portal, the Agent of Service of Process for D.M. Camp, is Donald M. Camp, Sr., at 31898 Merced Avenue, Bakersfield CA 93308.  During all relevant times alleged herein, Defendants employed Plaintiffs and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and throughout Kern County.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 8 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

20.     On information and belief, Defendant MARKO ZANINOVICH, INC. ("MARKO") owns and operates a variety of business operations including SUNVIEW VINEYARDS OF CALIFORNIA, Sunview Marketing International, [Sunview Shandon, Rio Blanco Farms], Arroyo Seco Vineyards, [Casa Cristal Nursery], and ASV Wines, Inc.  As stated on Sunview Marketing International's Website, Marko Zaninovich established and continues to own and operate Sunview Vineyards:

> Over sixty years ago, Marko Zaninovich established Sunview's roots. Today Sunview is one of California's largest family-owned and operated table grape vineyards.  Premium quality is our foremost goal. We believe the only way to assure this level of quality is through close personal supervision and attention to every detail from growing through packing and shipping.

MARKO's corporate address is 1998 Rd 152, Delano CA 93215 and MARKO's agent of service if Kent Stephens.  This corporate address, agent of service and address for agent of service is the same as Sunview Marketing International, and the same agent of service as SUNVIEW VINEYARDS OF CALIFORNIA, INC..  On information and belief Marko Zaninovich and MARKO ZANINOVICH, INC. own and operate SUNVIEW VINEYARDS OF CALIFORNIA, INC. and Sunview Marketing International.  On information and belief, MARKO ZANINOVICH INC., is the employers of agricultural employees tending SUNVIEW grapes and vineyards and is a joint employer of any employees utilized by use of a farm labor contractor on SUNVIEW grapes and vineyards.

21.     Defendant SUNVIEW VINEYARDS OF CALIFORNIA, INC. ("SUNVIEW") is engaged in the ownership and/or operation of agricultural fields and/or packing sheds located in and around Kern County, California and is headquartered in that county.   As described on the California Business Portal website, SUNVIEW is located at 31381 Pond Rd. McFarland, CA 93250 and on information and belief does significant business at the headquarters of its affiliate Sunview Marketing International at 1998 Road 152, Delano CA 93215.  SUNVIEW also operates three cold storage facilities in or near McFarland on Pond Rd and on the North and South sides of Peterson Road, and an additional cold storage facility in, or near, Earlimart at 315 Front Road.  As listed on the California Business Portal, the Agent of Service of Process for Sunview Vineyards of California Inc., is Kent H. Stephens, at 31381 Pond Rd. McFarland, CA 93250.  During all relevant

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 9 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1  times alleged herein, Defendants employed Plaintiffs and similarly situated persons as non-exempt

2  employees and committed the acts complained of herein in California and throughout Kern County

3    22. As admitted on SUNVIEW and Sunview Marketing International's website,

4  "SUNVIEW is one of California's largest family-owned and <u>operated</u> table grape vineyards."

5  Sales of SUNVIEW grapes begin near the end of June and continue through mid-January.

6  SUNVIEW produces Perlette, Flame Seedless, Thompson Seedless, Black Seedless, Ruby

7  Seedless, Crimson Seedless, Sunset Seedless, Red Globe, Exotic, Ribier, Emperatriz and Emperor.

8  Sunview retails many of its grapes under the following label:



14    23. SUNVIEW's marketing website freely admits that the company directly supervises

15  and manages every part of the work process:

16    *Premium quality if our foremost goal.  We believe the only way to assure this level of

17    quality is through close personal supervision and attention to every detail from growing through packing and shipping ... Every stage of this family operation is built and managed with one goal in mind ... premium quality.*

18

19    24. Similarly, SUNVIEW's website notes:

20    *We know that creating the best of anything requires close attention to every detail.  At Sunview, table grapes are our specialty, and  our only business.  That is how we*

21    *continue to supply the volume needs of the largest buyers with the quality one would only expect from a small, family-run business.*

22    *The Secret*

23

24    *At  Sunview, our success results from our close control of the overall operation ... from farming through marketing.*

25  On information and belief, SUNVIEW and MARKO ZANINOVICH INC., are employers of

26  agricultural employees tending its grapes and vineyards and is a joint employer of any employees

27  utilized by use of a farm labor contractor.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 10 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

25.     Defendant GIUMARRA VINEYARDS CORPORATION is engaged in the ownership and/or operation of agricultural fields and/or packing sheds located in and around Kern County, California.  During all relevant times alleged herein, Defendants employed Plaintiffs and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and throughout Kern County.  On information and belief, GIUMARRA VINEYARDS CORPORATION is located and has its principal place of business in Kern County, and is conducting business in good standing in the State of California.

