1   Stan S. Mallison (SBN 184191)
    Hector R. Martinez (SBN 206336)
2   LAW OFFICES OF MALLISON & MARTINEZ
    1042 Brown Avenue, Suite A
3   Lafayette, CA 94549
    Telephone:    (925) 283-3842
4   Facsimile:    (925) 283-3426

5   David A. Rosenfeld (SBN 058163)
    W. Daniel Boone (SBN 046553)
6   Christian L. Raisner (SBN 133839)
    WEINBERG, ROGER & ROSENFELD
7   A Professional Corporation
    1001 Marina Village Parkway, Suite 200
8   Alameda, CA 94501-1091
    Telephone:    (510) 337-1001
9   Facsimile:    (510) 337-1023

10  Attorneys for Plaintiffs

11

12                     UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF CALIFORNIA

14                            FRESNO DIVISION

15  Plaintiffs JOHN DOE, JOHN ROE, JOHN ZOE,          ) Case No.  1:05-CV-01417-FVS-SMS
    JANE AOE, JOHN BOE, JOHN COE, and JANE            )
16  EOE on behalf of themselves and all others similarly )
    situated,                                         ) **FIRST AMENDED CLASS ACTION**
17                                                    ) **COMPLAINT FOR:**
                                                      )
18              Plaintiffs,                           )
                                                      )    **1. Violation of the Agricultural**
19         vs.                                        )       **Workers Protection Act, 29 USC**
                                                      )       **§ 1801 et seq.**
20  D.M. CAMP & SONS; MARKO ZANINOVICH,               )    **2. Failure to Pay Wages**
    INC.; SUNVIEW VINEYARDS OF CALIFORNIA,            )    **3. Conversion**
21  INC.; GIUMARRA VINEYARDS CORPORATION,             )    **4. Failure to Provide Rest Periods**
    a California corporation; EL RANCHO FARMS;         )       **and Meal Periods or**
22  STEVCO, INC.; FAL INC. (dba Lucich Farms);        )       **Compensation in Lieu Thereof**
    CASTLEROCK FARMING AND TRANSPORT,                 )    **5. Failure to Pay Wages of**
23  INC.;                                             )       **Terminated or Resigned Employees**
                                                      )    **6. Knowing and Intentional Failure to**
24                                                    )       **Comply with Itemized Employee**
                                                      )       **Wage Statement Provisions**
25              Defendants.                           )    **7. Breach of Contract**
                                                      )    **8. Violation of Unfair Competition**
26                                                    )       **Law**

27                                                         DEMAND FOR JURY TRIAL

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1   **JURISDICTION AND VENUE**

2      1.      This Court has subject matter jurisdiction based on federal question jurisdiction

3   pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and

4   Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*

5      2.      This case is subject to original jurisdiction in this Court pursuant to the Class Action

6   Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28

7   U.S.C.), because at least one member of the proposed class has a different state or national

8   citizenship from the defendants.  This Court has supplemental jurisdiction over the California state

9   law and contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal

10  claims that they form part of the same case and controversy under Article III of the U.S.

11  Constitution.

12     3.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

13     4.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391

14  because this District is the district in which the defendants reside and a district in which a

15  substantial part of the events or omissions giving rise to the claims occurred.

16  **INTRADISTRICT ASSIGNMENT**

17     5.      This case is properly assigned to the Fresno Division of this Court because the

18  action arose in Tulare and Kern Counties, California.  Local Rule 3-120(d).

19  **INTRODUCTION**

20     6.      This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule

21  23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker

22  Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California

23  Business and Professions Code § 17200 *et seq.*  This action is brought on behalf of Plaintiffs and a

24  Plaintiff Class comprising all non-exempt agricultural and packing shed employees employed or

25  formerly employed by D.M. CAMP & SONS; MARKO ZANINOVICH, INC.; SUNVIEW

26  VINEYARDS OF CALIFORNIA, INC.; GIUMARRA VINEYARDS CORPORATION; EL

27  RANCHO FARMS; STEVCO, INC.; FAL INC. (d.b.a. Lucich Farms); CASTLEROCK

28  FARMING AND TRANSPORT, INC, and any subsidiaries or affiliated companies (hereinafter

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

collectively referred to as "Defendants") within the State of California.  The action seeks recovery for wages and compensation due and owing to Plaintiffs and the Plaintiff Class under federal and California laws for the maximum period allowed to the present (the "Class Period"), all as set out below.

7.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the table grape industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices.  The Defendants herein include leading growers of table grapes and the unlawful practices and policies alleged are widespread and entrenched in the industry.  The following paragraphs detail specific violations of law comprising the wage-related claims.

8.     For at least four years prior to the filing of this action and through to the present, D.M. CAMP & SONS ("DM CAMP") consistently maintained and enforced against its non-exempt agricultural and/or packing shed employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

     a.    forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

     b.    forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

     c.    forcing employees to purchase and/or maintain tools and equipment;

     d.    failing to pay double minimum wage to employees who provide or are required to purchase and maintain their own tools;

     e.    failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided;

     f.    requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

1  employees regular rate of compensation for each workday that the meal

2  period is not provided;

3      g.   requiring employees to report to work and if an employee did report for

4           work, but was not put to work or was furnished with less than half said

5           employee's usual or scheduled day's work, paid the employee less than half

6           the usual or scheduled day's work at the employee's regular rate of pay

7           and/or less than the legal minimum;

8      h.   failing to provide employees with accurate itemized wage statements ;

9      i.   failing to maintain accurate time-keeping records.

10     9.    For at least four years prior to the filing of this action and through to the present,

11  MARKO ZANINOVICH, INC. ("MARKO") and SUNVIEW VINEYARDS OF CALIFORNIA,

12  INC. ("SUNVIEW VINEYARDS") (collectively "SUNVIEW") consistently maintained and

13  enforced against their non-exempt agricultural and/or packing shed employees, among others, the

14  following unlawful practices and policies, in violation of California state wage and hour laws:

15     a.   forcing employees to work pre-shift and post-shift "off the clock" time

16          without compensation;

17     b.   forcing employees to work a second shift of home-work without

18          compensation and without split shift pay, or in the alternative, failing to pay

19          for travel time and incurred expenses;

20     c.   forcing employees to purchase and/or maintain tools and equipment;

21     d.   failing to pay minimum wages;

22     e.   failing to pay double minimum wage for employees who provide or are

23          required to purchase their own tools;

24     f.   requiring non-exempt employees to work at least five (5) hours without a

25          meal period and failing to pay such employees one (1) hour of pay at the

26          employee's regular rate of compensation for each workday that the meal

27          period is not provided;

28     g.   failing to provide employees with accurate itemized wage statements;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1         h.      failing to maintain accurate time-keeping records.

