UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al., ) | 1:05-CV-01417-FVS-SMS |
| ) | |
| Plaintiffs, ) | ORDER DENYING PLAINTIFFS' MOTION |
| v. ) | TO CONSOLIDATE ACTIONS AND |
| ) | APPOINT CLASS COUNSEL WITHOUT |
| D. M. CAMP & SONS, et al., ) | PREJUDICE (DOCS. 16, 23) |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

On December 21 and December 28, Plaintiffs filed a motion to consolidate cases and to appoint class counsel, with supporting declarations and points and authorities. Opposition with supporting papers was filed by various parties on January 11, 13, 14, and 18, 2006. A reply was filed on January 20, 2006. The Court has previously vacated the hearing on the motion, and the matter has been deemed submitted to the Court for decision.

Fed. R. Civ. P. 42(a) provides:

> When actions involving a common question of law
> or fact are pending before the court, it may order
> a joint hearing or trial of any or all the matters
> in issue in the actions; it may order all the

1

> actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

A trial court has broad discretion to consolidate in whole or in part cases pending in the same district. <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989). However, it is necessary that the actions have a common question of law or fact. <u>Enterprise Bank v. Saettele</u>, 21 F.3d 233, 235 (8th Cir. 1994). The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications. <u>E.E.O.C. v. HBE Corp.</u>, 135 F.3d 543, 551 (8th Cir. 1998). Consolidation is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. Fed. R. Civ. P. 42(b). The Court should weigh the interests of judicial convenience against any potential for delay, confusion, and prejudice caused by consolidation. <u>Southwest Marine, Inc. v. Triple A Machine Shop, Inc.</u> 720 F.Supp. 805, 807 (N.D. Cal. 1989).

    Here, the Court has not yet ruled on the motion to withdraw the reference to the bankruptcy court pending in the <u>Lara</u> action. The extent to which any automatic stay in bankruptcy affects parties in the actions is yet unclear.[1]

    Some of the defendants, such as Giumarra Vineyards, have not answered or otherwise responded to the complaint; the pleadings are not quiet. The cases have not been scheduled. Many of the

---

[1] The Court will address the issue of any further relatedness of cases in a future order.

2

factors essential to an informed consideration of consolidation may not be ascertained and evaluated at this time.

Likewise, because of the lack of development of this action, it is too soon to evaluate many of the factors relevant to a decision about class counsel.

Accordingly, the Plaintiffs' motions to consolidate actions and to appoint class counsel ARE DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   January 26, 2006**              /s/ Sandra M. Snyder
icido3                                     UNITED STATES MAGISTRATE JUDGE