1  Stan S. Mallison (SBN 184191)
   Hector R. Martinez (SBN 206336)
2  LAW OFFICES OF MALLISON & MARTINEZ
   1042 Brown Avenue, Suite A
3  Lafayette, CA 94549
   Telephone:    (925) 283-3842
4  Facsimile:    (925) 283-3426

5  David A. Rosenfeld (SBN 058163)
   W. Daniel Boone (SBN 046553)
6  Christian L. Raisner (SBN 133839)
   WEINBERG, ROGER & ROSENFELD
7  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
8  Alameda, CA 94501-1091
   Telephone:    (510) 337-1001
9  Facsimile:    (510) 337-1023

10 Jeff S. Westerman (SBN 94559)
   Sabrina S. Kim (SBN 186242)
11 MILBERG WEISS BERSHAD & SCHULMAN LLP
   355 South Grand Avenue, Suite 4170
12 Los Angeles, CA 90071
   Telephone:    (213) 617-1200
13 Facsimile:    (213) 617-1975

14 Attorneys for Plaintiffs

15                UNITED STATES DISTRICT COURT

16                EASTERN DISTRICT OF CALIFORNIA

17                        (Fresno Division)

18 Plaintiffs JOHN DOE, JOHN ROE, JOHN ZOE,      ) Case No.  1:05-CV-01417-AWI-SMS
   JANE AOE, JOHN BOE, JOHN COE, JANE EOE,       )
19 JOHN DOE II, JANE ROE, JANE AOE II,           ) **CORRECTED SECOND AMENDED**
   JOHN BOE II, JANE BOE, JANE COE, and JANE     ) **CLASS ACTION COMPLAINT FOR:**
20 EOE II on behalf of themselves and all others )
   similarly situated,                           ) **1. Violation of the Agricultural Workers**
21                                               )    **Protection Act, 29 USC § 1801 *et seq.***
                     Plaintiffs,                 ) **2. Failure to Pay Wages**
22                                               ) **3. Failure to Pay Reporting Time Wages**
              vs.                                ) **4. Failure to Provide Rest Periods and**
23                                               )    **Meal Periods**
   D.M. CAMP & SONS; MARKO ZANINOVICH,           ) **5. Failure to Pay Wages of Terminated**
24 INC.; SUNVIEW VINEYARDS OF CALIFORNIA,        )    **or Resigned Employees**
   INC.; GIUMARRA VINEYARDS CORPORATION,         ) **6. Knowing and Intentional Failure to**
25 a California corporation; EL RANCHO FARMS;     )    **Comply with Itemized Employee**
   STEVCO, INC.; FAL INC. (dba Lucich Farms);    )    **Wage Statement Provisions**
26 CASTLEROCK FARMING AND TRANSPORT,             ) **7. Labor Code § 2699 *et seq.***
   INC.;                                         ) **8. Conversion**
27                                               ) **9. Breach of Contract**
                                                 ) **10. Violation of Unfair Competition Law**
                     Defendants.                 ) **11. Failure to Pay Overtime**
28                                               )     **Compensation**
                                                 )
                                                      **DEMAND FOR JURY TRIAL**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Plaintiffs JOHN DOE, JOHN ROE, JOHN ZOE, JANE AOE, JOHN BOE, JOHN COE, JANE EOE, JOHN DOE II, JANE ROE, JANE AOE II, JOHN BOE II, JANE BOE, JANE COE, and JANE EOE II bring this action against D.M. CAMP & SONS; MARKO ZANINOVICH, INC.; SUNVIEW VINEYARDS OF CALIFORNIA, INC.; GIUMARRA VINEYARDS CORPORATION, a California corporation; EL RANCHO FARMS; STEVCO, INC.; FAL INC. (dba Lucich Farms); CASTLEROCK FARMING AND TRANSPORT, INC. (collectively "Defendants"), on behalf of themselves, all others similarly situated, and the general public, and allege upon information and belief, which is based upon the investigation of their counsel, except as to the allegations concerning Plaintiffs, which are made upon Plaintiffs' personal knowledge, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*

2.      This Court has supplemental jurisdiction over the California state law and contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

3.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which the defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## INTRADISTRICT ASSIGNMENT

5.      This case is properly assigned to the Fresno Division of this Court because the action arose in Tulare and Kern Counties, California.  Local Rule 3-120(d).

## PARTIES

### *Plaintiffs*

6.      Named Plaintiffs JOHN DOE, JOHN ROE, JOHN ZOE, JANE AOE, JOHN BOE, JOHN COE, JANE EOE, JOHN DOE II, JANE ROE, JANE AOE II, JOHN BOE II, JANE BOE,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

2

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

JANE COE, and JANE EOE II are residents of Kern County, California.  Plaintiffs are or were agricultural workers, within the meaning of 29 U.S.C. § 1802(10), and are or were employed, within the meaning of 29 U.S.C. § 1802(3), by one or more of the Defendants to work in agricultural operations in or near Kern or Tulare Counties at various times from 2001 to the present.

7.      Named Plaintiffs are pled as "DOE Plaintiffs" in this action in conformity with the Ninth Circuit precedent <u>Does I thru XXIII v. Advanced Textile Corp</u>., 214 F.3d 1058 (9th Cir. 2000) to preserve their anonymity at this stage of the judicial proceeding.  Naming the Plaintiffs as "DOEs" is appropriate at this stage in the proceeding because their need for anonymity outweighs any prejudice to the opposing parties as well as the public's interest in knowing any party's identity.  In particular, the Plaintiffs should be identified here only as DOEs because: (1) the threatened harm includes serious physical violence by Defendants and third parties, (2) there are significant and well-documented threats to the livelihood of these low-wage workers, who have no economic recourse other than to work in this low-wage industry, (3) the perceived threat is reasonably based on historical occurrences in cases involving farm workers exercising their civil rights, including well-documented instances involving some of the Defendants in this action, (4) the Plaintiffs are particularly vulnerable due to their socio-economic status and because the economic coercion that historically has been applied in this industry would effectively threaten their ability to survive and provide for their families, and (5) the immigration status of farm workers and their family members historically has been used to curtail farm workers' fight for the protections of the labor laws and other civil rights.  Defendants do not require knowledge of the identities of the Plaintiffs at this stage of the proceeding.  Any future need for these names can be resolved by the District Court through pretrial management procedures, including the issuance of protective orders limiting disclosure of a party's name to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.  Nonparties do not require the knowledge of the identities of Plaintiffs at this stage of the proceedings, if ever.  As noted by the Ninth Circuit, "it may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit."  <u>Advanced Textile Corp</u>., supra, 214 F.3d at 1058.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

8.      Plaintiff JOHN DOE is a resident of Kern County, California.  At relevant times herein, he has been employed by SUNVIEW VINEYARDS OF CALIFORNIA, INC. ("SUNVIEW") and MARKO ZANINOVICH, INC. ("MARKO") as an employee on land owned, leased, and/or operated by SUNVIEW in and around Kern County, California, and has been employed by SUNVIEW as a non-exempt employee.  Plaintiff JOHN DOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN DOE worked for SUNVIEW within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times from April 2002 to the present, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

9.      Plaintiff JOHN DOE II is a resident of Kern County, California.  At relevant times herein, he has been employed by SUNVIEW and MARKO as an employee on land owned, leased, and/or operated by SUNVIEW and MARKO in and around Kern County, California, and has been employed by SUNVIEW and MARKO as a non-exempt employee.  Plaintiff JOHN DOE II was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  At various times, from approximately mid-2002 through to the present, punctuated by seasonal and other types of lay-offs,  JOHN DOE II worked for SUNVIEW and MARKO within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

10.     Plaintiff JOHN ROE is a resident of Kern County, California.  At relevant times herein, he has been employed by D.M. CAMP & SONS ("D.M. CAMP") as an employee on land owned, leased, and/or operated by D.M. CAMP in and around Kern County, California, and has been employed by D.M. CAMP as a non-exempt employee.  Plaintiff JOHN ROE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN ROE worked for D.M. CAMP within the Intradistrict Venue of the Fresno

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1   Division of the Eastern District, performing agricultural work at various times during throughout

2   the Class Period from 2003 until late 2005, punctuated by seasonal and other types of lay-offs, at

3   agreed-upon hourly and/or piece wage rates that varied over his period of employment.

4          11.     Plaintiff JANE ROE is a resident of Kern County, California.  At relevant times

5   herein, she has been employed by D.M. CAMP as an employee on land owned, leased, and/or

6   operated by D.M. CAMP in and around Kern County, California, and has been employed by D.M.

7   CAMP as a non-exempt employee.  Plaintiff JANE ROE was hired pursuant to oral contracts of

8   employment entered into within the counties covered by Intradistrict Venue in Fresno division of

9   the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JANE ROE

10  worked for D.M. CAMP within the Intradistrict Venue of the Fresno Division of the Eastern

11  District, performing agricultural work at various times during the Class Period until mid-2005,

12  punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates

13  that varied over her period of employment.

