UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>D.M. CAMP & SONS, et al.,<br><br>        Defendants. | CIV-F-05-1417 AWI SMS<br><br>ORDER RE: SUPPLEMENTAL BRIEFING |

After reviewing the moving papers, the court has determined that additional briefing on several issues is necessary. Some of the following questions are directed at specific parties. All other parties that have an interest in those questions are invited to respond if they feel it would aid the court.

Issue 1 (all parties)

Can Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") claims ever be based on violation of state law, such as a state minimum wage law? If so, what is the distinction between those state laws that can be the basis of an AWPA claim and those that can not? Which of Plaintiffs' state law causes of action can be the basis of an AWPA claim and which can not? How should the court draw the line between those claims that are recoverable under AWPA and those which Plaintiffs must rely on state law for recovery? Please address these issues with special reference to "wages" and "working arrangements." The court requests both detailed case

law and legislative history as this is a central issue in this suit.

Issue 2 (all parties)

Industrial Wage Commission Order No. 14-2001 states, "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of employer and employee." What does this sentence mean? How is the first half to be read in conjunction with the second half? If the parties are unable to find definitive case law interpreting this meal period regulation in contrast with the equivalent language in other Industrial Wage Commission Orders, the court invites the parties to examine: (1) interpretations of this regulation by the Department of Labor Standards Enforcement; (2) the history behind the drafting of this regulation and the drafting of the equivalent language in other Industrial Wage Commission Orders, with special reference to the statements of reason/basis under Cal. Lab. Code §1177(b); and (3) legislative history and case law on Cal. Labor Code §554 that may shed light on what was intended by the exception for agriculture with respect to meal periods.

What weight should the court give to opinions of the Department of Labor Standards Enforcement in light of <u>Tidewater Marine Western, Inc. v. Bradshaw</u>, 14 Cal. 4th 557, 572-73 (Cal. 1996), <u>Morillion v. Royal Packing Co.</u>, 22 Cal. 4th 575, 584 (Cal. 2000), and subsequent cases?

Issue 3 (all parties)

Aside from the Private Attorney General Act, what other California laws specifically refer to review of proposed settlement agreements by a "superior court"? Have other federal courts assumed jurisdiction over claims based on those sections? Have state courts interpreted those statutes to limit claims to state court?

/ / /

/ / /

Issue 4 (Plaintiffs)

Are Plaintiffs alleging joint and several liability among all of the Defendants? Some of the Defendants? What would be the legal and factual basis for such a claim? How would such a claim affect the joinder/severance analysis? How can separate discovery and trials be held if joint liability is alleged? Plaintiffs say that they would seek to amend their pleadings should severance due to misjoinder be granted. How do Plaintiffs propose to amend their pleadings? Would Plaintiffs seek to replead their claims as eight separate suits or would Plaintiffs seek to make new claims in support of their argument in favor of joinder? Also, Plaintiffs say that "The same issues of law and fact exist as to each defendant." What material (as opposed to background) issues of fact are common to the Defendants?

Issue 5 (Plaintiffs, Stevco, and FAL)

Defendants Stevco and FAL seek to have documents relating to the state court case Lara v. Casimiro, No. S-1500-CV-252445 SPC judicially noticed. These Defendants argue that Plaintiffs' claims must be dismissed because certain parts of the Corrected Second Amended Complaint contradict allegations made in these earlier pleadings and Plaintiffs were required (but failed) to seek leave from state court before amending their claims. Provide case law as to how these arguments apply to class actions. Does it matter if the cases share a class representative? An attorney? Also, it appears that several of the substantive rulings Defendants point to took place before Stevco and FAL were defendants in the state suit. Does that matter? Again, please provide case law.

All parties are directed to file a supplemental brief addressing the issues outlined above by 4 PM, August 28, 2006. If they wish, parties may file supplemental responses to other parties' supplemental briefs by 4 PM, September 11, 2006.

IT IS SO ORDERED.

**Dated:    July 28, 2006**                                        /s/ **Anthony W. Ishii**
0m8i78                                                         UNITED STATES DISTRICT JUDGE