Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549
Telephone:      (925) 283-3842
Facsimile:      (925) 283-3426

David A. Rosenfeld (SBN 058163)
W. Daniel Boone (SBN 046553)
Christian L. Raisner (SBN 133839)
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone:      (510) 337-1001
Facsimile:      (510) 337-1023

Jeff S. Westerman (SBN 94559)
Sabrina S. Kim (SBN 186242)
MILBERG WEISS BERSHAD & SCHULMAN LLP
355 South Grand Avenue, Suite 4170
Los Angeles, CA 90071
Telephone:      (213) 617-1200
Facsimile:      (213) 617-1975

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| Plaintiffs FERNANDO RODRIGUEZ and GUADALUPE HERRERA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D.M. CAMP & SONS, and Does 1-20<br><br>Defendants. | Case No.  1:05-CV-01417-AWI-SMS<br><br>**Per 3/31/08 Order Granting Severance in Case No. 1:05-cv-01417 AWI-SMS**<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1.   Violation of the Agricultural Workers Protection Act, 29 USC § 1801 *et seq.***<br>**2.   Failure to Pay Wages**<br>**3.   Failure to Pay Reporting Time Wages**<br>**4.   Failure to Provide Rest Periods and Meal Periods**<br>**5.   Failure to Pay Wages of Terminated or Resigned Employees**<br>**6.   Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions**<br>**7.   Labor Code § 2699 *et seq.***<br>**8.   Breach of Contract**<br>**9.   Violation of Unfair Competition Law**<br>**10. Failure to Pay Overtime**<br>**DEMAND FOR JURY TRIAL** |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Plaintiffs FERNANDO RODRIGUEZ and GUADALUPE HERRERA bring this action against D.M. CAMP & SONS and Does 1-20, (collectively "Defendants"), on behalf of themselves, all others similarly situated, and the general public, and allege upon information and belief, which is based upon the investigation of their counsel, except as to the allegations concerning Plaintiffs, which are made upon Plaintiffs' personal knowledge, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*

2.      This Court has supplemental jurisdiction over the California state law and contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

3.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which the Defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## INTRADISTRICT ASSIGNMENT

5.      This case is properly assigned to the Fresno Division of this Court because the action arose in Tulare and Kern Counties, California.  Local Rule 3-120(d).

## PARTIES

### *Plaintiffs*

6.      Plaintiff FERNANDO RODRIGUEZ is a resident of Kern County, California.  At relevant times herein, he has been employed by D.M. CAMP & SONS ("D.M. CAMP") as an employee on land owned, leased, and/or operated by D.M. CAMP in and around Kern County, California, and has been employed by D.M. CAMP as a non-exempt employee.  Plaintiff FERNANDO RODRIGUEZ was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period FERNANDO RODRIGUEZ

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1   worked for D.M. CAMP within the Intradistrict Venue of the Fresno Division of the Eastern

2   District, performing agricultural work at various times during throughout the Class Period from

3   2003 until late 2005, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly

4   and/or piece wage rates that varied over his period of employment.

5       7.      Plaintiff GUADALUPE HERRERA is a resident of Kern County, California.  At

6   relevant times herein, she has been employed by D.M. CAMP as an employee on land owned,

7   leased, and/or operated by D.M. CAMP in and around Kern County, California, and has been

8   employed by D.M. CAMP as a non-exempt employee.  Plaintiff GUADALUPE HERRERA was

9   hired pursuant to oral contracts of employment entered into within the counties covered by

10  Intradistrict Venue in Fresno division of the Eastern District pursuant to Local Rule 3-120.  During

11  the relevant time period GUADALUPE HERRERA worked for D.M. CAMP within the

12  Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at

13  various times during the Class Period until mid-2005, punctuated by seasonal and other types of

14  lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

15      8.      Plaintiffs and the Class they seek to represent, as Defendants' employees, were

16  regularly subjected to, or had personal knowledge of the violations described in this Complaint.

17                              *Defendants*

18      9.      Defendant D.M. CAMP is engaged in the ownership and/or operation of agricultural

19  fields and/or packing sheds located in and around Kern County, California and is headquartered in

20  that county.  As described on the California Business Portal website, D.M. CAMP is located at

21  31798 Merced Avenue, Bakersfield, CA 93312, and at numerous agricultural locations in the

22  Central Valley.  As listed on the California Business Portal, the Agent of Service of Process for

23  D.M. CAMP, is Donald M. Camp, Sr., at 31898 Merced Avenue, Bakersfield, California 93308.

24  During all relevant times alleged herein, D.M. CAMP employed FERNANDO RODRIGUEZ,

25  GUADALUPE HERRERA and similarly situated persons as non-exempt employees and

26  committed the acts complained of herein in California and throughout this District.

