1  Stan S. Mallison (SBN 184191)
   Hector R. Martinez (SBN 206336)
2  LAW OFFICES OF MALLISON & MARTINEZ
   1042 Brown Avenue, Suite A
3  Lafayette, CA 94549
   Telephone:    (925) 283-3842
4  Facsimile:    (925) 283-3426

5  David A. Rosenfeld (SBN 058163)
   W. Daniel Boone (SBN 046553)
6  Christian L. Raisner (SBN 133839)
   WEINBERG, ROGER & ROSENFELD
7  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
8  Alameda, CA 94501-1091
   Telephone:    (510) 337-1001
9  Facsimile:    (510) 337-1023

10  Jeff S. Westerman (SBN 94559)
    Sabrina S. Kim (SBN 186242)
11  MILBERG WEISS BERSHAD & SCHULMAN LLP
    355 South Grand Avenue, Suite 4170
12  Los Angeles, CA 90071
    Telephone:    (213) 617-1200
13  Facsimile:    (213) 617-1975

14  Attorneys for Plaintiffs

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17                          (Fresno Division)

18  Plaintiffs SILVESTRE SOTO and  OLGA GALVAN, )  **Case No.**
    on behalf of themselves and all others similarly    )
19  situated,                                            )  **Per 3/31/08 Order Granting Severance**
                                                         )  **in Case No. 1:05-cv-01417 AWI-SMS**
20                          Plaintiffs,                  )
                                                         )  **THIRD AMENDED CLASS ACTION**
21              vs.                                      )  **COMPLAINT FOR:**
                                                         )
22  CASTLEROCK FARMING AND TRANSPORT,                    )  **1. Violation of the Agricultural Workers**
    INC., and Does 1-20,                                 )     **Protection Act, 29 USC § 1801** *et seq.*
23                                                       )  **2. Failure to Pay Wages**
                          Defendants.                    )  **3. Failure to Pay Reporting Time Wages**
24                                                       )  **4. Failure to Provide Rest Periods and**
                                                         )     **Meal Periods**
25                                                       )  **5. Failure to Pay Wages of Terminated**
                                                         )     **or Resigned Employees**
26                                                       )  **6. Knowing and Intentional Failure to**
                                                         )     **Comply with Itemized Employee**
27                                                       )     **Wage Statement Provisions**
                                                         )  **7. Labor Code § 2699** *et seq.*
                                                         )  **8. Breach of Contract**
28                                                       )  **9.  Violation of Unfair Competition Law**
                                                         )
                                                            **DEMAND FOR JURY TRIAL**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

1      Plaintiffs SILVESTRE SOTO and OLGA GALVAN bring this action against

2 CASTLEROCK FARMING AND TRANSPORT, INC., and Does 1-20 (collectively

3 "Defendants"), on behalf of themselves, all others similarly situated, and the general public, and

4 allege upon information and belief, which is based upon the investigation of their counsel, except

5 as to the allegations concerning Plaintiffs, which are made upon Plaintiffs' personal knowledge, as

6 follows:

7                          **JURISDICTION AND VENUE**

8      1.      This Court has subject matter jurisdiction based on federal question jurisdiction

9 pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and

10 Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*

11      2.      This Court has supplemental jurisdiction over the California state law and contract

12 claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they

13 form part of the same case and controversy under Article III of the U.S. Constitution.

14      3.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

15      4.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391

16 because this District is the district in which the defendants reside and a district in which a

17 substantial part of the events or omissions giving rise to the claims occurred.

18                          **INTRADISTRICT ASSIGNMENT**

19      5.      This case is properly assigned to the Fresno Division of this Court because the

20 action arose in Tulare and Kern Counties, California.  Local Rule 3-120(d).

21                               **PARTIES**

22                               *Plaintiffs*

23      6.      Named Plaintiffs SILVESTRE SOTO and OLGA GALVAN are residents of Kern

24 County, California.  Plaintiffs are or were agricultural workers, within the meaning of 29 U.S.C.

25 § 1802(10), and are or were employed, within the meaning of 29 U.S.C. § 1802(3), by one or more

26 of the Defendants to work in agricultural operations in or near Kern or Tulare Counties at various

27 times from 2001 to the present.

28      7.      Plaintiff SILVESTRE SOTO is a resident of Kern County, California.  At relevant

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

2

times herein, he has been employed by CASTLEROCK FARMING AND TRANSPORT, INC. ("CASTLEROCK") as an employee on land owned, leased, and/or operated by CASTLEROCK in and around Kern County, California, and has been employed by CASTLEROCK as a non-exempt employee.  Plaintiff SILVESTRE SOTO was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period SILVESTRE SOTO worked for CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through November 2003, punctuated by seasonal and other types of lay-offs at agreed-upon hourly and/or piece wage rates that varied over his period of employment.