26.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as well as all of them.

**FACTUAL BACKGROUND**

27.     Defendants operate and, at all relevant times herein have conducted business in Kern County and elsewhere within California.  Defendants operate agricultural fields and/or immobile packing sheds in and around Kern County.  At various locations, Defendants have, among other things, employed persons as agricultural and/or packing shed employees.

28.     For at least four years prior to the filing of this action and through to the present ("liability period for the sixth cause of action"), Defendants consistently maintained and enforced against their non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

a.      forcing all new grape workers to work for free during an initial "trial" period of last several days;

b.      forcing all new grape workers who continue past the trial period to work at piece rate (pruning and tying) work for between $16-32 for a full day's work for several weeks;

c.      forcing employees to pay defendant one full weeks wages to obtain placement in certain of defendants' jobs;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 11 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

d.   forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

e.   forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

f.   forcing employees to purchase tools from the employer;

g.   failing to pay minimum wages;

h.   failing to pay double minimum wage for employees who provide or are required to purchase their own tools.

i.   failing to provide non-exempt employees within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

j.   requiring non-exempt employees within the State of California, including Plaintiff, to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws;

1.   Plaintiffs and members of the Plaintiff Class were not provided lawful meal periods, did not waive meal periods, and were not provided with one hours wages in lieu thereof, in one or more of the following manners:

2.   Plaintiffs and members of the Plaintiff Class were required to work through their daily meal period(s), or work an unlawful "on-duty meal period";

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 12 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

3.   Plaintiffs and members of the Plaintiff Class were severely restricted in their ability to take a meal period;

4.   Plaintiffs and members of the Plaintiff Class were forbidden to leave the workplace during a meal period;

5.   Plaintiffs and members of the Plaintiff Class were required to "clock out" for a meal period that was not taken by Plaintiff and Class Members or permitted by Defendants.

6.   Plaintiffs and members of the Plaintiff Class did not waive rest periods during the liability period.  Defendants did not fully compensate plaintiff and Class Members for hourly wages during the liability period and did not compensate plaintiffs and Class Members for Defendants' failure to provide rest periods and meal periods during the rest and meal period liability period.

k.   requiring employees to report to work and if the employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

l.   failing to provide employees with accurate itemized wage statements as required by California state laws;

m.   failing to maintain accurate time-keeping records as required by California state laws.

29.   On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiffs and the Class they seeks to represent, and intentionally refused to rectify their unlawful policies.

30.   Defendants' requirement that non-exempt employees  work "off the clock" and without compensation, work through meal and rest periods without paying legal compensation for

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 13 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1    failure to provide rest or meal periods, in addition to the other violations alleged above, during all

2    relevant times herein was willful and deliberate.

3        31.    Defendants have made it difficult to account with precision for the unlawfully

4    withheld wages due Defendants' non-exempt employees, including Plaintiffs, during all relevant

5    times herein, because they did not implement and preserve a record-keeping method to record all

6    hours worked and wages earned by its employees as required for non-exempt employees by

7    California Labor Code §§226 and 1174(d).

8        32.    Defendants have failed to comply with Labor Code section 226(a) by itemizing in

9    wage statements all wages earned and accurately reporting total hours worked by Plaintiffs and the

10   members of the proposed class.  Plaintiffs and Class Members are therefore entitled to penalties not

11   to exceed $4000 for each employee pursuant to Labor Code section 226(b).

12                        **CLASS ACTION ALLEGATIONS**

13       33.    Plaintiffs bring this action on behalf of themselves and all others similarly situated

14   as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seeks to

15   represent a Class composed of and defined as follows:

16           All persons who are employed or have been employed by Defendants in the
             State of California who, within four (4) years of the filing of this Complaint,
17           have worked as hourly and/or piece-rate employees and were not paid all
             lawful wages.
18

19       34.    This action has been brought and may properly be maintained as a class action

20   under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined

21   community of interest in the litigation and the proposed Class is easily ascertainable.

22                            **A.  Numerosity**

23       35.    The potential members of the Class as defined are so numerous that joinder of all

24   the members of the Class is impracticable. While the precise number of Class Members has not

25   been determined at this time, Plaintiffs are informed and believes that Defendants currently

26   employ, and during the relevant time periods employed, as many as over five thousand non-exempt

27   employees, the vast majority of them in the State of California, in positions as non-exempt

28   employees in Kern County and dispersed throughout California during the relevant time periods

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 14 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1    and who are or have been affected by Defendants' unlawful practices as alleged herein.