2      10.     For at least four years prior to the filing of this action and through to the present GIUMARRA VINEYARDS CORPORATION and its subsidiaries, parents, or affiliate companies (collectively "GIUMARRA") consistently maintained and enforced against its non-exempt agricultural and/or packing shed employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

a.     forcing all new grape workers to work for free during an initial "trial" period of at least several days;

b.     forcing all new grape workers who continue past the trial period to work at piece rate (pruning and tying) work for between $16-32 for a full day's work for several weeks;

c.     forcing employees to pay Defendant one full week's wages to obtain placement in certain of Defendant's jobs;

d.     forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

e.     forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

f.     forcing employees to purchase tools from the employer or otherwise supply their own tools;

g.     failing to pay minimum wages;

h.     failing to pay double minimum wage to employees who provide or are required to purchase their own tools;

i.     failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided;

j.     requiring non-exempt employees to work at least five (5) hours without a

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

1    meal period and failing to pay such employees one (1) hour of pay at the

2    employee's regular rate of compensation for each workday that the meal

3    period is not provided;

4    k.    requiring employees to report to work and if an employee did report for

5    work, but was not put to work or was furnished with less than half said

6    employee's usual or scheduled day's work, paid the employee less than half

7    the usual or scheduled day's work at the employee's regular rate of pay

8    and/or less than the legal minimum;

9    l.    failing to provide employees with accurate itemized wage statements;

10   m.    failing to maintain accurate time-keeping records.

11   11.   For at least four years prior to the filing of this action and through to the present EL

12   RANCHO FARMS and its subsidiaries, parents, or affiliate companies (collectively "EL

13   RANCHO") consistently maintained and enforced against its non-exempt agricultural and/or

14   packing shed employees, among others, the following unlawful practices and policies, in violation

15   of California state wage and hour laws:

16   a.    forcing employees to work pre-shift and post-shift "off the clock" time

17   without compensation;

18   b.    forcing employees to work a second shift of home-work without

19   compensation and without split shift pay, or in the alternative, failing to pay

20   for travel time and incurred expenses;

21   c.    forcing employees to purchase tools from the employer or otherwise supply

22   their own tools;

23   d.    failing to pay minimum wages;

24   e.    failing to pay double minimum wage to employees who provide or are

25   required to purchase their own tools;

26   f.    failing to provide non-exempt employees rest periods of at least (10)

27   minutes per four (4) hours worked or major fraction thereof and failing to

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 6 -

1           pay such employees one (1) hour of pay at the employee's regular rate of

2           compensation for each workday that the rest period is not provided;

3       g.    requiring non-exempt employees to work at least five (5) hours without a

4           meal period and failing to pay such employees one (1) hour of pay at the

5           employee's regular rate of compensation for each workday that the meal

6           period is not provided;

7       h.    requiring employees to report to work and if an employee did report for

8           work, but was not put to work or was furnished with less than half said

9           employee's usual or scheduled day's work, paid the employee less than half

10          the usual or scheduled day's work at the employee's regular rate of pay

11          and/or less than the legal minimum;

12      i.    failing to provide employees with accurate itemized wage statements;

13      j.    failing to maintain accurate time-keeping records.

14      12.    For at least four years prior to the filing of this action and through to the present

15  STEVCO, INC. ("STEVCO")and FAL INC. (d.b.a. "Lucich Farms") and their subsidiaries,

16  parents, or affiliate companies (collectively "LUCICH") consistently maintained and enforced

17  against their non-exempt agricultural and/or packing shed employees, among others, the following

18  unlawful practices and policies, in violation of California state wage and hour laws:

19      a.    forcing employees to work pre-shift and post-shift "off the clock" time

20          without compensation;

21      b.    forcing employees to work a second shift of home-work without

22          compensation and without split shift pay, or in the alternative, failing to pay

23          for travel time and incurred expenses;

24      c.    forcing employees to purchase tools from the employer or otherwise supply

25          their own tools;

26      d.    failing to pay minimum wages;

27      e.    failing to pay double minimum wage to employees who provide or are

28          required to purchase their own tools;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

f.      failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

g.      requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

h.      requiring employees to report to work and if an employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

i.      failing to provide employees with accurate itemized wage statements;

j.      failing to maintain accurate time-keeping records.

13.    For at least four years prior to the filing of this action and through to the present CASTLEROCK FARMING AND TRANSPORT, INC. ("CASTLERROCK") consistently maintained and enforced against its non-exempt agricultural and/or packing shed employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

a.      forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

b.      forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

c.      forcing employees to purchase tools from the employer or otherwise supply their own tools;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

d.   failing to pay minimum wages;

e.   failing to pay double minimum wage to employees who provide or are required to purchase their own tools;

f.   failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

g.   requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

h.   requiring employees to report to work and if an employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

i.   failing to provide employees with accurate itemized wage statements;

j.   failing to maintain accurate time-keeping records.

14.   Plaintiffs, on behalf of themselves and all other non-exempt employees employed by, or formerly employed by Defendants (hereinafter referred to as "Class Members"), bring this action pursuant to California Labor Code §§ 201, 202, 203, 204, 214, 216, 218, 218.6, 221, 226, 226.7, 512, 1174, 1194, 1194.2, 1197, and 1199, seeking unpaid wages, unpaid rest and meal period compensation, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, and reasonable attorneys' fees and costs of suit.  Plaintiffs do not seek any penalties that are available only through the procedures detailed in Labor Code § 2698 *et seq*.

15.   Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business and Professions Code §§ 17200-17208, also seek injunctive relief, declaratory relief, restitution, and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 9 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1  disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply

2  with the above laws.