14         12.     Plaintiff JOHN ZOE is a resident of Kern County, California.  At relevant times

15  herein, he has been employed by GIUMARRA VINEYARDS CORPORATION ("GIUMARRA")

16  as an employee on land owned, leased, and/or operated by GIUMARRA in and around Kern

17  County, California, and has been employed by GIUMARRA as a non-exempt employee.  Plaintiff

18  JOHN ZOE was hired pursuant to oral contracts of employment entered into within the counties

19  covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-

20  120.  During the relevant time period JOHN ZOE worked for GIUMARRA within the Intradistrict

21  Venue of the Fresno Division of the Eastern District, performing agricultural work at various times

22  during the Class Period in 2005, punctuated by seasonal and other types of lay-offs, at agreed-upon

23  hourly and/or piece wage rates that varied over his period of employment.

24         13.     Plaintiff JANE EOE is a resident of Kern County, California.  At relevant times

25  herein, she has been employed by GIUMARRA as an employee on land owned, leased, and/or

26  operated by GIUMARRA in and around Kern County, California, and has been employed by

27  GIUMARRA as a non-exempt employee.  Plaintiff JANE EOE was hired pursuant to oral contracts

28  of employment entered into within the counties covered by Intradistrict Venue in Fresno Division

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

5

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JANE EOE worked for GIUMARRA within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period from January 2002 until August 2005, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

14.     Plaintiff JANE EOE II is a resident of Kern County, California.  At relevant times herein, she has been employed by GIUMARRA as an employee on land owned, leased, and/or operated by GIUMARRA in and around Kern County, California, and has been employed by GIUMARRA as a non-exempt employee.  Plaintiff JANE EOE II was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JANE EOE II worked for GIUMARRA within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through late 2005, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

15.     Plaintiff JANE AOE is a resident of Kern County, California.  At relevant times herein, she has been employed by EL RANCHO FARMS ("EL RANCHO") as an employee on land owned, leased, and/or operated by EL RANCHO in and around Kern County, California, and has been employed by EL RANCHO as a non-exempt employee.  Plaintiff JANE AOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JANE AOE worked for EL RANCHO within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through 2005, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

16.     Plaintiff JANE AOE II is a resident of Kern County, California.  At relevant times herein, she has been employed by EL RANCHO as an employee on land owned, leased, and/or operated by EL RANCHO in and around Kern County, California, and has been employed by EL

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

6

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

RANCHO as a non-exempt employee.  Plaintiff JANE AOE II was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JANE AOE II worked for EL RANCHO within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through November 2004, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

17.     Plaintiff JOHN BOE is a resident of Kern County, California.  At relevant times herein, he has been employed by FAL INC. (dba Lucich Farms) and STEVCO as an employee on land owned, leased, and/or operated by FAL INC. (dba Lucich Farms) and STEVCO, INC. ("STEVCO") in and around Kern County, California, and has been employed by FAL INC. (dba Lucich Farms) and STEVCO as a non-exempt employee.  Plaintiff JOHN BOE was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period JOHN BOE worked for FAL INC. (dba Lucich Farms) and STEVCO within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through late 2003, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

18.     Plaintiff JOHN BOE II is a resident of Kern County, California.  At relevant times herein, he has been employed by FAL INC. (dba Lucich Farms) and STEVCO as an employee on land owned, leased, and/or operated by FAL INC. (dba Lucich Farms) and STEVCO in and around Kern County, California, and has been employed by FAL INC. (dba Lucich Farms) and STEVCO as a non-exempt employee.  Plaintiff JOHN BOE II was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120. During the relevant time period JOHN BOE II worked for FAL INC. (dba Lucich Farms) and STEVCO within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through late 2003, punctuated by seasonal and other types of lay-offs, at agreed-upon

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

7

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1  hourly and/or piece wage rates that varied over his period of employment.

2        19.    Plaintiff JANE BOE is a resident of Kern County, California.  At relevant times

3  herein, she has been employed by LUCICH as an employee on land owned, leased, and/or operated

4  by LUCICH in and around Kern County, California, and has been employed by LUCICH as a non-

5  exempt employee.  Plaintiff JANE BOE was hired pursuant to oral contracts of employment

6  entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern

7  District pursuant to Local Rule 3-120.  During the relevant time period, at various times between

8  2002 and the summer of 2005, punctuated by seasonal and other types of layoffs, JANE BOE

9  worked for LUCICH within the Intradistrict Venue of the Fresno Division of the Eastern District,

10  performing agricultural work during the Class Period at agreed-upon hourly and/or piece wage

11  rates that varied over her period of employment.

12        20.    Plaintiff JOHN COE is a resident of Kern County, California.  At relevant times

13  herein, he has been employed by CASTLEROCK FARMING AND TRANSPORT, INC.

14  ("CASTLEROCK") as an employee on land owned, leased, and/or operated by CASTLEROCK in

15  and around Kern County, California, and has been employed by CASTLEROCK as a non-exempt

16  employee.  Plaintiff JOHN COE was hired pursuant to oral contracts of employment entered into

17  within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District

18  pursuant to Local Rule 3-120.  During the relevant time period JOHN COE worked for

19  CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District,

20  performing agricultural work at various times during the Class Period through November 2003,

21  punctuated by seasonal and other types of lay-offs at agreed-upon hourly and/or piece wage rates

22  that varied over his period of employment.

23        21.    Plaintiff JANE COE is a resident of Kern County, California.  At relevant times

24  herein, she has been employed by CASTLEROCK as an employee on land owned, leased, and/or

25  operated by CASTLEROCK in and around Kern County, California, and has been employed by

26  CASTLEROCK as a non-exempt employee.  Plaintiff JANE COE was hired pursuant to oral

27  contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno

28  Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

8

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1  including during the summer of 2005, JANE COE worked for CASTLEROCK within the

2  Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at

3  various times during the Class Period through November 2003, punctuated by seasonal and other

4  types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period of

5  employment.

6      22.    Plaintiffs and the Classes they seek to represent, as Defendants' employees, were

7  regularly subjected to, or had personal knowledge of the violations described in this Complaint.

8                                    *Defendants*

9      23.    Defendant D.M. CAMP is engaged in the ownership and/or operation of agricultural

10 fields and/or packing sheds located in and around Kern County, California and is headquartered in

11 that county.  As described on the California Business Portal website, D.M. CAMP is located at

12 31798 Merced Avenue, Bakersfield, CA 93312, and at numerous agricultural locations in the

13 Central Valley.  As listed on the California Business Portal, the Agent of Service of Process for

14 D.M. CAMP, is Donald M. Camp, Sr., at 31898 Merced Avenue, Bakersfield, California 93308.

15 During all relevant times alleged herein, D.M. CAMP employed JOHN ROE, JANE ROE and

16 similarly situated persons as non-exempt employees and committed the acts complained of herein

17 in California and throughout this District.

18     24.    On information and belief, Defendant MARKO owns and controls a variety of

19 business operations including SUNVIEW, Sunview Marketing International, Arroyo Seco

20 Vineyards, and ASV Wines, Inc.  As stated on Sunview Marketing International's Website, Marko

21 Zaninovich established and continues to own and operate SUNVIEW:

22         Over sixty years ago, Marko Zaninovich established Sunview's roots.  Today
           Sunview is one of California's largest family-owned and operated table
23         grape vineyards.  Premium quality is our foremost goal.  We believe the
           only way to assure this level of quality is through close personal supervision
24         and attention to every detail from growing through packing and shipping.

25 MARKO's corporate address is 1998 Road 152, Delano, California 93215 and MARKO's agent

26 for service of process is Kent Stephens.  This corporate address, agent for service, and address for

27 agent for service are the same as those for Sunview Marketing International, and the same agent

28 for service as SUNVIEW.  On information and belief, Marko Zaninovich and MARKO own and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

operate SUNVIEW and Sunview Marketing International.  On information and belief, MARKO is the employer of agricultural employees tending SUNVIEW's' grapes and vineyards and is a joint employer of any employees utilized by use of a farm labor contractor on SUNVIEW's  grapes and vineyards.  During all relevant times alleged herein, MARKO and SUNVIEW employed JOHN DOE, JOHN DOE II, and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and throughout this District.

25.     As admitted on SUNVIEW and Sunview Marketing International's website, "SUNVIEW is one of California's largest family-owned and underlined operated table grape vineyards." http://www.sunviewmarketing.com/about.htm (accessed Mar. 10, 2006) [Emphasis added.]  Sales of SUNVIEW grapes begin near the end of June and continue through mid-January.  The grape varieties that SUNVIEW produces are Perlette, Flame Seedless, Thompson Seedless, Black Seedless, Ruby Seedless, Crimson Seedless, Sunset Seedless, Red Globe, Exotic, Ribier, Emperatriz, and Emperor.  http://www.sunviewvineyards.com/sunview.htm (accessed Mar. 10, 2006).  SUNVIEW retails many of its grapes under the following label:



Id.