27      10.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant

28  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

3

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1 scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are

2 legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as

3 well as all of them.

4 **<u>FACTUAL BACKGROUND</u>**

5 11.     This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule

6 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker

7 Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California

8 Business and Professions Code § 17200 *et seq*.  This action is brought on behalf of Plaintiffs and

9 members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage

10 cooler employees employed, or formerly employed, by each of the Defendants within the State of

11 California.  The action seeks recovery for wages, compensation, and other relief due and owing to

12 Plaintiffs and the Class Members under federal and California laws for the maximum period

13 allowed to the present (the "Class Period"), all as set out below.

14 12.     The claims of this lawsuit spring from a pattern of employer misconduct and

15 wrongdoing that has characterized the labor system in much of the table grape industry, where

16 unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices.  The

17 Defendants herein include some of the largest growers of table grapes in California.  The unlawful

18 practices and policies alleged are widespread and entrenched in the industry.  The practices of the

19 industry are uniform, or nearly uniform among many of the major grape growers, at least in part

20 due to grower organizations that spread improper employment practices.  The following

21 paragraphs detail specific violations of law comprising the wage-related claims.

22 13.     For at least four years prior to the filing of this action and through to the present,

23 D.M. CAMP consistently maintained and enforced against its non-exempt agricultural and/or

24 packing shed/cooler employees, among others, the following unlawful practices and policies, in

25 violation of California state wage and hour laws:

26 a.     forcing employees to work pre-shift and post-shift "off the clock" time

27 without compensation;

28 b.     forcing employees to work a second shift of home-work without

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

4

1       compensation and without split shift pay, or in the alternative, failing to pay

2       for travel time and incurred expenses;

3    c.   forcing employees to purchase and/or maintain tools and equipment;

4    d.   failing to pay double minimum wage to employees who provide or are

5       required to purchase and maintain their own tools;

6    e.   failing to provide non-exempt employees rest periods of at least ten (10)

7       minutes per four (4) hours worked or major fraction thereof and failing to

8       pay such employees one (1) hour of pay at the employee's regular rate of

9       compensation for each workday that the rest period is not provided;

10   f.   requiring non-exempt employees to work at least five (5) hours without a

11       meal period and failing to pay such employees one (1) hour of pay at the

12       employees regular rate of compensation for each workday that the meal

13       period is not provided;

14   g.   requiring employees to report to work and if an employee did report for

15       work, but was not put to work or was furnished with less than half of the

16       said employee's usual or scheduled day's work, paid the employee less than

17       half the usual or scheduled day's work at the employee's regular rate of pay

18       and/or less than the legal minimum;

19   h.   failing to provide employees with accurate itemized wage statements;

20   i.   failing to maintain accurate time-keeping records;

21   j.   forcing employees to work in packing sheds or coolers in excess of 8 hours a

22       day or 40 hours a week without paying overtime compensation.

23     14.   Plaintiffs, on behalf of themselves and all other non-exempt employees employed

24 by, or formerly employed by Defendants (hereinafter referred to as "Class Members"), bring this

25 action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6, 221,

26 226, 226.7, 512, 1174, 1194, 1194.2, 1197, and 1199, 2802 and Business & Professions Code

27 §§17200 *et seq*. seeking unpaid wages, double minimum wages, unpaid rest and meal period

28 compensation, split shift pay, indemnification for employee expenses, statutory penalties,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws. Plaintiffs have followed the procedural requirements detailed in Labor Code §2698 *et seq*. and, therefore, also seek civil penalties on behalf of themselves and the State of California.

15.    Plaintiffs, on behalf of themselves and all Class Members, pursuant to AWPA, 29 U.S.C. § 1801 *et seq*. seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

16.    Plaintiffs allege that Defendants, and each of them, are employers with respect to any Plaintiffs or Class Members for whom Defendants used the services of a farm labor contractor.

17.    On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiffs and the Class they seek to represent, and intentionally refused to rectify their unlawful policies.

18.    Defendants' requirement that non-exempt employees work "off the clock" and without compensation, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

19.    Defendants have made it difficult to account with precision for the unlawfully withheld wages due Defendants' non-exempt employees, including Plaintiffs, during all relevant times herein, because they have not implemented a record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

20.    Defendants have failed to comply with California Labor Code § 226(a) by itemizing in wage statements all wages earned and accurately reporting total hours worked by Plaintiffs and the members of the proposed class.  Plaintiffs and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

## **CLASS ACTION ALLEGATIONS**

21.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following class, composed of, and defined, as follows:

> All persons who are employed or have been employed or jointly employed by D.M. CAMP in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees and were not paid all lawful wages, not indemnified for employee costs, not provided accurate wage statements, or not paid statutory penalties.