8.    Plaintiff OLGA GALVAN is a resident of Kern County, California.  At relevant times herein, she has been employed by CASTLEROCK as an employee on land owned, leased, and/or operated by CASTLEROCK in and around Kern County, California, and has been employed by CASTLEROCK as a non-exempt employee.  Plaintiff OLGA GALVAN was hired pursuant to oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District pursuant to Local Rule 3-120.  During the relevant time period, including during the summer of 2005, OLGA GALVAN worked for CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through November 2003, punctuated by seasonal and other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

9.    Plaintiffs and the Class they seek to represent, as Defendants' employees, were regularly subjected to, or had personal knowledge of the violations described in this Complaint.

*Defendants*

10.    At all times relevant, Defendant CASTLEROCK has been a California corporation, which conducted and conducts business in Kern and Riverside Counties and maintains a business address of Route 2, Box 299, Delano, California 93215, California.  CASTLEROCK's agent for service of process is Albert L. Good.  At all times relevant, CASTLEROCK owned, controlled, or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

3

Third Amended Class Action Complaint – Demand for Jury Trial

1   operated a business or establishment that employed persons within the meaning of IWC Order No.

2   14, 8 Cal. Code of Regs. § 11140, and operated as an employer or joint employer of Class

3   members in this case.  During all relevant times alleged herein, CASTLEROCK employed Plaintiff

4   SILVESTRE SOTO, OLGA GALVAN, and similarly situated persons as non-exempt employees

5   and committed the acts complained of herein in California and in this District.

6        11.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant

7   acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

8   scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are

9   legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as

10  well as all of them.

11                          **FACTUAL BACKGROUND**

12       12.     This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule

13  23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker

14  Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California

15  Business and Professions Code § 17200 *et seq*.  This action is brought on behalf of Plaintiffs and

16  members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage

17  cooler employees employed, or formerly employed, by each of the Defendants within the State of

18  California.  The action seeks recovery for wages, compensation, and other relief due and owing to

19  Plaintiffs and the Plaintiff Class members under federal and California laws for the maximum

20  period allowed to the present (the "Class Period"), all as set out below.

21       13.     The claims of this lawsuit spring from a pattern of employer misconduct and

22  wrongdoing that has characterized the labor system in much of the table grape industry, where

23  unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices.  The

24  Defendants herein include some of the largest growers of table grapes in California.  The unlawful

25  practices and policies alleged are widespread and entrenched in the industry.  The practices of the

26  industry are uniform, or nearly uniform among many of the major grape growers, at least in part

27  due to grower organizations that spread improper employment practices.  The following

28  paragraphs detail specific violations of law comprising the wage-related claims.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

4

14.     For at least four years prior to the filing of this action and through to the present CASTLEROCK consistently maintained and enforced against its non-exempt agricultural and/or packing shed/cooler employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

a.     forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

b.     forcing employees to work a second shift of home-work without compensation and without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses;

c.     forcing employees to purchase tools from the employer or otherwise supply their own tools;

d.     failing to pay minimum wages;

e.     failing to pay double minimum wage to employees who provide or are required to purchase their own tools;

f.     failing to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

g.     requiring non-exempt employees  to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

h.     requiring employees to report to work and if an employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

5

i.     failing to provide employees with accurate itemized wage statements;

j.     failing to maintain accurate time-keeping records.

15.    Plaintiffs, on behalf of themselves and all other non-exempt employees employed by, or formerly employed by Defendants (hereinafter referred to as "Class Members"), bring this action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6, 221, 226, 226.7, 512, 1174, 1194, 1194.2, 1197, and 1199, , 2802 and Business & Professions Code §§17200 *et seq.* seeking unpaid wages, double minimum wages, unpaid rest and meal period compensation, split shift pay, indemnification for employee expenses, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws. Plaintiffs have followed the procedural requirements detailed in Labor Code §2698 *et seq.* and, therefore, also seek civil penalties on behalf of themselves and the State of California.

16.    Plaintiffs, on behalf of themselves and all Class Members, pursuant to AWPA, 29 U.S.C. § 1801 *et seq.* seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

17.    Plaintiffs allege that Defendants, and each of them, are employers with respect to any Plaintiffs or Class Members for whom Defendants used the services of a farm labor contractor.

18.    On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiffs and the Class Members they seek to represent, and intentionally refused to rectify their unlawful policies.

19.    Defendants' requirement that non-exempt employees work "off the clock" and without compensation, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

20.    Defendants have made it difficult to account with precision for the unlawfully withheld wages due Defendants' non-exempt employees, including Plaintiffs, during all relevant times herein, because they have not implemented a record-keeping method to record all hours

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

6

Third Amended Class Action Complaint – Demand for Jury Trial

worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

21.     Defendants have failed to comply with California Labor Code § 226(a) by itemizing in wage statements all wages earned and accurately reporting total hours worked by Plaintiffs and the Class Members of the proposed class.  Plaintiffs and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following Class, composed of, and defined, as follows:

> All persons who are employed or have been employed or jointly employed by CASTLEROCK in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly and/or piece-rate employees.

23.     Plaintiffs may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.  Numerosity

24.     The potential members of the above class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of members of each class has not been determined at this time, Plaintiffs are informed and believe that each class consists of several hundred to several thousand employees, the vast majority of them in the State of California, in positions as non-exempt employees dispersed throughout this Judicial District, and who are or have been affected by the unlawful practices as alleged herein.