2       36.    Accounting for employee turnover during the relevant periods necessarily increases

3    this number substantially.  Upon information and belief, Plaintiffs allege Defendants' employment

4    records would provide information as to the number and location of all Class Members.  Joinder of

5    all members of the proposed Class is not practicable.

6                                    **B.  Commonality**

7       37.    There are questions of law and fact common to the Class predominating over any

8    questions affecting only individual Class Members. These common questions of law and fact

9    include, without limitation:

10          a.    Whether Defendants violated Labor Code §§ 216, 221, and 1199 by not
11                compensating non-exempt employees for all hours worked;

12          b.    Whether Defendants violated Labor Code §1182.8 by compensating
13                non-exempt employees at hourly wage rates below the minimum wage
14                rate;

15          c.    Whether Defendants violated Labor Code §§ 204 and 1194 by requiring
16                non-exempt employees to report to work and did report for work, but
17                were not put to work or was furnished less than half their usual or
18                scheduled day's work, and they were paid less than half the usual or
19                scheduled day's work of their regular rate of pay;

20          d.    Whether Defendants violated Labor Code §§ 226.7 by failing to provide
21                daily rest periods to non-exempt employees for every four hours or
22                major fraction thereof worked and failing to compensate said employees
23                one hours wages in lieu of rest periods;

24          e.    Whether Defendants violated Labor Code §§ 226.7 and 512 by failing
25                to provide a meal period to non-exempt employees on days they worked
26                work periods in excess of five hours and failing to compensate said
27                employees one hours wages in lieu of meal periods;

28          f.    Whether Defendants violated Labor Code §§ 226 and 1174 by failing
                  to, among other violations, maintain accurate records of Class Members'
                  earned wages and work periods, itemize in wage statements all hours

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 15 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

worked and wages earned, and accurately maintain records pertaining to Plaintiffs and the Class they seek to represent;

g.   Whether Defendants violated Labor Code §§ 201-203 by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with Defendants terminated;

h.   Whether Defendants violated section 17200 et seq. of the Business and Professions Code by unlawfully deducting wages, failing to indemnify employees, or failing to pay wages to non-exempt employees and converting same to Defendants own use; unlawfully requiring employees to work "off the clock" without compensation and converting same to Defendants own use; unlawfully requiring non-exempt employees to work at hourly wage rates below the minimum wage and converting same to Defendants own use; unlawfully requiring non-exempt employees to report to work and did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, and they were paid less than half the usual or scheduled day's work of their regular rate of pay and converting same to Defendants own use; unlawfully requiring employees to work split shifts without paying non-exempt employees one hour's pay at the minimum wage for each workday they work a split shift and converting same to Defendants own use; failing to provide rest and meal periods without compensating non-exempt employees one hours pay for each instance such periods were not provided and converting same to Defendants own use; failing to pay wages and compensation for denied rest and meal period compensation due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records causing injury to employees;

i.   Whether Defendants violated section 17200 et. seq. of the Business and Professions Code by violating Labor Code §§ 201-203, 214, 216, 221, 226, 226.7, 512, 1174, 1194 and 1199 which also constitutes a violation of fundamental public policy;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

j.      Whether Plaintiffs and the Members of the Class are entitled to declaratory, injunctive and other equitable relief pursuant to Business and Professions Code section 17200, et seq.

## C.  Typicality

38.     The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

## D.  Adequacy of Representation

39.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

## E.  Superiority of Class Action

40.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

41.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

42.     Plaintiffs incorporates paragraphs 1 through 41 as though fully set forth herein.

43.     Defendants intentionally violated the Working Plaintiffs' rights under AWPA by:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

a.     failing to disclose in writing the terms and conditions of employment at the time the Working Plaintiffs were recruited, in violation of 28 U.S.C. § 1821(a);

b.     failing to post in a conspicuous place a poster provided by the appropriate authority setting forth the rights and protections afforded Plaintiffs by the AWPA, in violation of 28 U.S.C. § 1821(b);

c.     providing false and misleading information regarding the terms and conditions of employment of the Working Plaintiffs, in violation of 28 U.S.C. § 1821(f);

d.     violating the terms of the working arrangement made with the Working Plaintiffs in California, in violation of 28 U.S.C. § 1822(c);

e.     failing to ensure that the vehicles used for transporting migrant workers conformed with applicable state and federal standards, in violation of 29 U.S.C. § 1841(b)(1); and

f.     by failing to pay wages when due in violation of 29 U.S.C. § 1822(a).