3       16.      Plaintiffs, on behalf of themselves and all Class Members, pursuant to AWPA, 29

4  U.S.C. § 1801 *et seq.* seek declaratory relief, statutory damages, actual damages, interest, and

5  injunctive relief.

6                                    **PARTIES**

7                                    *Plaintiffs*

8       17.      Named Plaintiffs JOHN DOE, JOHN ROE, JOHN ZOE, JANE AOE, JOHN BOE,

9  JOHN COE, and JANE EOE are residents of Kern County, California.  Plaintiffs are or were

10  agricultural workers, within the meaning of 29 U.S.C. § 1802(10), and are or were employed,

11  within the meaning of 29 U.S.C. § 1802(3), by one or more of the Defendants to work in the

12  Defendants' agricultural operations in or near Kern County at various times from 2001 to the

13  present.

14       18.      Named Plaintiffs are pled as "DOE Plaintiffs" in this action in conformance with

15  the Ninth Circuit precedent Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir.

16  2000) to preserve their anonymity at this stage of the judicial proceeding.  Naming the Plaintiffs as

17  "DOEs" is appropriate at this stage in the proceeding because their need for anonymity outweighs

18  any prejudice to the opposing parties as well as the public's interest in knowing any party's

19  identity.  In particular, the Plaintiffs should be identified here only as DOE Plaintiffs because: (1)

20  the threatened harms include serious physical violence and injury to the basic livelihood of these

21  low-wage workers, (2) the perceived threat is reasonably based on historical occurrences in cases

22  involving farmworkers exercising their civil rights, and (3) Plaintiffs are particularly vulnerable

23  due to their socio-economic status.  Defendants do not require knowledge of the identities of the

24  Plaintiffs at this stage of the proceeding.  Any future need for these names can be resolved by the

25  District Court through pretrial management procedures, including the issuance of protective orders

26  limiting disclosure of a party's name to the greatest extent possible without prejudicing the

27  opposing party's ability to litigate the case.  As noted by the Ninth Circuit, "it may never be

28  necessary, however, to disclose the anonymous parties' identities to nonparties to the suit."

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 10 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

19.     Plaintiff JOHN DOE is a resident of Kern County, California.  At all relevant times herein, he has been employed by Defendants as an employee on land owned, leased, and/or operated by Defendants in and around Kern County, California, and has been employed by Defendants as a non-exempt employee.  Plaintiff JOHN DOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN DOE worked for SUNVIEW within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work from April 2002 to the present, at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

20.     Plaintiff JOHN ROE is a resident of Kern County, California.  At all relevant times herein, he has been employed by Defendants as an employee on land owned, leased, and/or operated by Defendants in and around Kern County, California, and has been employed by Defendants as a non-exempt employee.  Plaintiff  JOHN ROE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN ROE worked for D.M. CAMP within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work throughout the Class Period until late 2005 at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

21.     Plaintiff JOHN ZOE is a resident of Kern County, California.  At all relevant times herein, he has been employed by GIUMARRA as an employee on land owned, leased, and/or operated by GIUMARRA in and around Kern County, California, and has been employed by GIUMARRA as a non-exempt employee.  Plaintiff JOHN ZOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN ZOE worked for GIUMARRA within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work during the Class Period in 2005 at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

22.     Plaintiff JANE AOE is a resident of Kern County, California.  At all relevant times herein, she has been employed by EL RANCHO as an employee on land owned, leased, and/or operated by EL RANCHO in and around Kern County, California, and has been employed by EL RANCHO as a non-exempt employee.  Plaintiff JANE AOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JANE AOE worked for EL RANCHO within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work during the Class Period in 2005 at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

23.     Plaintiff JOHN BOE is a resident of Kern County, California.  At all relevant times herein, he has been employed by LUCICH as an employee on land owned, leased, and/or operated by LUCICH in and around Kern County, California, and has been employed by LUCICH as a non-exempt employee.  Plaintiff JOHN BOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN BOE worked for LUCICH within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work during the Class Period at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

24.     Plaintiff JOHN COE is a resident of Kern County, California.  At all relevant times herein, he has been employed by CASTLEROCK as an employee on land owned, leased, and/or operated by EL RANCHO in and around Kern County, California, and has been employed by EL RANCHO as a non-exempt employee.  Plaintiff JOHN COE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN COE worked for CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work during the Class Period at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 12 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

25.     Plaintiff JANE EOE is a resident of Kern County, California.  At all relevant times herein, she has been employed by GIUMARRA as an employee on land owned, leased, and/or operated by GIUMARRA in and around Kern County, California, and has been employed by GIUMARRA as a non-exempt employee.  Plaintiff JANE EOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JANE EOE worked for GIUMARRA within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work during the Class Period from January 202 until August 2005 at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

26.     As Defendants' employees, Plaintiffs, and the Class they seek to represent, were regularly subjected to, or had personal knowledge of, the violations described in the Complaint.

*Defendants*

27.     Defendant D.M. CAMP is engaged in the ownership and/or operation of agricultural fields and/or packing sheds located in and around Kern County, California and is headquartered in that county.  As described on the California Business Portal website, D.M. CAMP is located at 31798 Merced Avenue, Bakersfield, CA 93312, and at numerous agricultural locations in the Central Valley.  As listed on the California Business Portal, the Agent of Service of Process for D.M. CAMP, is Donald M. Camp, Sr., at 31898 Merced Avenue, Bakersfield CA 93308.  During all relevant times alleged herein, Defendants employed Plaintiffs and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and throughout Kern County.