26.     SUNVIEW's marketing website freely admits that the company directly supervises and manages every part of the work process:

> Premium quality is our foremost goal.  We believe the only way to assure this level of quality is through close personal supervision and attention to every detail from growing through packing and shipping … Every stage of this family operation is built and managed with one goal in mind … premium quality.

http://www.sunviewmarketing.com/about.htm (accessed Mar. 10, 2006)

27.     Similarly, SUNVIEW's website notes:

> We know that creating the best of anything requires close attention to every detail.  At Sunview, table grapes are our specialty, and our only business.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

That is how we continue to supply the volume needs of the largest buyers with the quality one would only expect from a small, family-run business.

The Secret

At Sunview, our success results from our close control of the overall operation ... from farming through marketing.

http://www.sunviewvineyards.com/sunview.htm (accessed Mar. 10, 2006).

On information and belief, SUNVIEW and MARKO are employers of agricultural employees tending its grapes and vineyards and are joint employers of any employees utilized by use of a farm labor contractor.

28.     Defendant GIUMARRA is engaged in the ownership and/or operation of agricultural fields and/or packing sheds located in and around Kern County, California.  During all relevant times alleged herein, GIUMARRA employed Plaintiffs JOHN ZOE, JANE EOE, JANE EOE II, and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and throughout Kern County and this District.  On information and belief, GIUMARRA is located and has its principal place of business in Kern County, and is conducting business in good standing in the State of California.

29.     At all times relevant, EL RANCHO, a partnership owned by Jessie Kirkorian, Lynn B. Kirkorian, and Roy Kirkorian, conducted and conducts business in Kern County and maintains a business address of 16140 Landers Road, Arvin, California 93203, and uses P.O. Box 596 located in Arvin, California.  At all times relevant, EL RANCHO owned, controlled, or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 14, 8 Cal. Code of Regs. § 11140, and operated as a joint employer of Class members in this case.  EL RANCHO is licensed until December 31, 2005 in the state of California as a "Producer Dealer" under the Producer Dealer Act.

http://www.cdfa.ca.gov/mkt/meb/MebLicenses.htm (accessed Mar. 10, 2006).  A "licensee" under the Producer Dealer Act means "any person licensed under the act as a broker, cash buyer, commission merchant, or dealer."  CAL. FOOD AND AGRIC. CODE § 56109.5 (West 2001).  A "producer" under the Act means "any person that is engaged in the business of growing or producing any farm product."  CAL. FOOD AND AGRIC. CODE § 55408 (West 2001).  A "dealer"

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

11

1  under the Producer Dealer Act means "any person who obtains title to, or possession, control, or

2  delivery of, any farm product from a licensee or producer at a designated price for the purpose of

3  resale, or who buys or agrees to buy any farm product from a licensee or the producer of the farm

4  product at a designated price." CAL. FOOD AND AGRIC. CODE § 56107 (West 2001).  During all

5  relevant times alleged herein, EL RANCHO employed Plaintiff JANE AOE, JANE AOE II, and

6  similarly situated persons as non-exempt employees and committed the acts complained of herein

7  in California and in this District.

8         30.     As described on the California Business Portal website, Defendant STEVCO, a

9  California corporation, is located at 9777 Wilshire Boulevard, Suite 918, Beverly Hills, California,

10  90212.  As listed on the California Business Portal website, the Agent for Service of Process for

11  STEVCO is Steven L. Gilfenbain, at  9777 Wilshire Boulevard, Suite 918, Beverly Hills,

12  California, 90212.  At all times relevant, Defendant STEVCO, conducted business in Kern County

13  and adjacent counties in California and maintained, owned, controlled, or operated a business or

14  establishment that employed persons within the meaning of IWC Order No. 14, 8 Cal. Code of

15  Regs. § 11140, and operated as an employer or joint employer of Plaintiffs and Class Members in

16  this case either through direct supervision or by its agent Lucich Farms.  This control is admitted to

17  on STEVCO's website:

18         Steven L Gilfenbain started the company in 1974 with a mission of
        producing premium quality table grapes.  Steven soon realized that the only
19         way to ensure the highest quality table grape was to control all aspects of
        growing the grape from selecting and cultivating the land through the
20         harvesting of the grapes.

21         . . .

22         The grapes are grown by Stevco's farming operation, Lucich Farms, which
        uses the latest farming techniques and employs highly skilled agriculture
23         professionals who carefully monitor the vines during every stage of
        growth.  The harvesting and packing of the grapes is done by hand by
24         farming professionals in the field.  Then the grapes are rushed to our state-of-
        the art cold storage facilities to ensure freshness.
25
        . . .
26
        Throughout the harvesting process our team of quality control personnel
27         ensure that only "extra special" grapes are packed in our boxes.  Stevco, Inc.
        has all major varieties of grapes available from May through December.

28  http://www.grapegift.com/about.htm (last accessed Mar. 10, 2006).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  [Emphasis added.]  Lucich Farms grows many varieties of table grapes including Thompson

2  Seedless, Flame Seedless, Ribiers, Calmerias, Red Globes, Ruby Seedless, and Crimson.

3  http://www.grapegift.com/labels.htm (last accessed Mar. 10, 2006).  Luchich Farms markets its

4  brand as "extra special" grapes.  http://www.grapegift.com/lucich.html (last accessed Mar. 10,

5  2006).  As noted on STEVCO's website:

6
7        "Stevco, Inc., headed by its founder and president Steven L. Gilfenbain,
         provides the world with the highest quality table grapes.

8        . . .

9        In order to ensure you are getting the highest quality grapes, look for our
         Labels of Distinction.  These labels include the "Patricia", "Marilyn", "Sall-
10       N-Ann", "Grape Man" and "Flamingo" brands.

11  These brand trademarks are as follows:











28  http://www.grapegift.com/labels.html (last accessed Mar. 10, 2006).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1   As noted on STEVCO's website, these grapes are sold in major supermarkets, small grocery stores,

2   and are "commonplace at Costco stores."  http://www.grapegift.com/about.html (last accessed

3   Mar. 10, 2006).  During all relevant times alleged herein, STEVCO and FAL INC. (dba Lucich

4   Farms) employed Plaintiff JOHN BOE, JOHN BOE II, JANE BOE, and similarly situated persons

5   as non-exempt employees and committed the acts complained of herein in California and in this

6   District.

7          31.     At all times relevant, Defendant FAL INC. (dba Lucich Farms), has been a

8   California Corporation which conducted and conducts business in Kern County and maintains a

9   business address of 17808 Zerker Road, Bakersfield, California 93308, and uses P.O. Box 1266,

10  Delano, California 93216 as a mailing address.  Lucich Farms has been a table grapes grower,

11  packer, and shipper since 1991, with numerous sites in the Delano area.  Mike Ahumada is the

12  Vice President of Operations, and Steve Lackey is the Purchasing Manager of Lucich Farms.  At

13  all times relevant, Lucich Farms owned, controlled or operated a business or establishment that

14  employed persons within the meaning of IWC Order No. 14, 8 Cal. Code of Regs. § 11140, and

15  operated as an employer of Class members in this case.  The relationship between STEVCO and

16  Lucich Farms is admitted on its website:

17          Steveco, Inc.'s exclusive farming operations, Lucich Farms, has been
        farming and cultivating table grapes for over fifty years and is well known in

18      the industry as a first class operation.  The first stage in producing quality
        grapes is selecting the most fertile land with the best weather conditions and

19      selecting the highest quality vines.  Our vineyards have been selected
        because they are located in the most fertile table grape growing regions - the

20      Coachella and the San Joaquin Valleys of California.  The Lucich Farms
        personnel include world renown agricultural professionals, who have

21      devoted their lifetime in the farming of table grapes, are constantly
        developing some of the strongest vines in the valley.  This well run

22      operation allows us to produce our "extra special" grapes.

23          Farming personnel are constantly monitoring the vineyards and determining
        that the vines and growing conditions are just right in producing the quality

24      found in our grapes.  The latest farming techniques are used in analyzing
        which farming practices are needed given the weather conditions and

25      challenges that "mother nature" provides.  When the grapes are almost ready
        for harvest, our team of quality control professional are watching the vines

26      and determining the right time to harvest.  When the grapes are ready, each
        bunch is hand selected and hand packed in each box with the goal of

27      providing a perfectly ripened, sweet and delicious grape.  Each box is then
        rushed to our state-of–the-art cold storage facilities.  At the cold storage

28      facility the grapes are "quick cooled" and kept at the precise temperature to
        ensure they are the freshest when they arrive at your house.  The grapes are

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

14

then picked up from our cold storage facilities and travel in refrigerated trucks, boats and planes to be delivered to the world.

http://www.grapegift.com/lucich.html (last accessed Mar. 10, 2006).

Lucich Farms operates a number of grape farms across California including the Double S, Globe, and Dukor in Delano, Malibu and Triple Y in Bakersfield, and Famoso between Bakersfield and Fresno.

32.     During all relevant times alleged herein, STEVCO and FAL INC. (dba Lucich Farms) employed Plaintiff JOHN BOE, JOHN BOE II, and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and in this District.