22.     Plaintiffs may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.  **Numerosity**

23.     The potential members of the above Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of members of the Class has not been determined at this time, Plaintiffs are informed and believe that the Class consists of several hundred to several thousand employees, the vast majority of them in the State of California, in positions as non-exempt employees dispersed throughout this Judicial District, and who are or have been affected by the unlawful practices as alleged herein.

24.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  On information and belief, Plaintiffs allege the Defendants' employment records will provide information as to the number and location of the members of the Class.  Joinder of all members of the proposed Class is not practicable.

### B.  **Commonality**

25.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.      Whether Defendants violated California Labor Code and applicable wage

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

7

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

orders by not compensating non-exempt employees for all hours worked;

b.  Whether Defendants violated California Labor Code and applicable wage orders by compensating non-exempt employees at hourly wage rates below the minimum wage rate;

c.  Whether Defendants violated California Labor Code and applicable wage orders by requiring non-exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay;

d.  Whether Defendants violated California Labor Code and applicable wage orders by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

e.  Whether Defendants violated California Labor Code and applicable wage orders by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

f.  Whether Defendants violated California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiffs and the Class they seek to represent;

g.  Whether Defendants violated California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class Member's employment with Defendants terminated;

h.  Whether Defendants violated §17200 *et seq*. of the California Business and Professions Code by unlawfully deducting wages, failing to indemnify

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

8

employees, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring employees to work "off the clock" without compensation and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at hourly wage rates below the minimum wage and converting same to Defendants' own use; unlawfully requiring non-exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay and converting same to Defendants' own use; unlawfully requiring employees to work split shifts without paying non-exempt employees one hour's pay at the minimum wage for each workday they work a split shift and converting same to Defendants' own use; failing to provide rest and meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest and meal period compensation due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records causing injury to employees;

    i.    Whether Defendants violated § 17200 *et seq*. of the Business and Professions Code by violating the fundamental public policy underlying the California Labor Code and applicable wage orders;

    d.    Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive and other equitable relief pursuant to Business and Professions Code § 17200, *et seq*.

    i.    Whether Plaintiffs and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and declaratory relief, attorney's fees and costs, and other relief pursuant to the California Labor

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1    Code, the applicable wage orders, and Business and Professions Code

2    § 17200, *et seq*.

### C.  Typicality

4    26.    The claims of the named Plaintiffs are typical of the claims of the Class.  Plaintiffs

5    and all members of the Class sustained injuries and damages arising out of and caused by

6    Defendants' common course of conduct in violation of California laws, regulations, and statutes as

7    alleged herein.

### D.  Adequacy of Representation

9    27.    Plaintiffs will fairly and adequately represent and protect the interests of the

10   members of the Class.  Counsel who represent Plaintiffs are competent and experienced in

11   litigating large employment class actions.

### E.  Superiority of Class Action

13   28.    A class action is superior to other available means for the fair and efficient

14   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

15   questions of law and fact common to the Class predominate over any questions affecting only

16   individual members of the Class.  Each member of the proposed Class has been damaged and is

17   entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to

18   compensate Class Members for all wages earned and engaging in the unlawful practices herein

19   complained of, and denying Class Members rest and meal periods without legal compensation.

20   29.    Class action treatment will allow those similarly situated persons to litigate their

21   claims in the manner that is most efficient and economical for the parties and the judicial system.

22   It is unlikely that individual Class Members have any interest in individually controlling separate

23   actions in this case.  Class Members' lack of knowledge of the legal system and limited economic

24   resources would deprive most Class Members of the practical opportunity to pursue their claims

25   were this class action not certified.

26   30.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the

27   management of this action that would preclude its maintenance as a class action.  The benefits of

28   maintaining this action on a class basis far outweigh any administrative burden in managing the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1   class action.  Conducting the case as a class action would be far less burdensome than prosecuting

2   numerous individual actions.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### Violation of AWPA

6       31.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

7       32.    Defendants intentionally violated Plaintiffs' and the Class Members' rights under

8   AWPA by:

9       a.    providing false and misleading information regarding the terms and

10      conditions of employment of Plaintiffs, in violation of 29 U.S.C. § 1831(e);

11      b.    violating the terms of the working arrangement made with Plaintiffs in

12      California, in violation of 29 U.S.C. § 1832(c); these working arrangements

13      are contained in the IWC Wage Orders which are required to be and,

14      actually are posted and communicated by Defendants to Plaintiffs as

15      required by the IWC Wage Orders;

16      c.    failing to pay wages when due for unpaid off-the-clock time, for missed rest

17      periods, for missed meal periods, for reporting time in violation of 29 U.S.C.