25.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  On information and belief, Plaintiffs allege the Defendants' employment records will provide information as to the number and location of the members of the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

1    Class.  Joinder of all members of the proposed Class is not practicable.

2                          **B.  Commonality**

3        26.    There are questions of law and fact common to the Class predominating over any

4    questions affecting only individual Class Members.  These common questions of law and fact

5    include, without limitation:

6              a.    Whether Defendants violated California Labor Code and applicable wage

7                    orders by not compensating non-exempt employees for all hours worked;

8              b.    Whether Defendants violated California Labor Code and applicable wage

9                    orders by compensating non-exempt employees at hourly wage rates below

10                   the minimum wage rate;

11             c.    Whether Defendants violated California Labor Code and applicable wage

12                   orders by requiring non-exempt employees to report to work and when they

13                   did report for work, but were not put to work or were furnished less than half

14                   their usual or scheduled day's work, paying them less than half the usual or

15                   scheduled day's work at their regular rate of pay;

16             d.    Whether Defendants violated California Labor Code and applicable wage

17                   orders by failing to provide daily rest periods to non-exempt employees for

18                   every four hours or major fraction thereof worked and failing to compensate

19                   said employees one hour's wages in lieu of rest periods;

20             e.    Whether Defendants violated California Labor Code and applicable wage

21                   orders by failing to provide a meal period to non-exempt employees on days

22                   they worked work periods in excess of five hours and failing to compensate

23                   said employees one hour's wages in lieu of meal periods;

24             f.    Whether Defendants violated California Labor Code and applicable wage

25                   orders by failing to, among other violations, maintain accurate records of

26                   employees' earned wages and work periods, itemize in wage statements all

27                   hours worked and wages earned, and accurately maintain records pertaining

28                   to Plaintiffs and the Class they seek to represent;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

g.    Whether Defendants violated California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with Defendants terminated;

h.    Whether Defendants violated §17200 *et seq.* of the California Business and Professions Code by unlawfully deducting wages, failing to indemnify employees, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring employees to work "off the clock" without compensation and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at hourly wage rates below the minimum wage and converting same to Defendants' own use; unlawfully requiring non-exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay and converting same to Defendants' own use; unlawfully requiring employees to work split shifts without paying non-exempt employees one hour's pay at the minimum wage for each workday they work a split shift and converting same to Defendants' own use; failing to provide rest and meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest and meal period compensation due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records causing injury to employees;

i.    Whether Defendants violated § 17200 *et seq.* of the Business and Professions Code by violating the fundamental public policy underlying the California Labor Code and applicable wage orders;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

9

j.    Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive and other equitable relief pursuant to Business and Professions Code § 17200, *et seq.*

k.    Whether Plaintiffs and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and declaratory relief, attorney's fees and costs, and other relief pursuant to the California Labor Code, the applicable wage orders, and Business and Professions Code § 17200, *et seq.*

### C.  <u>Typicality</u>

27.    The claims of the named Plaintiffs are typical of the claims of the Class.  Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### D.  <u>Adequacy of Representation</u>

28.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

### E.  <u>Superiority of Class Action</u>

29.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the proposed Class have been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

30.    No other litigation concerning this controversy has been commenced by or against class members.

31.    Class action treatment will allow those similarly situated persons to litigate their

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

1  claims in the manner that is most efficient and economical for the parties and the judicial system.

2  It is unlikely that individual class members have any interest in individually controlling separate

3  actions in this case.  Class members' lack of knowledge of the legal system and limited economic

4  resources would deprive most class members of the practical opportunity to pursue their claims

5  were this class action not certified.

6         32.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the

7  management of this action that would preclude its maintenance as a class action.  The benefits of

8  maintaining this action on a class basis far outweigh any administrative burden in managing the

9  class action.  Conducting the case as a class action would be far less burdensome than prosecuting

10  numerous individual actions.

11  **CLAIMS FOR RELIEF**

12  **FIRST CLAIM FOR RELIEF**

13  Violation of AWPA

14

15         33.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

16         34.     Defendants intentionally violated Plaintiffs' and the Class Members' rights under

   AWPA by:

17              a.     providing false and misleading information regarding the terms and

18                     conditions of employment of Plaintiffs, in violation of 29 U.S.C. § 1831(e);

19              b.     violating the terms of the working arrangement made with Plaintiffs in

20                     California, in violation of 29 U.S.C. § 1832(c); these working arrangements

21                     are contained in the IWC Wage Orders which are required to be and,

22                     actually are posted and communicated by Defendants to Plaintiffs as

23                     required by the IWC Wage Orders;

24              c.     failing to pay wages when due for unpaid off-the-clock time, for missed rest

25                     periods, for missed meal periods, for reporting time in violation of 29 U.S.C.

26                     § 1832(a).

27              d.     failing to provide workers with accurate itemized written statements which

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

1     include the correct number of hours worked; the correct total pay period

2     earnings; and the correct net pay in violation of 29 U.S.C. § 1831(c).