44.     For each violation of AWPA, each Plaintiff is entitled to recover his or her actual damages or up to $500 per violation in statutory damages. 29 U.S.C. § 1854.

## SECOND CAUSE OF ACTION

<u>Failure to Pay Wages</u>
(Against All Defendants)

45.     Plaintiffs incorporates paragraphs 1 through 44 as though fully set forth herein.

46.     On information and belief, by their policy of:

a.     requiring employees to work "off the clock" and without compensation;

b.     requiring employees to work at hourly wage rates below minimum wages;

c.     requiring employees to report to work and if the employee does report for work, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, and paying the employee less than half the usual or scheduled day's work at the employees regular rate of pay or less than the legal minimum;

d.     requiring employees to work split shifts without paying employees one hour's pay at the minimum wage for each workday they work a split shift

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 18 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1        e.  requiring employees to work without being provided a minimum ten-minute

2    rest period for every four hours or major fraction thereof worked and not being

3    compensated one (1) hour of pay at the employee's regular rate of compensation for each

4    workday that a rest period was not provided; and

5        f.  requiring employees to work in excess of five hours per day without being

6    provided a meal period and not being compensated one (1) hour of pay at the regular rate

7    (or minimum wage) of compensation for each workday that a meal period was not

8    provided, was and is in violation of California labor laws.

9      47.  Defendants willfully violated the provisions of the Labor Code, among others, §§,

10   1194, and 1199, and California law.

11     48.  As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

12   represent have been deprived of wages in amounts to be determined at trial, and are entitled to

13   recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to

14   Labor Code sections 1194 and 1199.

15     49.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

16   described herein and below.

17               **THIRD CAUSE OF ACTION**

18                  Conversion
                (Against All Defendants)

19

20     50.  Plaintiffs incorporates paragraphs 1 through 49 as though fully set forth herein.

21     51.  Plaintiffs, and non-exempt Class Members, labored for and were subject to the

22   control of Defendants, and each of them, and were permitted and/or required to suffer work, all for

23   the benefit of Defendants, and earned wages lawfully belonging to Plaintiffs and Class Members.

24   Defendants converted to their own use the lawful wages of non-exempt employees by unlawfully

25   requiring them to work "off the clock" and without compensation and converting same to

26   Defendants own use; unlawfully requiring non-exempt employees to work at wage rates below the

27   minimum wage and converting same to Defendants own use; unlawfully requiring non-exempt

28   employees to report to work and did report for work, but were not put to work or was furnished

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 19 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1  less than half their usual or scheduled day's work, and they were paid less than half the usual or

2  scheduled day's work of their regular rate of pay and converting same to Defendants own use;

3  unlawfully requiring employees to work split shifts without paying non-exempt employees one

4  hour's pay at the minimum wage for each workday they work a split shift and converting same to

5  Defendants own use; failing to provide rest and meal periods without compensating non-exempt

6  employees one hours pay for each instance such periods were not provided and converting same to

7  Defendants' own use.

8      52.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

9  represent have been deprived of wages in amounts to be determined at trial, and are entitled to

10  recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to

11  Labor Code sections 200 et. seq., 500 et. seq., 1100 et seq., 2000 et. seq. and California law.

12      53.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

13  described herein and below.

## FOURTH CAUSE OF ACTION

Failure to Provide Rest Periods and Meal Periods or Compensation
in Lieu Thereof (Lab. Code, §§ 226.7, 512)
(Against All Defendants)

17      54.    Plaintiffs incorporate paragraphs 1 through 53 as though fully set forth herein.

18      55.    By their failure to provide rest periods for every four hours or major fraction thereof

19  worked per day by non-exempt employees, and failing to provide compensation for such

20  unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor

21  Code §§ 226.7 and 512.

22      56.    On information and belief, Plaintiffs and the Class Members he seeks to represent

23  did not voluntarily or willfully waive rest and/or meal periods.   Waivers obtained from Plaintiffs

24  and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition

25  of employment, or part of a contract of an unlawful adhesion.

26      57.    On information and belief, during the meal and rest period liability period,

27  Defendants did not permit or authorize Plaintiffs and Class Members to take rest periods.

28      58.    By their failure to provide meal periods for days on which non-exempt employees

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 20 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

work(ed) work periods in excess of five hours, and failing to provide compensation for such unprovided meal periods Defendants willfully violated Labor Code §§ 226.7 & 512.

59.     By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiff Class.

60.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

61.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

## FIFTH CAUSE OF ACTION

### Failure to Timely Pay Wages Due At Termination (Lab. Code, §§ 201, 202, 203)
(Against All Defendants)

62.     Plaintiffs incorporate paragraphs 1 through 61 as though fully set forth herein.

63.     Sections 201 and 202 of the California Labor Code require Defendants to pay its employees all wages due within 72 hours of termination of employment.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

64.     Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, but to date have not received such compensation therefore entitling them Labor Code § 203 penalties.