28.     On information and belief, Defendant MARKO owns and operates a variety of business operations including SUNVIEW VINEYARDS, Sunview Marketing International, Arroyo Seco Vineyards, and ASV Wines, Inc.  As stated on Sunview Marketing International's Website, individual Marko Zaninovich established and continues to own and operate SUNVIEW VINEYARDS:

> Over sixty years ago, Marko Zaninovich established Sunview's roots. Today Sunview is one of California's largest family-owned and operated table grape vineyards.  Premium quality is our foremost goal.  We believe the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 13 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

only way to assure this level of quality is through close personal supervision and attention to every detail from growing through packing and shipping. MARKO's corporate address is 1998 Rd 152, Delano, CA 93215 and MARKO's agent for service of process is Kent Stephens.  This corporate address, agent for service, and address for agent for service are the same as those for Sunview Marketing International, and the same agent for service as SUNVIEW VINEYARDS.  On information and belief, Marko Zaninovich and MARKO own and operate SUNVIEW VINEYARDS and Sunview Marketing International.  On information and belief, MARKO is the employer of agricultural employees tending SUNVIEW VINEYARDS' grapes and vineyards and is a joint employer of any employees utilized by use of a farm labor contractor on SUNVIEW VINEYARDS' grapes and vineyards.

29.     Defendant SUNVIEW VINEYARDS is engaged in the ownership and/or operation of agricultural fields and/or packing sheds located in and around Kern County, California and is headquartered in that county.  As described on the California Business Portal website, SUNVIEW VINEYARDS is located at 31381 Pond Rd. McFarland, CA 93250, and on information and belief, does significant business at the headquarters of its affiliate Sunview Marketing International at 1998 Road 152, Delano, CA 93215.  SUNVIEW VINEYARDS also operates three cold storage facilities in or near McFarland on Pond Rd. and on the North and South sides of Peterson Road, and an additional cold storage facility in, or near, Earlimart at 315 Front Road.  As listed on the California Business Portal, the agent for service of process for SUNVIEW VINEYARDS is Kent H. Stephens, at 31381 Pond Rd., McFarland, CA 93250.  During all relevant times alleged herein, Defendants employed Plaintiffs and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and throughout Kern County

30.     As admitted on SUNVIEW and Sunview Marketing International's website, "SUNVIEW is one of California's largest family-owned and operated table grape vineyards." [Empasis added.]  Sales of SUNVIEW grapes begin near the end of June and continue through mid-January.  SUNVIEW produces Perlette, Flame Seedless, Thompson Seedless, Black Seedless, Ruby Seedless, Crimson Seedless, Sunset Seedless, Red Globe, Exotic, Ribier, Emperatriz, and Emperor grapes.  SUNVIEW retails many of its grapes under the following label:

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 14 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

31.    SUNVIEW's marketing website freely admits that the company directly supervises and manages every part of the work process:

> Premium quality is our foremost goal.  We believe the only way to assure this level of quality is through close personal supervision and attention to every detail from growing through packing and shipping … Every stage of this family operation is built and managed with one goal in mind … premium quality.

32.    Similarly, SUNVIEW's website notes:

> We know that creating the best of anything requires close attention to every detail.  At Sunview, table grapes are our specialty, and our only business. That is how we continue to supply the volume needs of the largest buyers with the quality one would only expect from a small, family-run business.
>
> The Secret
>
> At Sunview, our success results from our close control of the overall operation ... from farming through marketing.

On information and belief, SUNVIEW VINEYARDS and MARKO are employers of agricultural employees tending its grapes and vineyards and are joint employers of any employees utilized by use of a farm labor contractor.

33.    Defendant GIUMARRA is engaged in the ownership and/or operation of agricultural fields and/or packing sheds located in and around Kern County, California.  During all relevant times alleged herein, Defendants employed Plaintiffs and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and throughout Kern County.  On information and belief, GIUMARRA is located and has its principal place of business in Kern County, and is conducting business in good standing in the State of California.

34.    At all times relevant, EL RANCHO, a partnership owned by Jessie Kirkorian, Lynn B. Kirkorian, and Roy Kirkorian, conducted and conducts business in Kern County and maintains a

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 15 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

business address of 16140 Landers Road, Arvin, California 93203, and uses P.O. Box 596 located in Arvin, California.  At all times relevant, EL RANCHO owned, controlled, or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 14, 8 Cal. Code of Regs. § 11140, and operated as a joint employer of Class members in this case.  EL RANCHO is licensed until December 31, 2005 in the state of California as a "Producer Dealer" under the Producer Dealer Act.  A "licensee" under the Producer Dealer Act means "any person licensed under the act as a broker, cash buyer, commission merchant, or dealer."  A "producer" under the Act means "any person that is engaged in the business of growing or producing any farm product."  A "dealer" under the Producer Dealer Act means "any person who obtains title to, or possession, control, or delivery of, any farm product from a licensee or producer at a designated price for the purpose of resale, or who buys or agrees to buy any farm product from a licensee or the producer of the farm product at a designated price."

35.     At all times relevant, Defendant STEVCO conducted business in Kern County and adjacent counties in California and maintained, owned, controlled, or operated a business or establishment that employed persons within the meaning of IWC Order No. 14, 8 Cal. Code of Regs. § 11140, and operated as a joint employer of Plaintiffs and Class Members in this case either through direct supervision or by its agent Lucich Farms.  This control is admitted to on STEVCO's website:

> The grapes are grown by Stevco's farming operation, Lucich Farms, which uses the latest farming techniques and employs highly skilled agriculture professionals who carefully monitor the vines during every stage of growth.   The harvesting and packing of the grapes is done by hand by farming professionals in the field.  Then the grapes are rushed to our state-of the art cold storage facilities to ensure freshness.
>
> Steven L Gilfenbain started the company in 1974 with a mission of producing premium quality table grapes.  Steven soon realized that the only way to ensure the highest quality table grape was to control all aspects of growing the grape from selecting and cultivating the land through the harvesting of the grapes.
>
> Throughout the harvesting process our team of quality control personnel ensure that only "extra special" grapes are packed in our boxes.  Stevco, Inc. has all major varieties of grapes available from May through December.

[Emphasis added.]  LUCICH grows many varieties of table grapes including Thompson Seedless,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 16 -
First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

Flame Seedless, Ribiers, Calmerias, Red Globes, Ruby Seedless, and Crimson. LUCICH markets

their brand as super-premium grapes. As noted on STEVCO's website:

> "Stevco, Inc., headed by its founder and president Steven L. Gilfenbain, asserts that it provides the world with the highest quality or finest table grapes found "anywhere in the world."

> In order to ensure you are getting the highest quality grapes, look for our Labels of Distinction. These labels include the "Patricia", "Marilyn", "Sall-N-Ann", "Grape Man" and "Flamingo" brands.

These brand trademarks are as follows:











WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1   As noted on STEVCO's website, these grapes are sold in major supermarkets, small grocery stores

2   and are "commonplace at Costco stores."

3          36.     At all times relevant, Defendant FAL INC (aka Lucich Farms), has been a

4   California Corporation which conducted and conducts business in Kern County and maintains a

5   business address of 17808 Zerker Road, Bakersfield, California 93308, and uses P.O. Box 1266,

6   Delano, California 93216 as a mailing address.  Lucich Farms has been a table grapes grower,

7   packer, and shipper since 1991, with numerous sites in the Delano area.  Mike Ahumada is the

8   Vice President of Operations, and Steve Lackey is the Purchasing Manager of Lucich Farms.  At

9   all times relevant, Lucich Farms owned, controlled or operated a business or establishment that

10  employed persons within the meaning of IWC Order No. 14, 8 Cal. Code of Regs. § 11140, and

11  operated as an employer of Class members in this case.  The relationship between STEVCO and

12  Lucich Farms is admitted on its website:

13          Steveco, Inc.'s exclusive farming operations, Lucich Farms, has been
            farming and cultivating table grapes for over fifty years and is well known in
14          the industry as a first class operation.  The first stage in producing quality
            grapes is selecting the most fertile land with the best weather conditions and
15          selecting the highest quality vines.  Our vineyards have been selected
            because they are located in the most fertile table grape growing regions - the
16          Coachella and the San Joaquin Valleys of California.   The Lucich Farms
            personnel include world renown agricultural professionals, who have
17          devoted their lifetime in the farming of table grapes, are constantly
            developing some of the strongest vines in the valley.   This well run
18          operation allows us to produce our "extra special" grapes.

19          Farming personnel are constantly monitoring the vineyards and determining
            that the vines and growing conditions are just right in producing the quality
20          found in our grapes.  The latest farming techniques are used in analyzing
            which farming practices are needed given the weather conditions and
21          challenges that "mother nature" provides.  When the grapes are almost ready
            for harvest, our team of quality control professional are watching the vines
22          and determining the right time to harvest.  When the grapes are ready, each
            bunch is hand selected and hand packed in each box with the goal of
23          providing a perfectly ripened, sweet and delicious grape.  Each box is then
            rushed to our state-of-the-art cold storage facilities.  At the cold storage
24          facility the grapes are "quick cooled" and kept at the precise temperature to
            ensure they are the freshest when they arrive at your house.  The grapes are
25          then picked up from our cold storage facilities and travel in refrigerated
            trucks, boats and planes to be delivered to the world.

26

27          LUCICH operates a number of grape farms across California including the following farms

28  (including historical foremen or supervisors):

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 18 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

| Farm | Foremen | City |
|---|---|---|
| Double S | Bob Shultz, Daniel Valoria, Rosa Martinez | Delano |
| Malibu | Philip Roque, Vironica Cauldaron, Juvenal Cazal, Mauro Mojarras, Benjamin Nunez, Juan Carlos Cruz, Andres Silva, Victor Manuel Huerta, Vicenta Cisneros, Antonia Santiago, Eddie Isidro, Alberto Estrada, Pedro Idiza, Santo Santollo | Bakersfield |
| Famoso | Alisia Aguilar | Between Bakersfield and Fresno |
| Triple Y | Santiago Rodiquez, Heraldo Araujo | Bakersfield |
| Globe | --- | Delano |
| Ducor | --- | Delano |

37.     At all times relevant, Defendant CASTLEROCK has been a California corporation, which conducted and conducts business in Kern and Riverside Counties and maintains a business address of Route 2, Box 299, Delano, California 93215, California.  CASTLEROCK's agent for service of process is Albert L. Good.  At all times relevant, CASTLEROCK owned, controlled, or operated a business or establishment that employed persons within the meaning of IWC Order No. 14, 8 Cal. Code of Regs. § 11140, and operated as an employer of Class members in this case.

38.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as well as all of them.

## FACTUAL BACKGROUND

39.     Defendants operate and, at all relevant times herein have conducted business in Kern County and elsewhere within California.  Defendants operate agricultural fields and/or immobile packing sheds in and around Kern County.  At various locations, Defendants have, among other things, employed persons as agricultural and/or packing shed employees.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 19 -

40.     For at least four years prior to the filing of this action and through to the present ("liability period for the sixth cause of action"), Defendants maintained and enforced against their non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

     a.    forcing all new grape workers to work for free during an initial "trial" period of at least several days;

     b.    forcing all new grape workers who continue past the trial period to work at piece rate (pruning and tying) work for between $16-32 for a full day's work for several weeks;

     c.    forcing employees to pay defendant one full week's wages to obtain placement in certain of Defendants' jobs;

     d.    forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

     e.    forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

     f.    forcing employees to purchase tools from the employer;

     g.    failing to pay minimum wages;

     h.    failing to pay double minimum wage for employees who provide or are required to purchase their own tools;

     i.    failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided;

     j.    requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided, in one or more of the following manners:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 20 -

1.     Plaintiffs and members of the Plaintiff Class were required to work through their daily meal period(s), or work an unlawful "on-duty meal period";

2.     Plaintiffs and members of the Plaintiff Class were severely restricted in their ability to take a meal period;

3.     Plaintiffs and members of the Plaintiff Class were forbidden to leave the workplace during a meal period;

4.     Plaintiffs and members of the Plaintiff Class were required to "clock out" for a meal period that was not taken by Plaintiffs and Class Members or permitted by Defendants.

k.     requiring employees to report to work and if the employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paying the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

l.     failing to provide employees with accurate itemized wage;

m.     failing to maintain accurate time-keeping records.

41.     On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiffs and the Class they seek to represent, and intentionally refused to rectify their unlawful policies.

42.     Defendants' requirement that non-exempt employees work "off the clock" and without compensation, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

43.     Defendants have made it difficult to account with precision for the unlawfully withheld wages due Defendants' non-exempt employees, including Plaintiffs, during all relevant times herein, because they did not implement and preserve a record-keeping method to record all

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

44.     Defendants have failed to comply with California Labor Code section 226(a) by itemizing in wage statements all wages earned and accurately reporting total hours worked by Plaintiffs and the members of the proposed class.  Plaintiffs and Class Members are therefore entitled to statutory penalties not to exceed $4000 for each employee pursuant to Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

45.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the
> State of California who, within four (4) years of the filing of the Complaint
> in this case, have worked as non-exempt hourly and/or piece-rate employees
> and were not paid all lawful wages.

46.     Plaintiffs may amend the above class definition as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.  Numerosity

47.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed, over five thousand non-exempt employees, the vast majority of them in the State of California, in positions as non-exempt employees in Kern County and dispersed throughout this judicial district, and who are or have been affected by Defendants' unlawful practices as alleged herein.

48.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  On information and belief, Plaintiffs allege Defendants' employment

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

records will provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

### B. **Commonality**

49.    There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Defendants violated Labor Code §§ 216, 221, 1199, and applicable wage orders by not compensating non-exempt employees for all hours worked;

b.    Whether Defendants violated Labor Code § 1197 and applicable wage orders by compensating non-exempt employees at hourly wage rates below the minimum wage rate;

c.    Whether Defendants violated Labor Code §§ 204, 1194, and applicable wage orders by requiring non-exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay;

d.    Whether Defendants violated Labor Code § 226.7 and applicable wage orders by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

e.    Whether Defendants violated Labor Code §§ 226.7, 512, and applicable wage orders by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

f.    Whether Defendants violated Labor Code §§ 226, 1174, and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, itemize in wage statements

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 23 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1    all hours worked and wages earned, and accurately maintain records

2    pertaining to Plaintiffs and the Class they seek to represent;

3    g.    Whether Defendants violated Labor Code §§ 201-203 and applicable wage

4    orders by failing to pay all earned wages and/or premium wages due and

5    owing at the time that any Class member's employment with Defendants

6    terminated;

7    h.    Whether Defendants violated § 17200 *et seq.* of the California Business and

8    Professions Code by unlawfully deducting wages, failing to indemnify

9    employees, or failing to pay wages to non-exempt employees and converting

10    same to Defendants' own use; unlawfully requiring employees to work "off

11    the clock" without compensation and converting same to Defendants' own

12    use; unlawfully requiring non-exempt employees to work at hourly wage

13    rates below the minimum wage and converting same to Defendants' own

14    use; unlawfully requiring non-exempt employees to report to work and when

15    they did report for work, but were not put to work or were furnished less

16    than half their usual or scheduled day's work, paying them less than half the

17    usual or scheduled day's work at their regular rate of pay and converting

18    same to Defendants' own use; unlawfully requiring employees to work split

19    shifts without paying non-exempt employees one hour's pay at the minimum

20    wage for each workday they work a split shift and converting same to

21    Defendants' own use; failing to provide rest and meal periods without

22    compensating non-exempt employees one hour's pay for each instance such

23    periods were not provided and converting same to Defendants' own use;

24    failing to pay wages and compensation for denied rest and meal period

25    compensation due and owing at the time a Class Member's employment with

26    Defendants terminated; and failing to keep accurate records causing injury to

27    employees;

28    i.    Whether Defendants violated § 17200 *et seq.* of the Business and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 24 -

1  Professions Code by violating Labor Code §§ 201-203, 214, 216, 221, 226,

2  226.7, 512, 1174, 1194, 1199, and applicable wage orders, which also

3  constitutes a violation of fundamental public policy;

4  j.  Whether Plaintiffs and the Members of the Class are entitled to declaratory,

5  injunctive and other equitable relief pursuant to Business and Professions

6  Code § 17200, *et seq.*

### C.  Typicality

8  50.  The claims of the named Plaintiffs are typical of the claims of the Class.  Plaintiffs

9  and all members of the Class sustained injuries and damages arising out of and caused by

10  Defendants' common course of conduct in violation of California laws, regulations, and statutes as

11  alleged herein.

### D.  Adequacy of Representation

13  51.  Plaintiffs will fairly and adequately represent and protect the interests of the

14  members of the Class.  Counsel who represent Plaintiffs are competent and experienced in

15  litigating large employment class actions.

### E.  Superiority of Class Action

17  52.  A class action is superior to other available means for the fair and efficient

18  adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

19  questions of law and fact common to the Class predominate over any questions affecting only

20  individual members of the Class.  Each member of the Class has been damaged and is entitled to

21  recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class

22  Members for all wages earned and engaging in the unlawful practices herein complained of, and

23  denying Class Members rest and meal periods without legal compensation.

24  53.  No other litigation concerning this controversy has been commenced by or against

25  class members.

26  54.  Class action treatment will allow those similarly situated persons to litigate their

27  claims in the manner that is most efficient and economical for the parties and the judicial system.

28  It is unlikely that individual class members have any interest in individually controlling separate

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

actions in this case.  Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

55.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of AWPA
(Against All Defendants)

56.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

57.     Defendants intentionally violated Plaintiffs' and the Class Members' rights under AWPA by:

a.     failing to disclose in writing the terms and conditions of employment at the time Plaintiffs were recruited, in violation of 28 U.S.C. § 1821(a);

b.     failing to post in a conspicuous place a poster provided by the appropriate authority setting forth the rights and protections afforded Plaintiffs by the AWPA, in violation of 28 U.S.C. § 1821(b);

c.     providing false and misleading information regarding the terms and conditions of employment of Plaintiffs, in violation of 28 U.S.C. § 1821(f);

d.     violating the terms of the working arrangement made with Plaintiffs in California, in violation of 28 U.S.C. § 1822(c);

e.     failing to ensure that the vehicles used for transporting migrant workers conformed with applicable state and federal standards, in violation of 29 U.S.C. § 1841(b)(1); and by

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 26 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

f.      failing to pay wages when due in violation of 29 U.S.C. § 1822(a).

58.    For each violation of AWPA, each Plaintiff is entitled to recover his or her actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

## SECOND CAUSE OF ACTION

<u>Failure to Pay Wages and Overtime</u>
(Against All Defendants)

59.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

60.    On information and belief, by their policy of:

a.    requiring employees to work "off the clock" by for example, working for free for "trial" periods, arriving early for set up, attending trainings and other meetings, and requiring employees to clean their bandejas (trays) at home without compensation;

b.    requiring employees to work at hourly wage or piece rates below minimum wage;

c.    requiring employees to report to work and when the employee does report for work, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, paying the employee less than half the usual or scheduled day's work at the employee's regular rate of pay or less than the legal minimum;

d.    requiring employees to work split shifts without paying employees one hour's pay at the minimum wage for each workday they work a split shift;

e.    requiring employees to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one (1) hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided; and

f.    requiring employees to work in excess of five hours per day without being provided a meal period and not being compensated one (1) hour of pay at the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1                  regular rate (or minimum wage) of compensation for each workday that a

2                  meal period was not provided;

3       g.      failing to pay at least two times minimum wage to employees whom they

4                  require to provide and maintain hand tools;

5       h.      failing to provide and maintain tools or equipment required by the

6                  Defendants or necessary to the performance of the jobs performed; and

7       i.      requiring employees to purchase tools from the Defendants and/or maintain

8                  tools and equipment;

9 Defendants willfully violated the provisions of the Labor Code, among others, §§ 1194, 1194.2,

10 and 1199, and other California laws and wage orders.

11       61.      As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

12 represent have been deprived of wages in amounts to be determined at trial, and are entitled to

13 recovery of such amounts, plus interest and statutory penalties thereon, attorneys' fees, and costs

14 pursuant to Labor Code §§ 1194 and 1199 and liquidated damages pursuant to § 1194.2.

15       62.      WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

16 described herein and below.

17                         **THIRD CAUSE OF ACTION**

18                            <u>Conversion</u>

19                       (Against All Defendants)

20       63.      Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

21       64.      Plaintiffs and Class Members labored for and were subject to the control of

22 Defendants, and each of them, and were permitted and/or required to suffer work, all for the

23 benefit of Defendants, and earned wages lawfully belonging to Plaintiffs and Class Members.

24 Defendants converted to their own use the lawful wages of non-exempt employees by unlawfully

25 requiring them to work "off the clock" and without compensation and converting same to

26 Defendants' own use; unlawfully requiring non-exempt employees to work at wage or piece rates

27 below the minimum wage and converting same to Defendants' own use; unlawfully requiring non-

28 exempt employees to report to work and when they did report for work, but were not put to work

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 28 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

  
1  or were furnished less than half their usual or scheduled day's work, paying them for less than half

2  the usual or scheduled day's work at their regular rate of pay and converting same to Defendants'

3  own use; unlawfully requiring employees to work split shifts without paying non-exempt

4  employees one hour's pay at the minimum wage for each workday they work a split shift and

5  converting same to Defendants' own use; failing to provide rest and meal periods without

6  compensating non-exempt employees one hour's pay for each instance such periods were not

7  provided and converting same to Defendants' own use.

8      65.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

9  represent have been deprived of wages in amounts to be determined at trial, and are entitled to

10  recovery of such amounts, plus interest and statutory penalties thereon, attorneys' fees, and costs,

11  pursuant to Labor Code sections 200 *et seq.*, 500 *et seq.*, 1100 *et seq.*, and California law.

12      66.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

13  described herein and below.

## FOURTH CAUSE OF ACTION

Failure to Provide Rest Periods and Meal Periods or Compensation
in Lieu Thereof (Lab. Code, §§ 226.7, 512)
(Against All Defendants)

17      67.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

18      68.    By their failure to provide rest periods for every four hours or major fraction thereof

19  worked per day by non-exempt employees, and failing to provide compensation for such

20  unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor

21  Code §§ 226.7 and 512.

22      69.    On information and belief, Plaintiffs and the Class Members they seek to represent

23  did not voluntarily or willingly waive rest and/or meal periods.  Waivers obtained from Plaintiffs

24  and/or Class Members were not willingly obtained, were not voluntarily agreed to, were a

25  condition of employment, or part of a contract of unlawful adhesion.

26      70.    On information and belief, during the meal and rest period liability period,

27  Defendants did not permit or authorize Plaintiffs and Class Members to take rest periods.

28      71.    By their failure to provide meal periods for days on which non-exempt employees

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 29 -

1    worked periods in excess of five hours, and failing to provide compensation for such unprovided

2    meal periods, Defendants willfully violated Labor Code §§ 226.7 and 512.

3        72.    By failing to keep adequate time records required by Labor Code §§ 226 and

4    1174(d), Defendants have injured Plaintiffs and Class Members and made it difficult to calculate

5    the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiff Class.

6        73.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

7    represent have been deprived of premium wages in amounts to be determined at trial, and are

8    entitled to recovery of such amounts, plus interest and statutory penalties thereon, liquidated

9    damages, attorneys fees, and costs, under Labor Code §§ 203, 226, 226.7, 1194. and 1194.2.

10       74.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

11   described herein and below.

12                          **FIFTH CAUSE OF ACTION**

13       <u>Failure to Timely Pay Wages Due At Termination (Lab. Code, §§ 201, 202, 203)</u>
                            (Against All Defendants)

14

15       75.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

16       76.    Sections 201 and 202 of the California Labor Code require Defendants to pay

17   employees all wages due within 72 hours of termination of employment.  Section 203 of the Labor

18   Code provides that if an employer willfully fails to timely pay such wages the employer must, as a

19   penalty, continue to pay the subject employee's wages until the back wages are paid in full or an

20   action is commenced.  The penalty may not exceed 30 days of wages.

21       77.    Plaintiffs and the Class they seek to represent are entitled to compensation for all

22   forms of wages earned, including, but not limited to, compensation for unprovided rest periods and

23   unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates

24   below the minimum wage, but to date have not received such compensation, therefore entitling

25   them to Labor Code § 203 statutory penalties.

26       78.    More than 30 days have passed since affected Class Members have left Defendants'

27   employ, and on information and belief, have not received payment pursuant to Labor Code § 203.

28   As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 30 -

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1   certain Class Members are entitled to 30 days' wages as a statutory penalty under Labor Code

2   § 203 for failure to pay legal wages.

3       79.     Plaintiffs and certain Class Members are also entitled to an additional 30 days'

4   wages as a statutory penalty under Labor Code § 203 for willful failure to pay one hour's wages in

5   lieu of their denied rest and meal periods, together with interest thereon and attorneys' fees and

6   costs.

7

8       80.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

9   described herein and below.

10                          **SIXTH CAUSE OF ACTION**

11              Knowing and Intentional Failure to Comply With Itemized
                Employee Wage Statement Provisions (Lab. Code §§ 226(b), 1174, 1175)
12                          (Against All Defendants)

13      81.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

14      82.     Section 226(a) of the California Labor Code requires Defendants to accurately

15  report total hours worked by Plaintiffs and the members of the proposed class.  Defendants have

16  knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage

17  statement that should have been provided to Plaintiffs and members of the proposed class.

18      83.     Section 1174 of the California Labor Code requires Defendants to maintain and

19  preserve, in a centralized location, among other items, records showing the names and addresses of

20  all employees employed, payroll records showing the hours worked daily by and the wages paid to

21  its employees.  Defendants have knowingly and intentionally failed to comply with Labor Code

22  § 1174.  Defendants' failure to comply with Labor Code § 1174 is unlawful pursuant to Labor

23  Code § 1175.

24      84.     By failing to keep adequate time records as required by §§ 226 and 1174 (d) of the

25  Labor Code, Defendants have injured Plaintiffs and the Class Members and made it difficult to

26  calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiff

27  Class, and Plaintiffs and the Class Members are entitled up to $4,000.00 per Class Member.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS

1    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

2  herein and below.

3                              **SEVENTH CAUSE OF ACTION**

4                                  <u>Breach of Contract</u>
                                  (Against All Defendants)

5

6    85.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

7    86.    The Defendants entered into employment contracts with the Plaintiffs and the Class

8  whereby Defendants would pay hourly rates and piece rates.  The hourly rate and piece rate terms

9  for these employment contracts were contained on the wage statements provided to employees.

10   87.    The Defendants breached the contracts of employment into which they entered with

11  the Plaintiffs and the Class by failing to comply with the promised terms and conditions of

12  employment.

13   88.    The Plaintiffs and the Class were at all times ready, willing, and able to, and did in

14  fact, comply with the terms of the employment contract.

15   89.    As a direct consequence of Defendants' breach of the employment contract, the

16  Plaintiffs and the Class suffered substantial injury.

17   90.    As a result, the Defendants are therefore liable to the Plaintiffs and the Class for

18  actual, incidental, and consequential damages.

19                              **EIGHTH CAUSE OF ACTION**

20        <u>Violation of Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*)</u>
                                  (Against All Defendants)

21

22   91.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

23   92.    On information and belief, by their policies described above, as well as the practice

24  of requiring employees to repay earned wages to obtain certain positions of employment,

25  Defendants engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et*

26  *seq.*  The actions of Defendants as alleged within this Complaint, constitute false, fraudulent,

27  unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and

28  Professions Code §§ 17200 *et seq.*

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

                                          - 32 -

93.     Plaintiffs and Class Members are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

94.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs, and the Class they seek to represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiffs are informed and believe, and thereon allege, that Defendants are unjustly enriched through their requiring employees to suffer Defendants' failure to pay legal wages, and/or other compensation for working through meal periods, and compensation for unprovided rest periods to Plaintiffs and members of the Plaintiff Class.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

95.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

96.     The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require Defendants' non-exempt employees to work "off the clock" without compensation, will continue to require non-exempt employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

97.     Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiffs and the Class they seek to represent to work "off

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 33 -

1   the clock" without compensation, prohibiting other wrongful conduct which is the subject of this

2   Complaint and which may later be discovered in the course of litigation, enjoining Defendants

3   from forbidding employees to leave the workplace during meal periods, and from continuing to fail

4   to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

5       98.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

6   described herein and below.

7                               **PRAYER**

8       WHEREFORE, Plaintiffs pray for judgment as follows:

9       1.     That the Court determine that this action may be maintained as a class action;

10      2.     For compensatory damages in an amount according to proof with interest thereon;

11      3.     For economic and/or special damages in an amount according to proof with interest

12             thereon;

13      4.     For a declaratory judgment that each of the Defendants violated the Plaintiffs' rights

14             under the AWPA, 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and

15             applicable wage orders as set forth in the preceding paragraphs;

16      5.     Award each Plaintiff and proposed class member statutory damages or, in the

17             alternative, actual damages for Defendants' violations of the AWPA;

18      6.     That Defendants be found to have engaged in unfair competition in violation of

19             California Business and Professions Code § 17200 *et seq.*;

20      7.     That Defendants be ordered and enjoined to make restitution to the Class due to

21             their unfair competition, including disgorgement of their wrongfully-obtained

22             revenues, earnings, profits, compensation, and benefits, pursuant to California

23             Business and Professions Code §§ 17203 and 17204;

24      8.     That Defendants be enjoined from continuing the unlawful course of conduct as

25             alleged herein;

26      9.     That Defendants further be enjoined to cease and desist from unfair competition in

27             violation of California Business and Professions Code §  17200 *et seq.*;

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 34 -

10. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11. For premium pay and statutory penalties pursuant to Labor Code § 203 excluding any penalties available solely through the procedures detailed in Labor Code § 2698 *et seq.*;

12. For premium wages pursuant to Labor Code §§ 226 and 226.7;

13. For liquidated damages pursuant to Labor Code § 1194.2

13. For attorneys' fees, interests, and costs of suit under Labor Code §§ 226 and 1194; and

14. For such other and further relief as the Court deems just and proper excluding any penalties available solely through the procedures detailed in Labor Code § 2698 *et seq.*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated:  December 6, 2005.

LAW OFFICES OF MALLISON & MARTINEZ


By:   /s/Hector R. Martinez
          Stan S. Mallison
          Hector R. Martinez
          Attorneys for Plaintiffs


WEINBERG, ROGER & ROSENFELD
A Professional Corporation


By:   /s/Christian L. Raisner
          Christian L. Raisner
          Attorneys for Plaintiffs

111393/404339

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

First Amended Class Action Complaint – Demand for Jury Trial - Case No. 1:05-C—01417-FVS-SMS