33.     At all times relevant, Defendant CASTLEROCK has been a California corporation, which conducted and conducts business in Kern and Riverside Counties and maintains a business address of Route 2, Box 299, Delano, California 93215, California.  CASTLEROCK's agent for service of process is Albert L. Good.  At all times relevant, CASTLEROCK owned, controlled, or operated a business or establishment that employed persons within the meaning of IWC Order No. 14, 8 Cal. Code of Regs. § 11140, and operated as an employer or joint employer of Class members in this case.  During all relevant times alleged herein, CASTLEROCK employed Plaintiff JOHN COE, JANE COE, and similarly situated persons as non-exempt employees and committed the acts complained of herein in California and in this District.

34.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as well as all of them.

## FACTUAL BACKGROUND

35.     This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California Business and Professions Code § 17200 *et seq.*  This action is brought on behalf of Plaintiffs and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

15

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1   members of the Plaintiff Class or classes comprising all non-exempt agricultural, packing shed,

2   and storage cooler employees employed, or formerly employed, by each of the Defendants within

3   the State of California.  The action seeks recovery for wages, compensation, and other relief due

4   and owing to Plaintiffs and the Plaintiff Class members under federal and California laws for the

5   maximum period allowed to the present (the "Class Period"), all as set out below.

6        36.     The claims of this lawsuit spring from a pattern of employer misconduct and

7   wrongdoing that has characterized the labor system in much of the table grape industry, where

8   unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices.  The

9   Defendants herein include some of the largest growers of table grapes in California.  The unlawful

10  practices and policies alleged are widespread and entrenched in the industry.  The practices of the

11  industry are uniform, or nearly uniform among many of the major grape growers, at least in part

12  due to grower organizations that spread improper employment practices.  The following

13  paragraphs detail specific violations of law comprising the wage-related claims.

14       37.     For at least four years prior to the filing of this action and through to the present,

15  D.M. CAMP consistently maintained and enforced against its non-exempt agricultural and/or

16  packing shed/cooler employees, among others, the following unlawful practices and policies, in

17  violation of California state wage and hour laws:

18            a.     forcing employees to work pre-shift and post-shift "off the clock" time

19                  without compensation;

20            b.     forcing employees to work a second shift of home-work without

21                  compensation and without split shift pay, or in the alternative, failing to pay

22                  for travel time and incurred expenses;

23            c.     forcing employees to purchase and/or maintain tools and equipment;

24            d.     failing to pay double minimum wage to employees who provide or are

25                  required to purchase and maintain their own tools;

26            e.     failing to provide non-exempt employees rest periods of at least ten (10)

27                  minutes per four (4) hours worked or major fraction thereof and failing to

28                  pay such employees one (1) hour of pay at the employee's regular rate of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

16

1          compensation for each workday that the rest period is not provided;

2     f.   requiring non-exempt employees to work at least five (5) hours without a

3          meal period and failing to pay such employees one (1) hour of pay at the

4          employees regular rate of compensation for each workday that the meal

5          period is not provided;

6     g.   requiring employees to report to work and if an employee did report for

7          work, but was not put to work or was furnished with less than half of the

8          said employee's usual or scheduled day's work, paid the employee less than

9          half the usual or scheduled day's work at the employee's regular rate of pay

10         and/or less than the legal minimum;

11    h.   failing to provide employees with accurate itemized wage statements;

12    i.   failing to maintain accurate time-keeping records;

13    j.   forcing employees to work in packing sheds or coolers in excess of 8 hours a

14         day or 40 hours a week without paying overtime compensation.

15    38.   For at least four years prior to the filing of this action and through to the present,

16 MARKO and SUNVIEW consistently maintained and enforced against their non-exempt

17 agricultural and/or packing shed/cooler employees, among others, the following unlawful practices

18 and policies, in violation of California state wage and hour laws:

19    a.   forcing employees to work pre-shift and post-shift "off the clock" time

20         without compensation;

21    b.   forcing employees to work a second shift of home-work without

22         compensation and without split shift pay, or in the alternative, failing to pay

23         for travel time and incurred expenses;

24    c.   forcing employees to purchase and/or maintain tools and equipment;

25    d.   failing to pay minimum wages;

26    e.   failing to pay double minimum wage for employees who provide or are

27         required to purchase their own tools;

28    f.   requiring non-exempt employees to work at least five (5) hours without a

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

17

1      meal period and failing to pay such employees one (1) hour of pay at the

2      employee's regular rate of compensation for each workday that the meal

3      period is not provided;

4     g.    failing to provide employees with accurate itemized wage statements;

5     h.    failing to maintain accurate time-keeping records.

6    39.    For at least four years prior to the filing of this action and through to the present

7 GIUMARRA and its subsidiaries, parents, or affiliate companies consistently maintained and

8 enforced against its non-exempt agricultural and/or packing shed/cooler employees, among others,

9 the following unlawful practices and policies, in violation of California state wage and hour laws:

10     a.    forcing all new grape workers to work for free during an initial "trial" period

11      of at least several days;

12     b.    forcing all new grape workers who continue past the trial period to work at

13      piece rate (pruning and tying) work for between $16-32 for a full day's work

14      for several weeks;

15     c.    forcing employees to pay Defendant one full week's wages to obtain

16      placement in certain of Defendant's jobs;

17     d.    forcing employees to work pre-shift and post-shift "off the clock" time

18      without compensation;

19     e.    forcing employees to work a second shift of home-work without

20      compensation and without split shift pay, or in the alternative, failing to pay

21      for travel time and incurred expenses;

22     f.    forcing employees to purchase tools from the employer or otherwise supply

23      their own tools;

24     g.    failing to pay minimum wages;

25     h.    failing to pay double minimum wage to employees who provide or are

26      required to purchase their own tools;

27     i.    failing to provide non-exempt employees rest periods of at least ten (10)

28      minutes per four (4) hours worked or major fraction thereof and failing to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

18

1   pay such employees one (1) hour of pay at the employee's regular rate of

2   compensation for each workday that the rest period is not provided;

3   j.      requiring non-exempt employees to work at least five (5) hours without a

4   meal period and failing to pay such employees one (1) hour of pay at the

5   employee's regular rate of compensation for each workday that the meal

6   period is not provided;

7   k.      requiring employees to report to work and if an employee did report for

8   work, but was not put to work or was furnished with less than half said

9   employee's usual or scheduled day's work, paid the employee less than half

10   the usual or scheduled day's work at the employee's regular rate of pay

11   and/or less than the legal minimum;

12   l.      failing to provide employees with accurate itemized wage statements;

13   m.      failing to maintain accurate time-keeping records.

14   40.     For at least four years prior to the filing of this action and through to the present EL

15   RANCHO and its subsidiaries, parents, or affiliate companies consistently maintained and

16   enforced against its non-exempt agricultural and/or packing shed/cooler employees, among others,

17   the following unlawful practices and policies, in violation of California state wage and hour laws:

18   a.      forcing employees to work pre-shift and post-shift "off the clock" time

19   without compensation;

20   b.      forcing employees to work a second shift of home-work without

21   compensation and without split shift pay, or in the alternative, failing to pay

22   for travel time and incurred expenses;

23   c.      forcing employees to purchase tools from the employer or otherwise supply

24   their own tools;

25   d.      failing to pay minimum wages;

26   e.      failing to pay double minimum wage to employees who provide or are

27   required to purchase their own tools;

28   f.      failing to provide non-exempt employees rest periods of at least (10)

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

19

minutes per four (4) hours worked or major fraction thereof and failing to

pay such employees one (1) hour of pay at the employee's regular rate of

compensation for each workday that the rest period is not provided;

g.      requiring non-exempt employees to work at least five (5) hours without a

meal period and failing to pay such employees one (1) hour of pay at the

employee's regular rate of compensation for each workday that the meal

period is not provided;

h.      requiring employees to report to work and if an employee did report for

work, but was not put to work or was furnished with less than half said

employee's usual or scheduled day's work, paid the employee less than half

the usual or scheduled day's work at the employee's regular rate of pay

and/or less than the legal minimum;

i.      failing to provide employees with accurate itemized wage statements;

j.      failing to maintain accurate time-keeping records.

41.     For at least four years prior to the filing of this action and through to the present STEVCO and FAL INC. (dba. "Lucich Farms") and their subsidiaries, parents, or affiliate companies (collectively "LUCICH") consistently maintained and enforced against their non-exempt agricultural and/or packing shed/cooler employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

a.      forcing employees to work pre-shift and post-shift "off the clock" time

without compensation;

b.      forcing employees to work a second shift of home-work without

compensation and without split shift pay, or in the alternative, failing to pay

for travel time and incurred expenses;

c.      forcing employees to purchase tools from the employer or otherwise supply

their own tools;

d.      failing to pay minimum wages;

e.      failing to pay double minimum wage to employees who provide or are

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1          required to purchase their own tools;

2      f.     failing to provide non-exempt employees rest periods of at least (10)

3          minutes per four (4) hours worked or major fraction thereof and failing to

4          pay such employees one (1) hour of pay at the employee's regular rate of

5          compensation for each workday that the rest period is not provided, as

6          required by California state wage and hour laws;

7      g.    requiring non-exempt employees to work at least five (5) hours without a

8          meal period and failing to pay such employees one (1) hour of pay at the

9          employee's regular rate of compensation for each workday that the meal

10         period is not provided;

11     h.    requiring employees to report to work and if an employee did report for

12         work, but was not put to work or was furnished with less than half said

13         employee's usual or scheduled day's work, paid the employee less than half

14         the usual or scheduled day's work at the employee's regular rate of pay

15         and/or less than the legal minimum;

16     i.     failing to provide employees with accurate itemized wage statements;

17     j.     failing to maintain accurate time-keeping records.

18    42.    For at least four years prior to the filing of this action and through to the present

19 CASTLEROCK consistently maintained and enforced against its non-exempt agricultural and/or

20 packing shed/cooler employees, among others, the following unlawful practices and policies, in

21 violation of California state wage and hour laws:

22     a.    forcing employees to work pre-shift and post-shift "off the clock" time

23         without compensation;

24     b.    forcing employees to work a second shift of home-work without

25         compensation and without split shift pay, or in the alternative, failing to pay

26         for travel time and incurred expenses;

27     c.    forcing employees to purchase tools from the employer or otherwise supply

28         their own tools;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

21

1    d.    failing to pay minimum wages;

2    e.    failing to pay double minimum wage to employees who provide or are

3         required to purchase their own tools;

4    f.    failing to provide non-exempt employees rest periods of at least (10)

5         minutes per four (4) hours worked or major fraction thereof and failing to

6         pay such employees one (1) hour of pay at the employee's regular rate of

7         compensation for each workday that the rest period is not provided, as

8         required by California state wage and hour laws;

9    g.    requiring non-exempt employees  to work at least five (5) hours without a

10        meal period and failing to pay such employees one (1) hour of pay at the

11        employee's regular rate of compensation for each workday that the meal

12        period is not provided;

13   h.    requiring employees to report to work and if an employee did report for

14        work, but was not put to work or was furnished with less than half said

15        employee's usual or scheduled day's work, paid the employee less than half

16        the usual or scheduled day's work at the employee's regular rate of pay

17        and/or less than the legal minimum;

18   i.    failing to provide employees with accurate itemized wage statements;

19   j.    failing to maintain accurate time-keeping records.

20        43.   Plaintiffs, on behalf of themselves and all other non-exempt employees employed

21   by, or formerly employed by Defendants (hereinafter referred to as "Class Members"), bring this

22   action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6, 221,

23   226, 226.7, 512, 1174, 1194, 1194.2, 1197, and 1199, , 2802 and Business & Professions Code

24   §§17200 *et seq*. seeking unpaid wages, double minimum wages, unpaid rest and meal period

25   compensation, split shift pay, indemnification for employee expenses, statutory penalties,

26   liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees

27   and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or

28   benefits retained by Defendants as a result of their failure to comply with the above laws.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

22

1    Plaintiffs have followed the procedural requirements detailed in Labor Code §2698 *et seq*. and,

2    therefore, also seek civil penalties on behalf of themselves and the State of California.

3            44.     Plaintiffs, on behalf of themselves and all Class Members, pursuant to AWPA, 29

4    U.S.C. § 1801 *et seq*. seek declaratory relief, statutory damages, actual damages, interest, and

5    injunctive relief.

6            45.     Plaintiffs allege that Defendants, and each of them, are employers with respect to

7    any Plaintiffs or Class Members for whom Defendants used the services of a farm labor contractor.

8            46.     On information and belief, Defendants were on notice of the improprieties alleged

9    herein by their employees, Plaintiffs and the Class they seek to represent, and intentionally refused

10   to rectify their unlawful policies.

11           47.     Defendants' requirement that non-exempt employees work "off the clock" and

12   without compensation, work through meal and rest periods without paying legal compensation for

13   failure to provide rest or meal periods, in addition to the other violations alleged above, during all

14   relevant times herein was willful and deliberate.

15           48.     Defendants have made it difficult to account with precision for the unlawfully

16   withheld wages due Defendants' non-exempt employees, including Plaintiffs, during all relevant

17   times herein, because they have not implemented a record-keeping method to record all hours

18   worked and wages earned by their employees as required for non-exempt employees by California

19   Labor Code §§ 226 and 1174(d).

20           49.     Defendants have failed to comply with California Labor Code § 226(a) by itemizing

21   in wage statements all wages earned and accurately reporting total hours worked by Plaintiffs and

22   the members of the proposed class.  Plaintiffs and Class Members are therefore entitled to statutory

23   penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

25           50.     Plaintiffs bring this action on behalf of themselves and all others similarly situated

26   as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to

27   represent the following classes, composed of, and defined, as follows:

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

**D.M. CAMP CLASS:**  All persons who are employed or have been employed or jointly employed by D.M. CAMP in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees and were not paid all lawful wages, not indemnified for employee costs, not provided accurate wage statements, or not paid statutory penalties.

**SUNVIEW/MARKO CLASS:**  All persons who are employed or have been employed or jointly employed by SUNVIEW and/or MARKO in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees and were not paid all lawful wages, not indemnified for employee costs, not provided accurate wage statements, or not paid statutory penalties.

**GIUMARRA CLASS:**  All persons who are employed or have been employed or jointly employed by GIUMARRA in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees and were not paid all lawful wages, not indemnified for employee costs, not provided accurate wage statements, or not paid statutory penalties.

**EL RANCHO CLASS:**  All persons who are employed or have been employed or jointly employed by EL RANCHO in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees and were not paid all lawful wages, not indemnified for employee costs, not provided accurate wage statements, or not paid statutory penalties.

**STEVCO/FAL INC. CLASS:**  All persons who are employed or have been employed or jointly employed by STEVO and/or FAL INC. (collectively "LUCICH") in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees and were not paid all lawful wages, not indemnified for employee costs, not provided accurate wage statements, or not paid statutory penalties.

**CASTLEROCK CLASS:**  All persons who are employed or have been employed or jointly employed by CASTLEROCK in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees and were not paid all lawful wages, not indemnified for employee costs, not provided accurate wage statements, or not paid statutory penalties.

51.     Plaintiffs may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

## A. <u>Numerosity</u>

52.     The potential members of the above classes as defined are so numerous that joinder

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

of all the members of the Classes is impracticable.  While the precise number of members of each class has not been determined at this time, Plaintiffs are informed and believe that each class consists of several hundred to several thousand employees, the vast majority of them in the State of California, in positions as non-exempt employees dispersed throughout this Judicial District, and who are or have been affected by the unlawful practices as alleged herein.

53.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  On information and belief, Plaintiffs allege the Defendants' employment records will provide information as to the number and location of the members of the Classes.  Joinder of all members of the proposed Classes is not practicable.

## B. <u>Commonality</u>

54.     There are questions of law and fact common to the Classes predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

    a.    Whether Defendants violated California Labor Code and applicable wage orders by not compensating non-exempt employees for all hours worked;

    b.    Whether Defendants violated California Labor Code and applicable wage orders by compensating non-exempt employees at hourly wage rates below the minimum wage rate;

    c.    Whether Defendants violated California Labor Code and applicable wage orders by requiring non-exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay;

    d.    Whether Defendants violated California Labor Code and applicable wage orders by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

    e.    Whether Defendants violated California Labor Code and applicable wage

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

orders by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

f.    Whether Defendants violated California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiffs and the Class they seek to represent;

g.    Whether Defendants violated California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with Defendants terminated;

h.    Whether Defendants violated §17200 *et seq*. of the California Business and Professions Code by unlawfully deducting wages, failing to indemnify employees, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring employees to work "off the clock" without compensation and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at hourly wage rates below the minimum wage and converting same to Defendants' own use; unlawfully requiring non-exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay and converting same to Defendants' own use; unlawfully requiring employees to work split shifts without paying non-exempt employees one hour's pay at the minimum wage for each workday they work a split shift and converting same to Defendants' own use; failing to provide rest and meal periods without compensating non-exempt employees one hour's pay for each instance such

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

26

periods were not provided and converting same to Defendants' own use;
failing to pay wages and compensation for denied rest and meal period
compensation due and owing at the time a Class Member's employment
with Defendants terminated; and failing to keep accurate records causing
injury to employees;

i.     Whether Defendants violated § 17200 *et seq*. of the Business and
Professions Code by violating the fundamental public policy underlying the
California Labor Code and applicable wage orders;

k.     Whether Plaintiffs and the Members of the Classes are entitled to
declaratory, injunctive and other equitable relief pursuant to Business and
Professions Code § 17200, *et seq*.

i.     Whether Plaintiffs and the Members of the Classes are entitled to damages,
restitution, statutory penalties, declaratory, injunctive and declaratory relief,
attorney's fees and costs, and other relief pursuant to the California Labor
Code, the applicable wage orders, and Business and Professions Code
§ 17200, *et seq*.

## C.  **Typicality**

55.     The claims of the named Plaintiffs are typical of the claims of the Classes.
Plaintiffs and all members of the Classes sustained injuries and damages arising out of and caused
by Defendants' common course of conduct in violation of California laws, regulations, and statutes
as alleged herein.

## D.  **Adequacy of Representation**

56.     Plaintiffs will fairly and adequately represent and protect the interests of the
members of the Classes.  Counsel who represent Plaintiffs are competent and experienced in
litigating large employment class actions.

## E.  **Superiority of Class Action**

57.     A class action is superior to other available means for the fair and efficient
adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

27

1  questions of law and fact common to the Classes predominate over any questions affecting only

2  individual members of the Classes.  Each member of the proposed Classes have been damaged and

3  is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to

4  compensate Class Members for all wages earned and engaging in the unlawful practices herein

5  complained of, and denying Class Members rest and meal periods without legal compensation.

6        58.    No other litigation concerning this controversy has been commenced by or against

7  class members.

8        59.    Class action treatment will allow those similarly situated persons to litigate their

9  claims in the manner that is most efficient and economical for the parties and the judicial system.

10  It is unlikely that individual class members have any interest in individually controlling separate

11  actions in this case.  Class members' lack of knowledge of the legal system and limited economic

12  resources would deprive most class members of the practical opportunity to pursue their claims

13  were this class action not certified.

14        60.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the

15  management of this action that would preclude its maintenance as a class action.  The benefits of

16  maintaining this action on a class basis far outweigh any administrative burden in managing the

17  class action.  Conducting the case as a class action would be far less burdensome than prosecuting

18  numerous individual actions.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

Violation of AWPA

(Against SUNVIEW and MARKO on behalf of JOHN DOE and JOHN DOE II individually and the SUNVIEW/MARKO CLASS; against D.M. CAMP on behalf of JOHN ROE and JANE ROE individually and the D.M.CAMP CLASS; against GIUMARRA on behalf of JOHN ZOE, JANE EOE, JANE EOE II individually and the GIUMARRA CLASS; against EL RANCHO on behalf of JANE AOE and JANE AOE II individually and the EL RANCHO CLASS; against FAL, INC. and STEVCO, INC. on behalf of JOHN BOE, JOHN BOE II, JANE BOE individually and the STEVCO/FAL INC. CLASS; against CASTLEROCK on behalf of JANE COE and JANE COE II individually and the CASTLEROCK CLASS)[1]

61.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

62.    Defendants intentionally violated Plaintiffs' and the Classes Members' rights under AWPA by:

a.    failing to disclose in writing the terms and conditions of employment at the time Plaintiffs were recruited, in violation of 29 U.S.C. § 1821(a);

b.    providing false and misleading information regarding the terms and conditions of employment of Plaintiffs, in violation of 28 U.S.C. § 1821(f);

c.    violating the terms of the working arrangement made with Plaintiffs in California, in violation of 28 U.S.C. § 1822(c); and/or by

d.    failing to pay wages when due in violation of 29 U.S.C. § 1822(a).

63.    For each violation of AWPA, each member of the classes are entitled to recover his or her actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

## SECOND CLAIM FOR RELIEF

Failure to Pay Wages

(Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

64.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

65.    On information and belief, by their intentional policy of:

a.    requiring employees to work "off the clock" by, for example, arriving early

---

[1] This list of individual named plaintiffs, their respective employers, and the respective classes they seek to represent will hereafter be referenced as "Against All Defendants on Behalf of All Plaintiffs Individually and All Classes."

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

29

1    for set up, attending trainings and other meetings, and requiring employees

2    to clean their bandejas (trays) at home without compensation;

3  b.  requiring employees to work at hourly wage or piece rates below minimum

4    wage;

5  c.  requiring employees to report to work and when the employee does report

6    for work, but is not put to work or is furnished less than half said employee's

7    usual or scheduled day's work, paying the employee less than half the usual

8    or scheduled day's work at the employee's regular rate of pay or less than

9    the legal minimum;

10  d.  requiring employees to work split shifts without paying employees one

11    hour's pay at the minimum wage for each workday they work a split shift;

12  e.  requiring employees to work without being provided a minimum ten (10) -

13    minute rest period for every four (4) hours or major fraction thereof worked

14    and not being compensated one (1) hour of pay at the employee's regular

15    rate of compensation for each workday that a rest period was not provided;

16    and

17  f.  requiring employees to work in excess of five (5) hours per day without

18    being provided a meal period and not being compensated one (1) hour of

19    pay at the

20    regular rate (or minimum wage) of compensation for each workday that a

21    meal period was not provided;

22  g.  failing to pay at least two times the minimum wage to employees whom they

23    required to provide and maintain hand tools;

24  h.  failing to provide and maintain tools or equipment required by the

25    Defendants or necessary to the performance of the jobs performed; and

26  i.  requiring employees to purchase tools from the Defendants and/or maintain

27    tools and equipment;

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1              j.      failing to pay all wages due at employee's voluntary or involuntary

2                    termination.

3   Defendants willfully violated the provisions of the Labor Code, other California laws, and IWC

4   Wage Orders.

5         66.     Defendants failed to pay minimum wage "for all hours worked."  In particular,

6   Plaintiffs and the classes were forced to work "off the clock" time without compensation by being

7   forced to clock out and return to work through meal periods.

8         67.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

9   The minimum wage for employees fixed by the commission is the minimum wage
10  to be paid to employees, and the payment of a less wage than the minimum so fixed
    is unlawful.

11       68.     The applicable minimum wages fixed by the commission for agricultural workers is

12  found in Wage Orders 8-2001, 13-2001 and 14-2001, which state:

13       4. Minimum Wages.

14  (A) Every employer shall pay to each employee wages not less than six
    dollars and twenty-five cents ($6.25) per hour for all hours worked, effective
15  January 1, 2001, and not less than six dollars and seventy five cents ($6.75)
    per hour for all hours worked effective January 1, 2002, except:
16
        (1) LEARNERS: Employees during their first one-hundred and sixty
17      (160) hours of employment in occupations in which they have no
        previous similar or related experience, may be paid not less than eighty-
18      five (85) per cent of the minimum wage rounded to the nearest nickel.

19       69.     The minimum wage provisions of California Labor Code are enforceable by private

20  civil action pursuant to California Labor Code §1194(a) which states:

21  Notwithstanding any agreement to work for a lesser wage, any employee receiving
    less than the legal minimum wage or the legal overtime compensation applicable to
22  the employee is entitled to recover in a civil action the unpaid balance of the full
    amount of this minimum wage or overtime compensation, including interest
23  thereon, reasonable attorney's fees and costs of suit.

24       70.     As described in California Labor Code § 1185 and § 1194.2, any such action

25  incorporates the applicable wage order of the California Labor Commission.

26       71.     California Labor Code § 1194.2 also provides for the following remedies:

27  (a) In any action under Section 1194 . . . to recover wages because of the
    payment of a wage less than the minimum wage fixed by an order of the
28  commission, an employee shall be entitled to recover liquidated damages in
    an amount equal to the wages unlawfully unpaid and interest thereon.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

31

72.     As such, Plaintiffs, individually and on behalf of the Classes, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and Plaintiffs and the Classes are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2(a).

**THIRD CLAIM FOR RELIEF**

Failure To Pay Reporting Time Wages
(California Labor Code §§1197, 1194(a), 1194.2, IWC Wage Orders and others)
(Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

73.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

74.     Defendants failed to pay reporting time wages.  In particular, Plaintiffs and the Class Members were forced to comply with work schedules that required them to report to work and were furnished with less than half said employees' usual or scheduled day's work.

75.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

76.     The applicable split shift minimum wages fixed by the commission for agricultural workers are found in Wage Orders 8-2001(5)(A) and (B), 13-2001(5)(A) and (B), and 14-2001(5)(A) and (B), which state:

(A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

(B) If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

77.     The definition of "shift" is defined in Wage Order 14-2001(2)(O), which states:

"Shift" means designated hours of work by an employee, with a designated beginning time and quitting time.

78.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

79.     As described, in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

80.     California Labor Code § 1194.2 also provides for the following remedies:

In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

81.     As such, Plaintiffs, individually and on behalf of the Classes, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and Plaintiffs and the Classes are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2.

## FOURTH CLAIM FOR RELIEF

Failure to Provide Rest Periods and Meal Periods or Compensation
in Lieu Thereof (Lab. Code, §§ 226.7, 512)
(Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

82.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

83.     Plaintiffs allege that the class members worked for periods of more than five hours without a meal period of 30 minutes and were not provided full statutory ten minute rest periods while in the employ of Defendants.

84.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

85.     The applicable wage orders issued by the Industrial Welfare Commission state with regard to meal periods:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

33

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1
2
3
4
5
6

Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

7   A similar provision is contained at California Labor Code § 512.

8      86.     The applicable Wage Orders state in regard to breaks:

9
10
11
12
13

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

14      87.     Therefore, Defendants violated California Labor Code § 226.7 by failing to provide

15   the meal and rest periods mandated by Labor Code § 226.7 and the applicable wage orders, and by

16   failing to provide one hour pay at the employees' regular rate of compensation for each work day

17   that the meal period was not provided and one hour pay at the employees' regular rate of

18   compensation for each work day that the rest period is not provided.

19      88.     On information and belief, Plaintiffs and the Class Members they seek to represent

20   did not voluntarily or willfully waive rest and/or meal periods.  Any express or implied waivers

21   obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily

22   agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.  On

23   information and belief, during the meal and rest period liability period, Defendants did not permit

24   or authorize Plaintiffs and Class Members to take meal and rest periods.

25      89.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the

26   Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to

27   calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Class.

28      90.     As a result of the unlawful acts of Defendant's actions, Plaintiffs and the Class they

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

34

1   seek to represent have been deprived of premium wages in amounts to be determined at trial, and

2   are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

3   costs, under Labor Code §§ 203, 226, 226.7, and 1194.

### FIFTH CLAIM FOR RELIEF

<u>Failure to Timely Pay Wages Due At Termination (Lab. Code, §§ 201, 202, 203)</u>
(Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

91.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

92.    California Labor Code Section 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

93.    California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

94.    As described above, Defendants failed to timely pay Plaintiffs and the Classes all of their wages due for work performed and this failure continued through the time in which Plaintiffs and members of the classes quit or were discharged from their employment with Defendants.  As a result, Defendants have violated California Labor Codes §§ 201 and 202.

95.    California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

96.    The statute of limitations for an action for the wages at issue is four years pursuant

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1  to California Business and Professions Code §17200.  Defendants violated California Labor Code

2  §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due

3  pursuant to the timelines provided in those sections.  Defendants willfully failed to pay all wages

4  due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiffs are entitled to 30

5  days wages which is calculated pursuant to California case law as 30 working days including

6  overtime.

7          97.      Plaintiffs and the Classes they seek to represent are entitled to compensation for all

8  forms of wages earned, including, but not limited to, compensation for unprovided rest periods and

9  unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates

10  below the minimum wage, but to date have not received such compensation therefore entitling

11  them to Labor Code § 2 03 penalties.

12          98.      More than 30 days have passed since affected Class Members have left Defendants'

13  employ, and on information and belief, have not received payment pursuant to Labor Code § 203.

14  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and

15  certain Class Members who are no longer employed by Defendants are entitled to 30 days' wages

16  as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon

17  and attorneys' fees and costs.

18                          **SIXTH CLAIM FOR RELIEF**

19              Knowing and Intentional Failure to Comply With Itemized
               Employee Wage Statement Provisions (Lab. Code §§ 226(b), 1174, 1175)
20             (Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

21          99.      Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

22          100.    California Labor Code Section 226(a) states:

23      Every employer shall, semimonthly or at the time of each payment of wages,
        furnish each of his or her employees, either as a detachable part of the check, draft,
24      or voucher paying the employee's wages, or separately when wages are paid by
        personal check or cash, an accurate itemized statement in writing showing
25

26              (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number
                of piece-rate units earned and any applicable piece rate if the employee is paid on a
27              piece-rate basis . . .(5) net wages earned, . . .

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

36

101.   Defendants failed to provide "accurate itemized statements" to employees because the wage statements:

    a.   Falsely understated Plaintiffs' and the Class Members' gross wages earned by failing to pay for all hours worked;

    b.   Falsely understated the total hours worked by Plaintiffs and the Class Members by ignoring the total of hours actually worked;

    c.   Falsely understated Plaintiffs' and Class Members' net wages earned by failing to pay for all hours worked;

    d.   Falsely understated Plaintiffs' and Class Members' "number of hours worked at each hourly rate."

102.   California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

    (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

    (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

103.   In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

104.   In addition, Section 1174 of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174. Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

105.    By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are entitled up to $4,000.00 per Class Member.

106.    WHEREFORE, Plaintiffs and the Classes they seek to represent request relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

(Labor Code §§ 2698, *et seq.*) (Labor Code Private Attorneys General Act)
(Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

107.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

108.    Plaintiffs submit this Second Amended Complaint to include allegations pursuant to Labor Code §§ 2699 *et seq.* (The Private Attorney General Act). Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under §§ 2699 *et seq.*

109.    Plaintiffs are aggrieved employees as defined in Labor Code §2699(a). They bring this cause on behalf of themselves and other current or former employees affected by the labor law violations alleged in this complaint.

110.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

38

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

111.    To the extent that any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for Plaintiffs and each class member for each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f).

112.    The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to Defendants and to the Labor and Workforce Development Agency of the Labor Code and IWC Wage Order violations averred herein.  The Agency notified Plaintiffs that it would not investigate these violations.

113.    Plaintiffs seek penalties on behalf of themselves, other aggrieved employees, and the State, as provided by Labor Code § 2699(i).

114.    Defendants are liable to Plaintiffs, Class Members, and the State for the civil penalties set forth in this Second Amended Complaint, with interest thereon.  Plaintiffs are also entitled to an award of attorneys' fees and costs as set forth below.

115.    Plaintiffs, on behalf of themselves and similarly situated employees and former employees of Defendants, request relief as described below.

## EIGHTH CLAIM FOR RELIEF

### Conversion
(Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

116.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

117.    Plaintiffs and Class Members labored for and were subject to the control of Defendants, and each of them, and were permitted and/or required to suffer work, all for the benefit of Defendants, and earned wages lawfully belonging to Plaintiffs and Class Members. Defendants converted to their own use the lawful wages of non-exempt employees by unlawfully requiring them to work "off the clock" and without compensation and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at wage or piece rates below the minimum wage and converting same to Defendants' own use; unlawfully requiring non-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them for less than half the usual or scheduled day's work at their regular rate of pay and converting same to Defendants' own use; unlawfully requiring employees to work split shifts without paying non-exempt employees one hour's pay at the minimum wage for each workday they work a split shift and converting same to Defendants' own use; failing to provide rest and meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use.

118.    As a result of the unlawful acts of Defendants, Plaintiffs and the Classes they seek to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and statutory penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 200 *et seq.*, 500 *et seq.*, 1100 *et seq.*, and California law.

119.    WHEREFORE, Plaintiffs and the Classes they seek to represent request relief as described herein and below.

## NINTH CLAIM FOR RELIEF

### Breach of Contract
(Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

120.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

121.    The Defendants entered into employment contracts with the Plaintiffs and the Classes whereby Defendants would pay hourly rates of pay.  Evidence of this hourly rate is contained on the wage statements for employees as required by California Labor Code § 226. Pursuant to California Labor Code § 223, "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Pursuant to California Labor Code § 225, a violation of Labor Code § 223 constitutes an misdemeanor.  Pursuant to California Labor Code § 206.5, any release required or executed regarding these wages is null and void and would constitute a misdemeanor if imposed by Defendants.  Further, all applicable sections of the California Labor Code and Wage Orders are incorporated into said employment contracts with

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1    Plaintiffs and the Classes by operation of law.

2        122.    The Defendants breached the contracts of employment into which they entered with

3    the Plaintiffs and the Classes by failing to comply with the promised terms and conditions of

4    employment.

5        123.    The Plaintiffs and the Classes were at all times ready, willing, and able to, and did

6    in fact, comply with the terms of the employment contract.

7        124.    As a direct consequence of Defendants' breach of the employment contract,

8    Plaintiffs and the Classes suffered substantial injury.

9        125.    As a result, the Defendants are therefore liable to the Plaintiffs and the Classes for

10   actual, incidental, and consequential damages.

11                        **TENTH CLAIM FOR RELIEF**

12       <u>Violation of Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*)</u>
         (Against All Defendants on Behalf of All Plaintiffs Individually and All Classes)

13

14       126.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

15       127.    As described above, Defendants have violated the following California laws:

16               a.   violation of California Labor Code § 201 (relating to the failure to pay wages

17                    upon discharge);

18               b.   violation of California Labor Code § 202 (relating to the failure to pay wages

19                    upon quitting);

20               c.   violation of California Labor Code § 205.5 (relating to the failure to pay all

21                    wages owing twice during each calendar month);

22               d.   violation of California Labor Code § 206 (relating to the failure to pay

23                    uncontested wages);

24               e.   violation of California Labor Code § 221 (applied to GIUMARRA only, relating

25                    to the requirement of employees to kick-back wages to obtain certain jobs);

26               f.   violation of California Labor Code § 223 (relating to the failure to pay

27                    contractual wages);

28               g.   violation of California Labor Code § 226 (relating to providing correct wage

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

41

1    statements and keeping correct records);

2    h.   violation of California Labor Code § 226.7 (relating to the failure to ensure

3         proper meal periods and rest breaks);

4    i.   violation of California Labor Code § 512 (relating to the failure to ensure proper

5         meal periods)

6    j.   violation of California Labor Code §§ 1182.11, 1197 and the applicable Wage

7         Order (constituting the lawful minimum wage and payment of double minimum

8         wage if employees are required to supply their own tools);

9    k.   violation of California Labor Code § 2802 (reimbursement for employer-

10        required tools).

11   l.   violation of the Agricultural Workers Protection Act.

12        128.    Defendants' activities also constitute unfair business practices in violation of Cal.

13   Bus. & Prof. Code §§ 17200 *et seq*., because Defendant's practices violate the above noted laws,

14   and/or violate an established public policy and/or the practice is immoral, unethical, oppressive,

15   unscrupulous and substantially injurious to Plaintiffs, the public, and the Classes.

16        129.    Plaintiffs and Class Members are entitled to injunctive and other equitable relief

17   against such unlawful practices in order to prevent future damage, for which there is no adequate

18   remedy at law, and to avoid a multiplicity of lawsuits.

19        130.    As a result of their unlawful acts, Defendants have reaped and continue to reap

20   unfair benefits and unlawful profits at the expense of Plaintiffs, and the Classes they seek to

21   represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten

22   gains and restore to Plaintiffs and the members of the Plaintiff Classes the wrongfully withheld

23   wages pursuant to Business and Professions Code § 17203.  Plaintiffs are informed and believe,

24   and thereon allege, that Defendants are unjustly enriched through their requiring employees to

25   suffer Defendants' failure to pay legal wages, and/or other compensation for working through meal

26   periods, and compensation for unprovided rest periods to Plaintiffs and members of the Plaintiff

27   Classes.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the

28   Plaintiff Classes are prejudiced by Defendants' unfair trade practices.

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

42

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

131.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and members of the Classes as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

132.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require Defendants' non-exempt employees to work "off the clock" without compensation, will continue to require non-exempt employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

133.    Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiffs and the Classes they seek to represent to work "off the clock" without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation, enjoining Defendants from forbidding employees to leave the workplace during meal periods, and from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

134.    WHEREFORE, Plaintiffs and the Classes they seek to represent request relief as described herein and below.

## ELEVENTH CLAIM FOR RELIEF

Failure to Pay Overtime Compensation
(Against D.M. CAMP on behalf of JOHN ROE and JANE ROE individually and the D.M.CAMP CLASS)

135.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

136.    California Labor Code § 510(a) states:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first

43

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1   eight hours worked on the seventh day of work in any one workweek shall be
    compensated at the rate of no less than one and one-half times the regular rate of
2   pay for an employee.   Any work in excess of 12 hours in one day shall be
    compensated at the rate of no less than twice the regular rate of pay for an
3   employee.  In addition, any work in excess of eight hours on any seventh day of a
    workweek shall be compensated at the rate of no less than twice the regular rate of
4   pay of an employee.

5   Wage Order 13-2001(3)(A) contains the same regulations.   Wage Order 13-2001 is an order which

6   is authorized under California Labor Code § 1185.

7       137.    California Labor Code § 500 defines, "workday" and "day" to mean any

8   consecutive 24 hour period commencing at the same time each calendar day, and defines

9   "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day

10  each week."

11      138.    As described herein, D.M. CAMP violated California Labor Code § 510 and the

12  applicable Wage Order by employing JOHN ROE and JANE ROE and the D.M. CAMP CLASS

13  members in excess of 8 hours in one day, 40 hours in a workweek without paying overtime pay.  In

14  particular, D.M. CAMP failed to pay proper overtime based upon D.M. CAMP's practices in their

15  packing and cooler sheds pursuant to IWC Wage Order 13-2001 and others.

16                                 **PRAYER**

17      WHEREFORE, Plaintiffs pray for judgment as follows:

18      1.      That the Court determine that this action may be maintained as a class action or

19  actions;

20      2.      For compensatory damages in an amount according to proof with interest thereon;

21      3.      For economic and/or special damages in an amount according to proof with interest

22              thereon;

23      4.      For a declaratory judgment that each of the Defendants violated the Plaintiffs' and

24              Class Members' rights under the AWPA, 29 U.S.C. § 1801 *et seq.*, the California

25              Labor Code, and applicable wage orders as set forth in the preceding paragraphs;

26      5.      Award each Plaintiff and proposed class member statutory damages or, in the

27              alternative, actual damages for Defendants' violations of the AWPA;

28      6.      That each of the Defendants be found to have engaged in unfair competition in

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

44

1   violation of California Business and Professions Code § 17200 *et seq.*;

2   7.   That each of the Defendants be ordered and enjoined to make restitution to the

3   Classes due to their unfair competition, including disgorgement of their wrongfully-

4   obtained revenues, earnings, profits, compensation, and benefits, pursuant to

5   California Business and Professions Code §§ 17203 and 17204;

6   8.   That each of the Defendants be enjoined from continuing the unlawful or unfair

7   competition in violation of § 17200 as alleged herein;

8   9.   For declaratory relief for Defendants' violation of the California Labor Code,

9   California Business and Professions Code, and the Federal AWPA;

10   10.   That Defendants be enjoined from further acts of restraint of trade or unfair

11   competition;

12   11.   For premium wages pursuant to Labor Code §§ 226 and 226.7;

13   12.   For unpaid wages pursuant to California Labor Code §1194 and liquidated damages

14   pursuant to Labor Code §1194.2;

15   13.   For an order imposing all statutory and/or civil penalties provided by law, including

16   but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512,

17   558, 1174.5, 1194, 1194.2, 1197.1, 2699(a) and 2699(f);

18   14.   An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs,

19   and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.6, 226,

20   1194, 2699(g), 2802 and/or other applicable law; and

21   15.   For the greater of actual or statutory damages of $500 for each plaintiff pursuant to

22   AWPA;

23   16.   For damages for Defendants' conversion of Plaintiffs' and the Class Members'

24   unpaid wages;

25   17.   For actual, incidental, and consequential damages for breach of contract;

26   18.   For such other and further relief as the Court deems just and proper.

27   / / /

28   / / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

3
Dated:  March 10, 2006.

LAW OFFICES OF MALLISON & MARTINEZ

4

5
By:   /s/Stan S. Mallison_____
      Stan S. Mallison

6
      Hector R. Martinez
      Attorneys for Plaintiffs

7

WEINBERG, ROGER & ROSENFELD

8
A Professional Corporation

9

10
By:   /s/Christian L. Raisner_____
      Christian L. Raisner
      Attorneys for Plaintiffs

11

MILBERG WEISS BERSHAD & SCHULMAN LLP

12
A Professional Corporation

13

14
By:   /s/Jeff S. Westerman_____
      Jeff S. Westerman
      Attorneys for Plaintiffs

15
111393/413896

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Corrected Second Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1

## PROOF OF SERVICE

2        I am a citizen of the United States, and a resident of the State of California.  I am over the

3   age of eighteen years, and not a party to the within action.  My business address is 1001 Marina

4   Village Parkway, Suite 200, Alameda, California 94501-1091.  On March 13, 2006, I served upon

5   the following parties in this action:

6   Ronald H. Barsamian                          Marion I. Quesenbery
    Barsamian Saqui and Moody                    Rynn & Janowsky, LLP
7   1141 West Shaw Avenue, Suite 104             P.O. Box 20799
    Fresno, CA 93711-3704                        Oakland, CA 94620
8   for *Defendant D.M. Camp & Sons*             for *Castlerock Farming and Transport, Inc.*

9   Joseph Edward Herman                         Joseph C. Markowitz
    Law Office of Joseph Herman                  Law Office of Joseph C. Markowitz
10  114 S. Rossmore Avenue                       444 S. Flower Street, Suite 1750
    Los Angeles, CA 90004                        Los Angeles, CA 90071
11  for *Giumarra Vineyard Corporation*          for *Giumarra Vineyard Corporation*

12  William L. Alexander                         Brendan Dolan
    Amy Johnson Barks                            Morgan, Lewis & Bockius LLP
13  Alexander & Associates, PLC                  One Market Spear Street Tower
    2020 Eye Street, Suite 201                   San Francisco, CA 94105
14  Bakersfield, CA 93301                        for *Defendants Mark Zaninovich, Inc.; and*
    for *El Rancho Farms*                        *Sunview Vineyards of California, Inc.*

15
    David A. Dixon                               Judge's Chamber copy to:
16  Hogan & Klingenberger P.C.
    5060 California Avenue, Suite 620            Honorable Anthony W. Ishii
17  Bakerfield, CA 93309                         U.S. District Court
    for *Stevco, Inc.*; and *FAL, Inc.*          2500 Tulare Street
18                                               Fresno, CA 93721

19  copies of the document(s) described as:

20      **CORRECTED SECOND AMENDED COMPLAINT – DEMAND FOR JURY TRIAL**

21  **[X]      BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope,
            addressed as indicated herein, and caused each such envelope, with postage thereon fully
22          prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar
            with the practice of Weinberg, Roger & Rosenfeld for collection and processing of
23          correspondence for mailing, said practice being that in the ordinary course of business, mail
            is deposited in the United States Postal Service the same day as it is placed for collection.
24
            I certify that the above is true and correct.  Executed at Alameda, California, on March 13,
25  2006.

26
                                         /s/Eva Miron
27                                       Eva Miron

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001