18      § 1832(a).

19      d.    failing to provide workers with accurate itemized written statements which

20      include the correct number of hours worked; the correct total pay period

21      earnings; and the correct net pay in violation of 29 U.S.C. § 1831(c).

22      33.    Plaintiffs allege that Defendants communicated the terms of employment

23  with the Class by posting IWC Wage Orders on the job site which enumerated specific obligations

24  of the employer with regard to working conditions required by state law, and in particular with

25  regard to: the payment of minimum wages; payment of reporting time pay; recording keeping

26  requirements; provision of meal periods; provision of rest periods; and application of penalties.

27  The Defendants also communicated a wage and piece rate to employees in a variety of ways

28  including on wage statements.  This wage rate was not complied with  due to the underpayments

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

11

described in this complaint.  These terms constituted the communicated working arrangement with these employees, which was systemically violated.

34.     For each violation of AWPA, each Class Member is entitled to recover his or her actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

## SECOND CLAIM FOR RELIEF

### Failure to Pay Wages

35.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

36.     On information and belief, by their intentional policy of:

    a.     requiring employees to work "off the clock" by, for example, arriving early for set up, attending trainings and other meetings, and requiring employees to clean their bandejas (trays) at home without compensation;

    b.     requiring employees to work at hourly wage or piece rates below minimum wage;

    c.     requiring employees to report to work and when the employee does report for work, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, paying the employee less than half the usual or scheduled day's work at the employee's regular rate of pay or less than the legal minimum;

    d.     requiring employees to work split shifts without paying employees one hour's pay at the minimum wage for each workday they work a split shift;

    e.     requiring employees to work without being provided a minimum ten (10) - minute rest period for every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided; and

    f.     requiring employees to work in excess of five (5) hours per day without being provided a meal period and not being compensated one (1) hour of pay at the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

12

1        regular rate (or minimum wage) of compensation for each workday that a

2        meal period was not provided;

3        g.    failing to pay at least two times the minimum wage to employees whom they

4              required to provide and maintain hand tools;

5        h.    failing to provide and maintain tools or equipment required by the

6              Defendants or necessary to the performance of the jobs performed; and

7        i.    requiring employees to purchase tools from the Defendants and/or maintain

8              tools and equipment;

9        j.    failing to pay all wages due at employee's voluntary or involuntary

10             termination;

11  Defendants willfully violated the provisions of the Labor Code, other California laws, and IWC

12  Wage Orders.

13      37.    Defendants failed to pay minimum wage "for all hours worked."  In particular,

14  Plaintiffs and the Class were forced to work "off the clock" time without compensation by being

15  forced to clock out and return to work through meal periods.

16      38.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

17      The minimum wage for employees fixed by the commission is the minimum wage
        to be paid to employees, and the payment of a less wage than the minimum so fixed
18      is unlawful.

19      39.    The applicable minimum wages fixed by the commission for agricultural workers is

20  found in Wage Orders 8-2001, 13-2001 and 14-2001, which state:

21      4.  Minimum Wages.

22      (A) Every employer shall pay to each employee wages not less than six
        dollars and twenty-five cents ($6.25) per hour for all hours worked, effective
23      January 1, 2001, and not less than six dollars and seventy five cents ($6.75)
        per hour for all hours worked effective January 1, 2002, except:
24
25          (1) LEARNERS: Employees during their first one-hundred and sixty
            (160) hours of employment in occupations in which they have no
26          previous similar or related experience, may be paid not less than eighty-
            five (85) per cent of the minimum wage rounded to the nearest nickel.

27      40.    The minimum wage provisions of California Labor Code are enforceable by private

28  civil action pursuant to California Labor Code §1194(a) which states:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

13

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

41.     As described in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

42.     California Labor Code § 1194.2 also provides for the following remedies:

(a) In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

43.     As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2(a).

44.     The above violations constitute predicate acts for a failure to pay wages when due pursuant to AWPA.  Further as violations of the IWC Wage Orders communicated to employees, this cause of action constitutes a violation of the AWPA "working arrangement" provisions.

### THIRD CLAIM FOR RELIEF

Failure To Pay Reporting Time Wages
(California Labor Code §§1197, 1194(a), 1194.2, IWC Wage Orders and others)

45.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

46.     Defendants failed to pay reporting time wages.  In particular, Plaintiffs and the Class Members were forced to comply with work schedules that required them to report to work and were furnished with less than half said employees' usual or scheduled day's work.

47.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

48.     The applicable split shift minimum wages fixed by the commission for agricultural workers are found in IWC Wage Orders 8-2001(5)(A) and (B), 13-2001(5)(A) and (B), and 14-2001(5)(A) and (B), which state:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

14

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

(A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

(B) If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

49.     The definition of "shift" is defined in IWC Wage Order 14-2001(2)(O), which states:

"Shift" means designated hours of work by an employee, with a designated beginning time and quitting time.

50.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

51.     As described, in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

52.     California Labor Code § 1194.2 also provides for the following remedies:

In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

53.     As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2.

54.     A violation of the reporting time provisions constitutes a failure to pay "wages due" and therefore constitutes an AWPA violation pursuant to California law.  Further, these reporting time provisions were communicated to employees by posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement"

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

15

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1    provision.

2    **FOURTH CLAIM FOR RELIEF**

3    Failure to Provide Rest Periods and Meal Periods or Compensation
     in Lieu Thereof (Lab. Code, §§ 226.7, 512)

4    55.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

5    56.    Plaintiffs allege that the Class Members worked for periods of more than five hours

6    without a meal period of 30 minutes and were not provided full statutory ten minute rest periods

7    while in the employ of Defendants.

8    57.    California Labor Code § 226.7 states:

9
10   (a) No employer shall require any employee to work during any meal or rest period
     mandated by an applicable order of the Industrial Welfare Commission.

11   (b) If an employer fails to provide an employee a meal period or rest period in
12   accordance with an applicable order of the Industrial Welfare Commission, the
     employer shall pay the employee one additional hour of pay at the employee's
13   regular rate of compensation for each work day that the meal or rest period is not
     provided.

14   58.    The applicable Wage Orders issued by the Industrial Welfare Commission state

15   with regard to meal periods:

16
     Every employer shall authorize and permit all employees after a work period
17   of not more than five (5) hours to take a meal period of not less than thirty
     (30) minutes, except that when a work period of not more than six (6) hours
18   will complete the day's work, the meal period may be waived by mutual
     consent of employer and employee.  Unless the employee is relieved of all
19   duty during a 30 minute meal period, the meal period shall be considered an
     "on duty" meal period and counted as time worked.  An "on duty" meal
20   period shall be permitted only when the nature of the work prevents an
     employee from being relieved of all duty and when by written agreement
21   between the parties an on-the-job paid meal period is agreed to.

22   A similar provision is contained at California Labor Code § 512.

23   59.    The applicable IWC Wage Orders state in regard to breaks:

24   Every employer shall authorize and permit all employees to take rest periods, which
     insofar as practicable shall be in the middle of each work period. The authorized
25   rest period time shall be based on the total hours worked daily at the rate of ten (10)
     minutes net rest time per four (4) hours or major fraction thereof. However, a rest
26   period need not be authorized for employees whose total daily work time is less
     than three and one-half (3 1/2) hours.  Authorized rest period time shall be counted
27   as hours worked for which there shall be no deduction from wages.

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

16

60.     Therefore, Defendants violated California Labor Code § 226.7 by failing to provide the meal and rest periods mandated by Labor Code § 226.7 and the applicable wage orders, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided and one hour pay at the employees' regular rate of compensation for each work day that the rest period is not provided.

61.     On information and belief, Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest and/or meal periods.  Any express or implied waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.  On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take meal and rest periods.

62.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members.

63.     As a result of the unlawful acts of Defendant's actions, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

64.     A violation of the rest and meal period provisions of California law constitutes a failure to pay "wages due" and therefore constitutes a predicate AWPA violation.  Further, these rest and meal period provisions were communicated to employees by posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement" provision.

**FIFTH CLAIM FOR RELIEF**

Failure to Timely Pay Wages Due At Termination (Lab. Code, §§ 201, 202, 203)

65.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

66.     California Labor Code Section 201 states:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

17

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

67.     California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

68.     As described above, Defendants failed to timely pay Plaintiffs and the Class all of their wages due for work performed and this failure continued through the time in which Plaintiffs and Class Members quit or were discharged from their employment with Defendants.  As a result, Defendants have violated California Labor Codes §§ 201 and 202.

69.     California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

70.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code §17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due pursuant to the timelines provided in those sections.  Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiffs are entitled to 30 days wages which is calculated pursuant to California case law as 30 working days including overtime.

71.     Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1  unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates

2  below the minimum wage, but to date have not received such compensation therefore entitling

3  them to Labor Code § 2 03 penalties.

4         72.    More than 30 days have passed since affected Class Members have left Defendants'

5  employ, and on information and belief, have not received payment pursuant to Labor Code § 203.

6  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and

7  certain Class Members who are no longer employed by Defendants are entitled to 30 days' wages

8  as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon

9  and attorneys' fees and costs.

10        73.  A failure to pay wages when due pursuant to §§201-203 is a predicate violation of

11 AWPA failure to pay wages due by definition.  Further, the requirement of the timely payment of

12 wages was communicated to employees by the posting of the IWC Wage Orders on the worksite

13 making the above violations a predicate violation of AWPA's "working arrangement" provision.

14                          **SIXTH CLAIM FOR RELIEF**

15                 Knowing and Intentional Failure to Comply With Itemized
                   Employee Wage Statement Provisions (Lab. Code §§ 226(b), 1174, 1175)

16        74.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

17        75.    California Labor Code Section 226(a) states:

18
19 Every employer shall, semimonthly or at the time of each payment of wages,
   furnish each of his or her employees, either as a detachable part of the check, draft,
   or voucher paying the employee's wages, or separately when wages are paid by
20 personal check or cash, an accurate itemized statement in writing showing

21        (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number
22        of piece-rate units earned and any applicable piece rate if the employee is paid on a
          piece-rate basis . . .(5) net wages earned, . . .

23        76.    Defendants failed to provide "accurate itemized statements" to employees because
24 the wage statements:

25        a.    Falsely understated Plaintiffs' and the Class Members' gross wages
26              earned by failing to pay for all hours worked;

27        b.    Falsely understated the total hours worked by Plaintiffs and the Class
28              Members by ignoring the total of hours actually worked;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

c.      Falsely understated Plaintiffs' and Class Members' net wages earned by failing to pay for all hours worked;

d.      Falsely understated Plaintiffs' and Class Members' "number of hours worked at each hourly rate."

77.      California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

78.      In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

79.      By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are entitled up to $4,000.00 per Class Member.

80.      Many of the above violations also constitute predicate acts for a failure to provide workers with accurate itemized written statements pursuant to AWPA.  In particular, the failure to provide accurate time and wage records pursuant to California Labor Code § 226 also constitutes violations of 29 USC §1831(c) for failure to provide accurate number of hours worked and correct

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

20

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

net pay.  Notably, the calculation of net pay and correct number of hours can only be adduced by reference to California law making these claims inextricably intertwined.

81.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

(Labor Code §§ 2698, *et seq.*) (Labor Code Private Attorneys General Act)

82.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

83.   Plaintiffs submit this Third Amended Complaint to include allegations pursuant to Labor Code §§ 2699 *et seq.* (The Private Attorney General Act).  Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under §§ 2699 *et seq.*

84.   Plaintiffs are aggrieved employees as defined in Labor Code §2699(a).  They bring this cause on behalf of themselves and other current or former employees affected by the labor law violations alleged in this complaint.

85.   Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

86.   To the extent that any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for Plaintiffs and each Class Member for each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f).

87.   The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to Defendants and to the Labor and Workforce Development Agency of the Labor Code and IWC Wage Order violations averred herein.  The Agency notified Plaintiffs that it would not investigate these violations.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

88.     Plaintiffs seek penalties on behalf of themselves, other aggrieved employees, and the State, as provided by Labor Code § 2699(i).

89.     Defendants are liable to Plaintiffs, Class Members, and the State for the civil penalties set forth in this Third Amended Complaint, with interest thereon.  Plaintiffs are also entitled to an award of attorneys' fees and costs as set forth below.

90.     Most of the predicate act violations which serve as the basis for this California Labor Code Private Attorney General Act claim (rest and meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock") relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the worksite.  As such, these claims also constitute predicate violations of the payment of wages when due and "working arrangement" provisions of AWPA.

91.     Plaintiffs, on behalf of themselves and similarly situated employees and former employees of Defendants, request relief as described below.

### EIGHTH CLAIM FOR RELIEF

### Breach of Contract

92.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

93.     The Defendants entered into employment contracts with the Plaintiffs and the Class whereby Defendants would pay hourly rates of pay.  Evidence of this hourly rate is contained on the wage statements for employees as required by California Labor Code § 226.  Pursuant to California Labor Code § 223, "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Pursuant to California Labor Code § 225, a violation of Labor Code § 223 constitutes a misdemeanor.  Pursuant to California Labor Code § 206.5, any release required or executed regarding these wages is null and void and would constitute a misdemeanor if imposed by Defendants.  Further, all applicable sections of the California Labor Code and IWC Wage Orders are incorporated into said employment contracts with Plaintiffs and the Class by operation of law.  The IWC Wage Orders were posted at the job

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

site and were therefore communicated to employees as part of their "working arrangement" with Defendant.

94.     The Defendants breached the contracts of employment into which they entered with the Plaintiffs and the Class by failing to comply with the promised terms and conditions of employment.

95.     The Plaintiffs and the Class were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract.

96.     As a direct consequence of Defendants' breach of the employment contract, Plaintiffs and the Class suffered substantial injury.

97.     The predicate act violations which serve as the basis for this Contract claim (rest and meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock") relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the worksite.  As such, these claims also constitute predicate violations of the payment of wages when due and "working arrangement" provisions of AWPA.

98.     As a result, the Defendants are therefore liable to the Plaintiffs and the Class for actual, incidental, and consequential damages.

## TENTH CLAIM FOR RELIEF

### Violation of Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*)

99.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

100.    As described above, Defendants have violated the following California laws:

a.  violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

b.  violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

c.  violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

d.  violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

23

e.    violation of California Labor Code § 223 (relating to the failure to pay contractual wages);

f.    violation of California Labor Code § 226 (relating to providing correct wage statements and keeping correct records);

g.    violation of California Labor Code § 226.7 (relating to the failure to ensure proper meal periods and rest breaks);

h.    violation of California Labor Code § 512 (relating to the failure to ensure proper meal periods)

i.    violation of California Labor Code §§ 1182.11, 1197 and the applicable IWC Wage Orders (constituting the lawful minimum wage and payment of double minimum wage if employees are required to supply their own tools);

j.    violation of California Labor Code § 2802 (reimbursement for employer-required tools).

k.    violation of the Agricultural Workers Protection Act.

101.    Defendants' activities also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*., because Defendant's practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs, the public, and the Class.

102.    Plaintiffs and Class Members are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

103.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs, and the Class they seek to represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiffs are informed and believe, and thereon allege, that Defendants are unjustly enriched through their requiring employees to suffer Defendants' failure to pay legal wages, and/or other compensation for working through meal

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

24

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1   periods, and compensation for unprovided rest periods to Plaintiffs and members of the Plaintiff

2   Class.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the

3   Plaintiff Class are prejudiced by Defendants' unfair trade practices.

4         104.    As a direct and proximate result of the unfair business practices of Defendants, and

5   each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled

6   to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which

7   have been unlawfully withheld from Plaintiffs and Class Members as a result of the business acts

8   and practices described herein and enjoining Defendants to cease and desist from engaging in the

9   practices described herein.

10         105.    The unlawful conduct alleged herein is continuing, and there is no indication that

11   Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are

12   not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require

13   Defendants' non-exempt employees to work "off the clock" without compensation, will continue

14   to require non-exempt employees to work during meal periods, will continue to fail to provide rest

15   periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to

16   avoid paying appropriate taxes, insurance, and unemployment withholdings.

17         106.    Plaintiffs further request that the Court issue a preliminary and permanent

18   injunction prohibiting Defendants from requiring Plaintiffs and the Class they seek to represent to

19   work "off the clock" without compensation, prohibiting other wrongful conduct which is the

20   subject of this Complaint and which may later be discovered in the course of litigation, enjoining

21   Defendants from forbidding employees to leave the workplace during meal periods, and from

22   continuing to fail to provide rest periods and meal periods or provide appropriate compensation in

23   lieu thereof.

24         107.    The predicate act violations which serve as the basis for this UCL claim (rest and

25   meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock")

26   relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the

27   worksite.  As such, these claims also constitute predicate violations of the payment of wages when

28   due and "working arrangement" provisions of AWPA.

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

25

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

108.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

## TENTH CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation

109.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

110.   California Labor Code § 510(a) states:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

111.   IWC Wage Order 13-2001(3)(A) contains the same regulations.  IWC Wage Order 13-2001 is an order which is authorized under California Labor Code § 1185.

112.   California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24 hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

113.   As described herein, D.M. CAMP violated California Labor Code § 510 and the applicable Wage Order by employing FERNANDO RODRIGUEZ and GUADALUPE HERRERA and the Class Members in excess of 8 hours in one day, 40 hours in a workweek without paying overtime pay.  In particular, D.M. CAMP failed to pay proper overtime based upon D.M. CAMP's practices in their packing and cooler sheds pursuant to IWC Wage Order 13-2001 and others.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1.   That the Court determine that this action may be maintained as a class action or actions;

2.   For compensatory damages in an amount according to proof with interest thereon;

3.   For economic and/or special damages in an amount according to proof with interest

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

thereon;

4.     For a declaratory judgment that each of the Defendants violated the Plaintiffs' and Class Members' rights under the AWPA, 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and applicable wage orders as set forth in the preceding paragraphs;

5.     Award each Plaintiff and proposed Class Member statutory damages or, in the alternative, actual damages for Defendants' violations of the AWPA;

6.     That each of the Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq.*;

7.     That each of the Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

8.     That each of the Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

9.     For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the Federal AWPA;

10.     That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11.     For premium wages pursuant to Labor Code §§ 226 and 226.7;

12.     For unpaid wages pursuant to California Labor Code §1194 and liquidated damages pursuant to Labor Code §1194.2;

13.     For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2699(a) and 2699(f);

14.     An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.6, 226, 1194, 2699(g), 2802 and/or other applicable law; and

15.     For the greater of actual or statutory damages of $500 for each plaintiff pursuant to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1    AWPA;

2         16.    For actual, incidental, and consequential damages for breach of contract;

3         17.    For such other and further relief as the Court deems just and proper.

4                            **<u>DEMAND FOR JURY TRIAL</u>**

5         Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

6    Dated:  May 29, 2008.

LAW OFFICES OF MALLISON & MARTINEZ

7

8                                        By:    /s/Stan S. Mallison
                                              Stan S. Mallison
9                                             Hector R. Martinez
                                              Attorneys for Plaintiffs

10   WEINBERG, ROGER & ROSENFELD
11   A Professional Corporation

12                                       By:    /s/Christian L. Raisner
13                                            Christian L. Raisner
                                              Attorneys for Plaintiffs

14   MILBERG WEISS BERSHAD & SCHULMAN LLP
15   A Professional Corporation

16                                       By:    /s/Jeff S. Westerman
17                                            Jeff S. Westerman
                                              Attorneys for Plaintiffs

18   111393/493416

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial (Case No. 1:05-C—01417-AWI-SMS)

1

## PROOF OF SERVICE

2          I am a citizen of the United States, and a resident of the State of California.  I am over the

3    age of eighteen years, and not a party to the within action.  My business address is 1001 Marina

4    Village Parkway, Suite 200, Alameda, California 94501-1091.  On May 29, 2008, I served upon

5    the following parties in this action:

6    **VIA U.S. MAIL**                          **VIA U.S. MAIL**
     Ronald H. Barsamian                        Marion I. Quesenberry
7    Barsamian Saqui and Moody                  Rynn & Janowsky, LLP
     1141 West Shaw Avenue, Suite 104           P.O. Box 20799
8    Fresno, CA 93711-3704                       Oakland, CA 94620
     for *Defendant D.M. Camp & Sons*           for *Castlerock Farming and Transport, Inc.*
9
     **VIA U.S. MAIL**                          **VIA U.S. MAIL**
10   Joseph Edward Herman                       Joseph C. Markowitz
     Law Office of Joseph Herman                Law Office of Joseph C. Markowitz
11   114 S. Rossmore Avenue                     444 S. Flower Street, Suite 1750
     Los Angeles, CA 90004                      Los Angeles, CA 90071
12   for *Giumarra Vineyard Corporation*        for *Giumarra Vineyard Corporation*

13   **VIA U.S. MAIL**                          **VIA U.S. MAIL**
     William L. Alexander                       Brendan Dolan
14   Amy Johnson Barks                          Morgan, Lewis & Bockius LLP
     Alexander & Associates, PLC                One Market Spear Street Tower
15   2020 Eye Street, Suite 201                 San Francisco, CA 94105
     Bakersfield, CA 93301                      *for Defendants Mark Zaninovich, Inc.; and*
16   for *El Rancho Farms*                      *Sunview Vineyards of California, Inc.*

17   **VIA U.S. MAIL**                          **VIA OVERNIGHT MAIL**
     David A. Dixon
18   Hogan & Klingenberger P.C.                 Judge's Chamber copy to:
     5060 California Avenue, Suite 620
19   Bakersfield, CA 93309                      Honorable Anthony W. Ishii
     for *Stevco, Inc.*; and *FAL, Inc.*        U.S. District Court
20                                              2500 Tulare Street
                                                Fresno, CA 93721
21

22   copies of the document(s) described as:

23       **THIRD AMENDED CLASS ACTION COMPLAINT – DEMAND FOR JURY
         TRIAL**

24   **[X]    BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope,
             addressed as indicated herein, and caused each such envelope, with postage thereon fully
25           prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar
             with the practice of Weinberg, Roger & Rosenfeld for collection and processing of
26           correspondence for mailing, said practice being that in the ordinary course of business, mail
             is deposited in the United States Postal Service the same day as it is placed for collection.

27

28   **[X]    BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed
             herein in a sealed envelope, addressed as indicated herein, and placed the same for
             collection by Overnight Delivery Service by following the ordinary business practices of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Weinberg, Roger & Rosenfeld, Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

I certify that the above is true and correct. Executed at Alameda, California, on May 29, 2008.

_Karen Scott_
_____
Karen Scott

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001