3     35.    Plaintiffs allege that Defendants communicated the terms of employment with the

4 Class by posting IWC Wage Orders on the job site which enumerated specific obligations of the

5 employer with regard to working conditions required by state law, and in particular with regard to:

6 the payment of minimum wages; payment of reporting time pay; recording keeping requirements;

7 provision of meal periods; provision of rest periods; and application of penalties.  The Defendants

8 also communicated a wage and piece rate to employees in a variety of ways including on wage

9 statements.  This wage rate was not complied with  due to the underpayments described in this

10 complaint.  These terms constituted the communicated working arrangement with these employees,

11 which was systemically violated.

12     36.    For each violation of AWPA, each Class Member is  entitled to recover his or her

13 actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

14 **SECOND CLAIM FOR RELIEF**

15 Failure to Pay Wages

16     37.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

17

18     38.    On information and belief, by their intentional policy of:

    a.    requiring employees to work "off the clock" by, for example, arriving early

19     for set up, attending trainings and other meetings, and requiring employees

20     to clean their bandejas (trays) at home without compensation;

21     b.    requiring employees to work at hourly wage or piece rates below minimum

22     wage;

23     c.    requiring employees to report to work and when the employee does report

24     for work, but is not put to work or is furnished less than half said employee's

25     usual or scheduled day's work, paying the employee less than half the usual

26     or scheduled day's work at the employee's regular rate of pay or less than

27     the legal minimum;

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

12

Third Amended Class Action Complaint – Demand for Jury Trial

1    d.    requiring employees to work split shifts without paying employees one

2          hour's pay at the minimum wage for each workday they work a split shift;

3    e.    requiring employees to work without being provided a minimum ten (10) -

4          minute rest period for every four (4) hours or major fraction thereof worked

5          and not being compensated one (1) hour of pay at the employee's regular

6          rate of compensation for each workday that a rest period was not provided;

7          and

8    f.    requiring employees to work in excess of five (5) hours per day without

9          being provided a meal period and not being compensated one (1) hour of

10         pay at the

11         regular rate (or minimum wage) of compensation for each workday that a

12         meal period was not provided;

13   g.    failing to pay at least two times the minimum wage to employees whom they

14         required to provide and maintain hand tools;

15   h.    failing to provide and maintain tools or equipment required by the

16         Defendants or necessary to the performance of the jobs performed; and

17   i.    requiring employees to purchase tools from the Defendants and/or maintain

18         tools and equipment;

19

20   j.    failing to pay all wages due at employee's voluntary or involuntary

21         termination.

22   Defendants willfully violated the provisions of the Labor Code, other California laws, and IWC

23   Wage Orders.

24         39.    Defendants failed to pay minimum wage "for all hours worked."  In particular,

25   Plaintiffs and the class were forced to work "off the clock" time without compensation by being

26   forced to clock out and return to work through meal periods.

27         40.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

13

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

41.     The applicable minimum wages fixed by the commission for agricultural workers is found in Wage Orders 8-2001, 13-2001 and 14-2001, which state:

4.  Minimum Wages.

(A) Every employer shall pay to each employee wages not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 1, 2001, and not less than six dollars and seventy five cents ($6.75) per hour for all hours worked effective January 1, 2002, except:

(1) LEARNERS: Employees during their first one-hundred and sixty (160) hours of employment in occupations in which they have no previous similar or related experience, may be paid not less than eighty-five (85) per cent of the minimum wage rounded to the nearest nickel.

42.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a) which states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

43.     As described in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

44.     California Labor Code § 1194.2 also provides for the following remedies:

(a) In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

45.     As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2(a).

46.     The above violations constitute predicate acts for a failure to pay wages when due pursuant to AWPA.  Further as violations of the IWC Wage Orders communicated to employees, this cause of action constitutes a violation of the AWPA "working arrangement" provisions.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

### THIRD CLAIM FOR RELIEF

Failure To Pay Reporting Time Wages
(California Labor Code §§1197, 1194(a), 1194.2, IWC Wage Orders and others)

47.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

48.     Defendants failed to pay reporting time wages.  In particular, Plaintiffs and the Class Members were forced to comply with work schedules that required them to report to work and were furnished with less than half said employees' usual or scheduled day's work.

49.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

50.     The applicable split shift minimum wages fixed by the commission for agricultural workers are found in Wage Orders 8-2001(5)(A) and (B), 13-2001(5)(A) and (B), and 14-2001(5)(A) and (B), which state:

> (A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

> (B) If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

51.     The definition of "shift" is defined in Wage Order 14-2001(2)(O), which states:

> "Shift" means designated hours of work by an employee, with a designated beginning time and quitting time.

52.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

53.     As described, in California Labor Code § 1185 and § 1194.2, any such action

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

15

Third Amended Class Action Complaint – Demand for Jury Trial

1    incorporates the applicable wage order of the California Labor Commission.

2        54.    California Labor Code § 1194.2 also provides for the following remedies:

3        In any action under Section 1194 . . . to recover wages because of the payment of a
         wage less than the minimum wage fixed by an order of the commission, an
4        employee shall be entitled to recover liquidated damages in an amount equal to the
         wages unlawfully unpaid and interest thereon.
5

6        55.    As such, Plaintiffs, individually and on behalf of the Class, may bring this action for

7    minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to § 1194(a), and

8    Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages

9    unlawfully unpaid and interest thereon pursuant to California Labor Code § 1194.2.

10       56.    A violation of the reporting time provisions constitutes a failure to pay "wages due"

11   and therefore constitutes an AWPA violation pursuant to California law.  Further, these reporting

12   time provisions were communicated to employees by posting of the IWC Wage Orders on the

13   worksite making the above violations a predicate violation of AWPA's "working arrangement"

14   provision.

15                              **FOURTH CLAIM FOR RELIEF**

16                    Failure to Provide Rest Periods and Meal Periods or Compensation
                          in Lieu Thereof (Lab. Code, §§ 226.7, 512)
17
         57.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.
18
         58.    Plaintiffs allege that the class members worked for periods of more than five hours
19
     without a meal period of 30 minutes and were not provided full statutory ten minute rest periods
20
     while in the employ of Defendants.
21
         59.    California Labor Code § 226.7 states:
22
         (a) No employer shall require any employee to work during any meal or rest period
23       mandated by an applicable order of the Industrial Welfare Commission.
24       (b) If an employer fails to provide an employee a meal period or rest period in
         accordance with an applicable order of the Industrial Welfare Commission, the
25       employer shall pay the employee one additional hour of pay at the employee's
         regular rate of compensation for each work day that the meal or rest period is not
26       provided.
27
         60.    The applicable wage orders issued by the Industrial Welfare Commission state with
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

16

Third Amended Class Action Complaint – Demand for Jury Trial

1   regard to meal periods:

2
> Every employer shall authorize and permit all employees after a work period
3
> of not more than five (5) hours to take a meal period of not less than thirty
> (30) minutes, except that when a work period of not more than six (6) hours
> will complete the day's work, the meal period may be waived by mutual
4
> consent of employer and employee.  Unless the employee is relieved of all
> duty during a 30 minute meal period, the meal period shall be considered an
5
> "on duty" meal period and counted as time worked.  An "on duty" meal
> period shall be permitted only when the nature of the work prevents an
6
> employee from being relieved of all duty and when by written agreement
> between the parties an on-the-job paid meal period is agreed to.

7

8   A similar provision is contained at California Labor Code § 512.

9           61.    The applicable Wage Orders state in regard to breaks:

10
> Every employer shall authorize and permit all employees to take rest periods, which
11
> insofar as practicable shall be in the middle of each work period. The authorized
> rest period time shall be based on the total hours worked daily at the rate of ten (10)
12
> minutes net rest time per four (4) hours or major fraction thereof. However, a rest
> period need not be authorized for employees whose total daily work time is less
13
> than three and one-half (3 1/2) hours.  Authorized rest period time shall be counted
> as hours worked for which there shall be no deduction from wages.

14

15          62.    Therefore, Defendants violated California Labor Code § 226.7 by failing to provide

16  the meal and rest periods mandated by Labor Code § 226.7 and the applicable wage orders, and by

17  failing to provide one hour pay at the employees' regular rate of compensation for each work day

18  that the meal period was not provided and one hour pay at the employees' regular rate of

19  compensation for each work day that the rest period is not provided.

20          63.    On information and belief, Plaintiffs and the Class Members they seek to represent

21  did not voluntarily or willfully waive rest and/or meal periods.  Any express or implied waivers

22  obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily

23  agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.  On

24  information and belief, during the meal and rest period liability period, Defendants did not permit

25  or authorize Plaintiffs and Class Members to take meal and rest periods.

26          64.    By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the

27  Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to

28  calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Class.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

17

65.     As a result of the unlawful acts of Defendant's actions, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

66.     A violation of the rest and meal period provisions of California law constitutes a failure to pay "wages due" and therefore constitutes a predicate AWPA violation.  Further, these rest and meal period provisions were communicated to employees by posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement" provision.

### FIFTH CLAIM FOR RELIEF

#### Failure to Timely Pay Wages Due At Termination (Lab. Code, §§ 201, 202, 203)

67.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

68.     California Labor Code Section 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

69.     California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

70.     As described above, Defendants failed to timely pay Plaintiffs and the Class all of their wages due for work performed and this failure continued through the time in which Plaintiffs and Class Members quit or were discharged from their employment with Defendants.  As a result, Defendants have violated California Labor Codes §§ 201 and 202.

71.     California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

72.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code §17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due pursuant to the timelines provided in those sections.  Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiffs are entitled to 30 days wages which is calculated pursuant to California case law as 30 working days including overtime.

73.     Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, but to date have not received such compensation therefore entitling them to Labor Code § 2 03 penalties.

74.     More than 30 days have passed since affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203. As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain Class Members who are no longer employed by Defendants are entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon and attorneys' fees and costs.

75.  A failure to pay wages when due pursuant to §§201-203 is a predicate violation of AWPA failure to pay wages due by definition.  Further, the requirement of the timely payment of wages was communicated to employees by the posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement" provision.
///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

# SIXTH CLAIM FOR RELIEF

### Knowing and Intentional Failure to Comply With Itemized
### Employee Wage Statement Provisions (Lab. Code §§ 226(b), 1174, 1175)

76.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

77.     California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

> (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . .(5) net wages earned, . . .

78.     Defendants failed to provide "accurate itemized statements" to employees because the wage statements:

> a.     Falsely understated Plaintiffs' and the Class Members' gross wages earned by failing to pay for all hours worked;

> b.     Falsely understated the total hours worked by Plaintiffs and the Class Members by ignoring the total of hours actually worked;

> c.     Falsely understated Plaintiffs' and Class Members' net wages earned by failing to pay for all hours worked;

> d.     Falsely understated Plaintiffs' and Class Members' "number of hours worked at each hourly rate."

79.     California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

20

Third Amended Class Action Complaint – Demand for Jury Trial

80.     In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

81.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are entitled up to $4,000.00 per Class Member.

82.     Many of the above violations also constitute predicate acts for a failure to provide workers with accurate itemized written statements pursuant to AWPA.  In particular, the failure to provide accurate time and wage records pursuant to California Labor Code § 226 also constitutes violations of 29 USC §1831(c) for failure to provide accurate number of hours worked and correct net pay.  Notably, the calculation of net pay and correct number of hours can only be adduced by reference to California law making these claims inextricably intertwined.

83.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

### (Labor Code §§ 2698, *et seq.*) (Labor Code Private Attorneys General Act)

84.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

85.     Plaintiffs submit this ThirdAmended Complaint to include allegations pursuant to Labor Code §§ 2699 *et seq*. (The Private Attorney General Act).  Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, a plaintiff may as a matter of right

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

21

Third Amended Class Action Complaint – Demand for Jury Trial

1  amend an existing complaint to add a cause of action arising under §§ 2699 *et seq*.

2      86.    Plaintiffs are aggrieved employees as defined in Labor Code §2699(a).  They bring

3  this cause on behalf of themselves and other current or former employees affected by the labor law

4  violations alleged in this complaint.

5      87.    Labor Code § 2699(f) provides:

6        For all provisions of this code except those for which a civil penalty is
      specifically provided, there is established a civil penalty for a violation of
7        these provisions, as follows: . . . (2) If, at the time of the alleged violation,
      the person employs one or more employees, the civil penalty is one hundred
8        dollars ($100) for each aggrieved employee per pay period for the initial
      violation and two hundred dollars ($200) for each aggrieved employee per
9        pay period for each subsequent violation.

10

11      88.    To the extent that any violation alleged herein does not carry penalties under Labor

Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for Plaintiffs and
12
each class member for each pay period in which he or she was aggrieved, in the amounts
13
established by Labor Code § 2699(f).
14
    89.    The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been
15
satisfied by written notice by certified mail to Defendants and to the Labor and Workforce
16
Development Agency of the Labor Code and IWC Wage Order violations averred herein.  The
17
Agency notified Plaintiffs that it would not investigate these violations.
18
    90.    Plaintiffs seek penalties on behalf of themselves, other aggrieved employees, and
19
the State, as provided by Labor Code § 2699(i).
20
    91.    Defendants are liable to Plaintiffs, Class Members, and the State for the civil
21
penalties set forth in this Third Amended Complaint, with interest thereon.  Plaintiffs are also
22
entitled to an award of attorneys' fees and costs as set forth below.
23
    92.    Most of the predicate act violations which serve as the basis for this California
24
Labor Code Private Attorney General Act claim (rest and meal period violations, reporting time
25
violations, minimum wage and unpaid "off-the-clock") relate to the non-payment of wages or
26
violations of the IWC Wage Orders that were posted at the worksite.  As such, these claims also
27
constitute predicate violations of the payment of wages when due and "working arrangement"
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

1    provisions of AWPA.

2        93.    Plaintiffs, on behalf of themselves and similarly situated employees and former

3    employees of Defendants, request relief as described below.

4                              **EIGHTH CLAIM FOR RELIEF**

5                                   Breach of Contract

6        94.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

7        95.    The Defendants entered into employment contracts with the Plaintiffs and the Class

8    whereby Defendants would pay hourly rates of pay.  Evidence of this hourly rate is contained on

9    the wage statements for employees as required by California Labor Code § 226.  Pursuant to

10   California Labor Code § 223, "[w]here any statute or contract requires an employer to maintain the

11   designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay

12   the wage designated by statute or by contract."  Pursuant to California Labor Code § 225, a

13   violation of Labor Code § 223 constitutes an misdemeanor.  Pursuant to California Labor Code

14   § 206.5, any release required or executed regarding these wages is null and void and would

15   constitute a misdemeanor if imposed by Defendants.  Further, all applicable sections of the

16   California Labor Code and IWC Wage Orders are incorporated into said employment contracts

17   with Plaintiffs and the Class by operation of law.  The IWC Wage Orders were posted at the job

18   site and were therefore communicated to employees as part of their "working arrangement" with

19   Defendant.

20       96.    The Defendants breached the contracts of employment into which they entered with

21   the Plaintiffs and the Class by failing to comply with the promised terms and conditions of

22   employment.

23       97.    The Plaintiffs and the Class were at all times ready, willing, and able to, and did in

24   fact, comply with the terms of the employment contract.

25       98.    As a direct consequence of Defendants' breach of the employment contract,

26   Plaintiffs and the Class suffered substantial injury.

27       99.    The predicate act violations which serve as the basis for this Contract claim (rest

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

1   and meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock")

2   relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the

3   worksite.  As such, these claims also constitute predicate violations of the payment of wages when

4   due and "working arrangement" provisions of AWPA.

5        100.   As a result, the Defendants are therefore liable to the Plaintiffs and the Class for

6   actual, incidental, and consequential damages.

### NINTH  CLAIM FOR RELIEF

<u>Violation of Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*)</u>

101.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

102.   As described above, Defendants have violated the following California laws:

    a.   violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

    b.   violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

    c.   violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

    d.   violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

    e.

    f.   violation of California Labor Code § 223 (relating to the failure to pay contractual wages);

    g.   violation of California Labor Code § 226 (relating to providing correct wage statements and keeping correct records);

    h.   violation of California Labor Code § 226.7 (relating to the failure to ensure proper meal periods and rest breaks);

    i.   violation of California Labor Code § 512 (relating to the failure to ensure proper meal periods)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

j.   violation of California Labor Code §§ 1182.11, 1197 and the applicable Wage

Order (constituting the lawful minimum wage and payment of double minimum

wage if employees are required to supply their own tools);

k.   violation of California Labor Code § 2802 (reimbursement for employer-

required tools).

l.   violation of the Agricultural Workers Protection Act.

103.   Defendants' activities also constitute unfair business practices in violation of Cal.

Bus. & Prof. Code §§ 17200 *et seq*., because Defendant's practices violate the above noted laws,

and/or violate an established public policy and/or the practice is immoral, unethical, oppressive,

unscrupulous and substantially injurious to Plaintiffs, the public, and the Class.

104.   Plaintiffs and Class Members are entitled to injunctive and other equitable relief

against such unlawful practices in order to prevent future damage, for which there is no adequate

remedy at law, and to avoid a multiplicity of lawsuits.

105.   As a result of their unlawful acts, Defendants have reaped and continue to reap

unfair benefits and unlawful profits at the expense of Plaintiffs, and the Class they seek to

represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten

gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld

wages pursuant to Business and Professions Code § 17203.  Plaintiffs are informed and believe,

and thereon allege, that Defendants are unjustly enriched through their requiring employees to

suffer Defendants' failure to pay legal wages, and/or other compensation for working through meal

periods, and compensation for unprovided rest periods to Plaintiffs and members of the Plaintiff

Class.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the

Plaintiff Class are prejudiced by Defendants' unfair trade practices.

106.   As a direct and proximate result of the unfair business practices of Defendants, and

each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled

to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which

have been unlawfully withheld from Plaintiffs and Class Members as a result of the business acts

and practices described herein and enjoining Defendants to cease and desist from engaging in the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

25

Third Amended Class Action Complaint – Demand for Jury Trial

1   practices described herein.

2       107.    The unlawful conduct alleged herein is continuing, and there is no indication that

3   Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are

4   not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require

5   Defendants' non-exempt employees to work "off the clock" without compensation, will continue

6   to require non-exempt employees to work during meal periods, will continue to fail to provide rest

7   periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to

8   avoid paying appropriate taxes, insurance, and unemployment withholdings.

9       108.    Plaintiffs further request that the Court issue a preliminary and permanent

10  injunction prohibiting Defendants from requiring Plaintiffs and the Class they seek to represent to

11  work "off the clock" without compensation, prohibiting other wrongful conduct which is the

12  subject of this Complaint and which may later be discovered in the course of litigation, enjoining

13  Defendants from forbidding employees to leave the workplace during meal periods, and from

14  continuing to fail to provide rest periods and meal periods or provide appropriate compensation in

15  lieu thereof.

16      109.    The predicate act violations which serve as the basis for this UCL claim (rest and

17  meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock")

18  relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the

19  worksite.  As such, these claims also constitute predicate violations of the payment of wages when

20  due and "working arrangement" provisions of AWPA.

21      110.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

22  described herein and below.

## PRAYER

23      WHEREFORE, Plaintiffs pray for judgment as follows:

24

25      1.      That the Court determine that this action may be maintained as a class action or

26  actions;

27      2.      For compensatory damages in an amount according to proof with interest thereon;

28      3.      For economic and/or special damages in an amount according to proof with interest

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

thereon;

4.      For a declaratory judgment that each of the Defendants violated the Plaintiffs' and Class Members' rights under AWPA, 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

5.      Award each Plaintiff and proposed Class Member statutory damages or, in the alternative, actual damages for Defendants' violations of AWPA;

6.      That each of the Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq.*;

7.      That each of the Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

8.      That each of the Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

9.      For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the Federal AWPA;

10.      That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11.      For premium wages pursuant to Labor Code §§ 226 and 226.7;

12.      For unpaid wages pursuant to California Labor Code §1194 and liquidated damages pursuant to Labor Code §1194.2;

13.      For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2699(a) and 2699(f);

14.      An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.6, 226, 1194, 2699(g), 2802 and/or other applicable law; and

15.      For the greater of actual or statutory damages of $500 for each Plaintiff pursuant to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Third Amended Class Action Complaint – Demand for Jury Trial

1    AWPA;

2           16.    For actual, incidental, and consequential damages for breach of contract;

3           17.    For such other and further relief as the Court deems just and proper.

4

5                          **DEMAND FOR JURY TRIAL**

6           Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

7    Dated:  May 29, 2008
                                         LAW OFFICES OF MALLISON & MARTINEZ
8

9                                        By:   /s/Stan S. Mallison
                                               Stan S. Mallison
10                                             Hector R. Martinez
                                               Attorneys for Plaintiffs
11
                                         WEINBERG, ROGER & ROSENFELD
12                                       A Professional Corporation

13
                                         By:   /s/Christian L. Raisner
14                                             Christian L. Raisner
                                               Attorneys for Plaintiffs
15
                                         MILBERG WEISS BERSHAD & SCHULMAN LLP
16                                       A Professional Corporation

17
                                         By:   /s/Jeff S. Westerman
18                                             Jeff S. Westerman
                                               Attorneys for Plaintiffs
19   111393/493483

20

21

22

23

24

25

26

27

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

28

Third Amended Class Action Complaint – Demand for Jury Trial

1

## PROOF OF SERVICE

2      I am a citizen of the United States, and a resident of the State of California.  I am over the

3  age of eighteen years, and not a party to the within action.  My business address is 1001 Marina

4  Village Parkway, Suite 200, Alameda, California 94501-1091.  On May 29, 2008, I served upon

5  the following parties in this action:

6  **VIA U.S. MAIL**                         **VIA U.S. MAIL**
   Ronald H. Barsamian                       Marion I. Quesenbery
7  Barsamian Saqui and Moody                 Rynn & Janowsky, LLP
   1141 West Shaw Avenue, Suite 104          P.O. Box 20799
8  Fresno, CA 93711-3704                     Oakland, CA 94620
   for *Defendant D.M. Camp & Sons*          for *Castlerock Farming and Transport, Inc.*
9
   **VIA U.S. MAIL**                         **VIA U.S. MAIL**
10 Joseph Edward Herman                      Joseph C. Markowitz
   Law Office of Joseph Herman               Law Office of Joseph C. Markowitz
11 114 S. Rossmore Avenue                    444 S. Flower Street, Suite 1750
   Los Angeles, CA 90004                     Los Angeles, CA 90071
12 for *Giumarra Vineyard Corporation*       for *Giumarra Vineyard Corporation*

13 **VIA U.S. MAIL**                         **VIA U.S. MAIL**
   William L. Alexander                      Brendan Dolan
14 Amy Johnson Barks                         Morgan, Lewis & Bockius LLP
   Alexander & Associates, PLC               One Market Spear Street Tower
15 2020 Eye Street, Suite 201                San Francisco, CA 94105
   Bakersfield, CA 93301                     *for Defendants Mark Zaninovich, Inc.; and*
16 for *El Rancho Farms*                     *Sunview Vineyards of California, Inc.*

17 **VIA U.S. MAIL**                         **VIA OVERNIGHT MAIL**
   David A. Dixon
18 Hogan & Klingenberger P.C.                Judge's Chamber copy to:
   5060 California Avenue, Suite 620
19 Bakersfield, CA 93309                     Honorable Anthony W. Ishii
   for *Stevco, Inc.*; and *FAL, Inc.*       U.S. District Court
20                                           2500 Tulare Street
                                             Fresno, CA 93721
21

22 copies of the document(s) described as:

23     **THIRD AMENDED CLASS ACTION COMPLAINT – DEMAND FOR JURY
       TRIAL**

24 **[X]    BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope,
           addressed as indicated herein, and caused each such envelope, with postage thereon fully
25         prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar
           with the practice of Weinberg, Roger & Rosenfeld for collection and processing of
26         correspondence for mailing, said practice being that in the ordinary course of business, mail
           is deposited in the United States Postal Service the same day as it is placed for collection.
27

28 **[X]    BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed
           herein in a sealed envelope, addressed as indicated herein, and placed the same for
           collection by Overnight Delivery Service by following the ordinary business practices of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1   Weinberg, Roger & Rosenfeld, Alameda, California. I am readily familiar with the practice
    of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery
2   Service correspondence, said practice being that in the ordinary course of business,
    Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service
3   offices for next day delivery the same day as Overnight Delivery Service correspondence is
    placed for collection.
4
    I certify that the above is true and correct. Executed at Alameda, California, on May 29,
5
    2008.
6
                                        *Karen Scott*
7                                       Karen Scott
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001