65.     More than 30 days have passed since affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 21 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain Class Members are entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages.

66.     Plaintiffs and certain Class Members are also entitled to an additional 30 days' wages as a penalty under Labor Code § 203 for willful failure to pay one hours wages in lieu thereof for denied rest and meal periods, together with interest thereon and attorneys' fees and costs.

67.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

## SIXTH CAUSE OF ACTION

Knowing and Intentional Failure to Comply With Itemized
Employee Wage Statement Provisions (Lab. Code  §§226(b), 1174, 1175)
(Against All Defendants)

68.     Plaintiffs incorporate paragraphs 1 through 67 as though fully set forth herein.

69.     Section 226(a) of the California Labor Code requires Defendants to accurately report total hours worked by Plaintiff and the members of the proposed class. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement that should have been provided to Plaintiffs and members of the proposed class.

70.     Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have knowingly and intentionally failed to comply with Labor Code § 1174.  Defendants', and each of them, failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175.

71.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiff Class and are entitled up to $4,000.00 per Class Member.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 22 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

72.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

### SEVENTH CAUSE OF ACTION

Breach of Contract

73.     Plaintiffs incorporate paragraphs 1 through 72 as though fully set forth herein.

74.     The Defendants entered into oral and/or written employment contracts with the Plaintiffs whereby Defendants would pay hourly rates and piece rates.

75.     The Defendants breached the contract of employment into which they entered with the Plaintiffs by failing to comply with the promised terms and conditions of employment.

76.     The Plaintiffs were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract.

77.     As a direct consequence of Defendants' breach of the employment contract, the Plaintiffs suffered substantial injury.

78.     As a result, the Defendants are therefore liable to the Plaintiffs for actual, incidental, and consequential damages.

### EIGHTH CAUSE OF ACTION

Violation of Unfair Competition Law (Bus. & Prof. Code, § 17200, et seq.)
(Against All Defendants)

79.     Plaintiffs incorporate paragraphs 1 through 78 as though fully set forth herein.

80.     On information and belief, by their policies described above Defendants engaged in unlawful activity prohibited by Business and Professions Code section 17200 et seq.  The actions of Defendants as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code §§ 17200, et. seq.

81.     Plaintiffs are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 23 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

82.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and the Class he seeks to represent. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203. Plaintiffs is informed and believes, and thereon alleges, that Defendants are unjustly enriched through their requiring employees to assume Defendants failure to pay legal wages, and/or other compensation for working through meal periods, and compensation for unprovided rest periods to Plaintiffs and members of the Plaintiff Class. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

83.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

84.     The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require Defendants' non-exempt employees to work "off the clock" and without compensation, will continue to require non-exempt employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

85.     Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiffs and the Class they seek to represent to work "off the clock" and without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation, and enjoining Defendants from forbidding employees to leave the workplace during meal periods, and from

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 24 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

86.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    For compensatory damages in an amount according to proof with interest thereon;

3.    For economic and/or special damages in an amount according to proof with interest thereon;

4.    For a declaratory judgment that each of the Defendants violated the Plaintiffs' rights under the AWPA, 29 U.S.C. §1801 *et seq.*  and the California Labor Code as set forth in the preceding paragraphs;

5.    Award each Plaintiff statutory damages or, in the alternative, actual damages for Defendants' violations of the AWPA;

6.    That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

7.    That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code sections 17203 and 17204;

8.    That Defendants be enjoined from continuing the unlawful course of conduct, alleged herein;

9.    That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 of the California Business and Professions Code;

10.    That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11.    For premium pay and penalties pursuant to Labor Code §§203;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 25 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

12.     For premium wages pursuant to Labor Code §226, 226.7;

13.     For attorneys' fees, interests and costs of suit under Labor Code § 1194; and

14.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands trial of their claims by jury to the extent authorized by law.

Dated:  November 9, 2005.

                                        LAW OFFICES OF MALLISON & MARTINEZ


                                        By:   /s/Stan S. Mallison
                                              Stan S. Mallison
                                              Hector R. Martinez
                                              Attorneys for Plaintiffs


                                        WEINBERG, ROGER & ROSENFELD
                                        A Professional Corporation


                                        By:   /s/Christian L. Raisner
                                              Christian L. Raisner
                                              Attorneys for Plaintiffs

111393/402042

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 26 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL